FILED

2008 JAN 15 P 2:05

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
SJ
99

ADR

1  Deborah E. Johnson
   P.O.Box 4448
2  Carmel, California 93921-4448
   Telephone: 831-622-0132
3  Gerald D. Johnson (Pro Se, filing party)
   P.O.Box 4448
4  Carmel, California 93921-4448
   Telephone: 831-622-0132
5  E-mail: aprgdj@cs.com
6  Plaintiffs

United States District Court
North District Of California
San Jose Division

C08 00264 PVT

Case No. _____

**Complaint**

Deborah E. Johnson and Gerald D. Johnson,
                                    Plaintiffs,
vs.
First Federal Bank Of California     Defendant.

1.  **Jurisdiction.** This Court has jurisdiction because the Defendant have violated Ownership and Equity Protection Act (HOEPA), Truth and Lending Act (TILA) a "Predatory Lending" violations inregard to the Plaintiffs primary residence, 2nd of Dolores Street, which is located in the City of Carmel in Monterey Count

2.  **Venue.** Venue is appropriate in this Court because subject prope  this district, Plaintiffs were contacted by an agent working on behalf o  in this district, documents presented to Plaintiffs were presented or  this venue and the damages to Plaintiffs financial status, caused

1

being handled within this district's Bankruptcy Court.

3.  Intradistrict Assignment. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events, actions and damages which give rise to this lawsuit occurred in Monterey County.

4.  (Plaintiffs) Gerald D. Johnson and Deborah E. Johnson were contacted in March of 2005 by an agent on behalf of (Defendant) First Federal Bank of California to refinance their first mortgage on their primary residence located at 2nd Avenue 2NE od Dolores Street in Carmel California. Plaintiffs will prove with escrow closing documents & instructions, loan documents, mortgage statements, faxed & written communications that Defendant engaged in "Predatory Lending" practices to deliberately lend to Plaintiffs who could never meet the terms of their loan, thus leading to default, seizure of collateral, and foreclosure. Defendant qualified Plaintiff, Deborah E. Johnson, for the loan based on whether Plaintiffs could make the minimum payment only. Plaintiffs unknownly and without proper disclosure were placed in a loan with a high prepay penalty, payments that required twice the amount of their scheduled payments to pay just the interest due monthly and Defendant required Plaintiffs to convert over $48,000.00 in unsecured debt to secured debt to receive what Plaintiffs were told would be a mortgage with a 5.7% interest rate fixed for 3 years.

5.  Plaintiffs will prove that Defendant's erroneous communications to potential lenders, willing to refinance Plaintiffs' loan, hendered the process thereby preventing Plaintiffs from refinancing.

6.  Defendant's actions have caused Plaintiffs extreme financial hardship, Plaintiffs' primary residence is in foreclosure, Plaintiffs have filed bankruptcy and Plaintiffs' financial condition prevents Plaintiffs from obtaining legal representation in Bankruptcy Court or Civil Court for this lawsuit.

7. Plaintiffs ask the Court for relief in the form of monetary compensation for damages suffered, allow Plaintiff to sell or refinance their primary residence to prevent foreclosure and further damage to Plaintiffs credit report and all additional relief to which Plaintiffs are entitled.

Dated: 01-15-2008

_____  Plaintiff
Deborah E. Johnson

_____  Plaintiff
Gerald D. Johnson

3

Complaint

Deborah E. Johnson
P.O. Box 4448
Carmel, California 93921-4448
Telephone: 831-622-0132

Gerald D. Johnson (Pro Se, filing party)
P.O. Box 4448
Carmel, California 93921-4448
Telephone: 831-622-0132
E-mail: aprgdj@cs.com

Plaintiffs

FILED
2008 JAN 15 P 2:06
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid

United States District Court

North District Of California

San Jose Division   C 08  00264 PVT

| Deborah E. Johnson and Gerald D. Johnson, | Case No._____ |
|---|---|
| Plaintiffs, | **Complaint** |
| vs. | |
| First Federal Bank Of California | |
| Defendant. | |

1.   Jurisdiction. This Court has jurisdiction because the Defendant have violated the Home Ownership and Equity Protection Act (HOEPA), Truth and Lending Act (TILA) among other "Predatory Lending" violations inregard to the Plaintiffs primary residence, 2nd Avenue 2NE of Dolores Street, which is located in the City of Carmel in Monterey County.

2.   Venue. Venue is appropriate in this Court because subject property is located within this district, Plaintiffs were contacted by an agent working on behalf of Defendant while residing in this district, documents presented to Plaintiffs were presented or delivered to Plaintiffs within this venue and the damages to Plaintiffs financial status, caused by the Defendant's actions, are

1                                                                                           Complaint

1  being handled within this district's Bankruptcy Court.

2  3.     Intradistrict Assignment. This lawsuit should be assigned to the San Jose Division of this
3  Court because a substantial part of the events, actions and damages which give rise to this lawsuit
4  occurred in Monterey County.

5  4.     (Plaintiffs) Gerald D. Johnson and Deborah E. Johnson were contacted in March of 2005
6  by an agent on behalf of (Defendant) First Federal Bank of California to refinance their first
7  mortgage on their primary residence located at 2nd Avenue 2NE od Dolores Street in Carmel
8  California. Plaintiffs will prove with escrow closing documents & instructions, loan documents,
9  mortgage statements, faxed & written communications that Defendant engaged in "Predatory
10 Lending" practices to deliberately lend to Plaintiffs who could never meet the terms of their loan,
11 thus leading to default, seizure of collateral, and foreclosure. Defendant qualified Plaintiff,
12 Deborah E. Johnson, for the loan based on whether Plaintiffs could make the minimum payment
13 only. Plaintiffs unknownly and without proper disclosure were placed in a loan with a high prepay
14 penalty, payments that required twice the amount of their scheduled payments to pay just the
15 interest due monthly and Defendant required Plaintiffs to convert over $48,000.00 in unsecured
16 debt to secured debt to receive what Plaintiffs were told would be a mortgage with a 5.7%
17 interest rate fixed for 3 years.

18 5.     Plaintiffs will prove that Defendant's erroneous communications to potential lenders,
19 willing to refinance Plaintiffs' loan, hendered the process thereby preventing Plaintiffs from
20 refinancing.

21 6.     Defendant's actions have caused Plaintiffs extreme financial hardship, Plaintiffs' primary
22 residence is in foreclosure, Plaintiffs have filed bankruptcy and Plaintiffs' financial condition
23 prevents Plaintiffs from obtaining legal representation in Bankruptcy Court or Civil Court for this
24 lawsuit.

7.  Plaintiffs ask the Court for relief in the form of monetary compensation for damages suffered, allow Plaintiff to sell or refinance their primary residence to prevent foreclosure and further damage to Plaintiffs credit report and all additional relief to which Plaintiffs are entitled.

Dated: 01-15-2008

_____  Plaintiff
Deborah E. Johnson

_____  Plaintiff
Gerald D. Johnson