1  PAMELA L. COX (State Bar No. 191883)
   **HEMAR, ROUSSO & HEALD, LLP**
2  15910 Ventura Boulevard, 12th Floor
   Encino, California 91436
3  (818) 501-3800; (818) 501-2985 (Fax)
   e-mail: pcox@hemar-rousso.com
4  Refer to File Number: 3968-20080200-PLC

5  Attorneys for Defendant
   FIRST FEDERAL BANK OF CALIFORNIA
6

7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 DEBORAH E. JOHNSON and          CASE NO. C08-00264PVT
   GERALD D. JOHNSON,
12                                 NOTICE OF MOTION AND MOTION
                                   TO DISMISS PLAINTIFFS'
13              Plaintiffs,        COMPLAINT FOR LACK OF
                                   SUBJECT MATTER JURISDICTION
14      v.                         AND FAILURE TO STATE A CLAIM
                                   UPON WHICH RELIEF CAN BE
15 FIRST FEDERAL BANK OF           GRANTED; MEMORANDUM OF
   CALIFORNIA,                     POINTS AND AUTHORITIES AND
16                                 REQUEST FOR JUDICIAL NOTICE IN
                                   SUPPORT THEREOF
17
                                   Hearing:
18                                 Date : March 4, 2008
                Defendant.         Time: 10:00 a.m.
19                                 Courtroom: 5

20                                 Patricia V. Trumbell, Magistrate

21     **TO THIS HONORABLE COURT AND PLAINTIFFS, DEBORAH E.**

22 **JOHNSON AND GERALD D. JOHNSON:**

23     **PLEASE TAKE NOTICE THAT** on March 4, 2008, at 10:00 a.m. or as soon

24 thereafter as the matter may be heard in the above-entitled Court, located at 280 South

25 First Street, San Jose, California 95113, Defendant FIRST FEDERAL BANK OF

26 CALIFORNIA (hereinafter "FIRST FEDERAL") will and hereby does move this Court to

27 dismiss the Complaint filed by Plaintiffs DEBORAH E. JOHNSON and GERALD D.

28 JOHNSON (hereinafter referred to collectively as "Plaintiffs") in the instant action, with

                                   1

1  prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because

2  Plaintiffs lack standing to bring the claims, and the claims are barred by the one year

3  statute of limitations set forth in 15 U.S.C. §1640(e).

4       This Motion is based on this Notice of Motion and Motion, the Memorandum of

5  Points and Authorities and Request for Judicial Notice filed herewith and any further

6  evidence, oral or documentary, which may be presented at the hearing on this Motion.

7

8  DATED: January 28, 2008              HEMAR, ROUSSO & HEALD, LLP

9

10                                      By: _Pamela L Cox_

11                                      PAMELA L. COX
                                        Attorneys for Defendant
12                                      FIRST FEDERAL BANK OF CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    The Allegations of the Complaint**

In their Complaint, Plaintiffs DEBORAH JOHNSON and GERALD JOHNSON ("Plaintiffs") allege that Defendant FIRST FEDERAL BANK OF CALIFORNIA (hereinafter the "Bank" or "Defendant") violated the Home Ownership and Equity Protection Act ("HOEPA") and Truth in Lending Act ("TILA") in connection with the loan (the "Loan") secured by Plaintiffs' primary residence (the "Real Property"). (Complaint, ¶1). In the very next paragraph, Plaintiffs allege that their "damages . . . are being handled within this district's Bankruptcy Court." (Complaint, ¶2).

The Plaintiffs further allege in a summary fashion that the escrow documents, loan documents and correspondence related to their loan (which closed in May of 2005) with Defendant will show that "Defendant engaged in 'Predatory Lending' practices." (Complaint, ¶4). Plaintiffs contend that these lending practices consisted of qualifying Plaintiff Deborah E. Johnson for a loan upon which she could only make the minimum payment, failing to disclose a high pre-payment penalty, and requiring Plaintiffs to convert unsecured debt to secured debt to receive a mortgage with a fixed interest rate of 5.7% for three years. *See id.*

Plaintiffs conclude their complaint by contending that the Defendant's actions have caused them damages, and request that the court award monetary compensation, as well as allow Plaintiffs to sell or refinance their primary residence to avoid foreclosure. (Complaint, ¶¶6, 7).

**B.    Deborah E. Johnson's Related Bankruptcy Filing**

The loan secured by real property which is the subject of the instant action is currently the subject of Deborah E. Johnson's bankruptcy case. (See Request for Judicial Notice). Ms. Johnson filed her Chapter 13 proceeding on November 7, 2007 at case number 07-53614. In her schedules, Ms. Johnson listed the Real Property as an asset, and

1  the debt to Defendant as a liability.  However, she did not list any claim against the Bank

2  as an asset of the bankruptcy estate.  Further, she did not list Gerald Johnson as a co-

3  debtor on her debt to the Bank.

4          Gerald Johnson did not file for bankruptcy protection.

5          In her proposed Chapter 13 Plan, Ms. Johnson indicated that she wanted to pay

6  $3,361.26 per month to Defendant directly as a mortgage payment.

7          On January 4, 2008, the bankruptcy court entered an order and notice dismissing

8  the Chapter 13 case due to Ms. Johnson's failure to comply with the Court's November 8,

9  2007 order.  Nevertheless, on January 11, 2008, Ms. Johnson filed a motion to convert the

10  case to Chapter 7.

11          On January 16, 2008, Defendant, as creditor in the bankruptcy action, filed a

12  Motion for Relief from the Automatic Stay.  (See Request for Judicial Notice, Exhibit 5).

13  This motion, which is set for hearing on February 6, 2008, seeks an order from the

14  bankruptcy court lifting the automatic stay and allowing the Bank to proceed with

15  foreclosure on the Real Property.  A true and correct copy of the Note Secured by Deed of

16  Trust (Adjustable Interest Rate Loan - CODI Index) and Non-Construction Deed of Trust

17  and Assignment of Rents Adjustable Interest Rate Loan are attached as Exhibits 1 and 2

18  to the Motion for Relief from Automatic Stay.

19          To date, Ms. Johnson's bankruptcy case is still open.

20  **C.      Grounds for Dismissing Complaint**

21          The Plaintiffs' complaint is flawed as a matter of law and cannot be amended in

22  any way to afford relief for the following reasons:

23          1.      Documents of which this court can take judicial notice show that Gerald

24  Johnson was not a party to the Loan and therefore does not have standing to bring the

25  instant claim against the Bank.

26          2.      As clearly set forth in the allegations of the Complaint, and in documents

27  of which this court can take judicial notice, Deborah Johnson is currently in bankruptcy,

28  and therefore does not have standing to bring the instant claim against the Bank, as the

4

1   claim belongs to the bankruptcy estate and must be brought by the bankruptcy trustee.

2          3.      Plaintiffs' alleged claims are barred by the one year statute of limitations

3   set forth in 15 U.S.C. §1640(e).

4                                      **II.**

5                              **LEGAL ARGUMENT**

6          Federal Rule of Civil Procedure 12(b) states, in relevant part, as follows:

7          Every defense to a claim for relief in any pleading must be asserted in the
           responsive pleading if one is required.  But a party may assert the following
8          defenses by motion: (1) lack of subject matter jurisdiction; . . . (6) failure to state
           a claim upon which relief can be granted . . . . . A motion asserting any of these
9          defenses must be made before pleading if a responsive pleading is allowed.

10         Federal Rule of Civil Procedure 12(d) states that:

11         If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
           presented to and not excluded by the court, the motion must be treated as one for
12         summary judgment under Rule 56.  All parties must be given a reasonable
           opportunity to present all material that is pertinent to the motion.
13

14         Pursuant to FRCP 12(b)(6), a motion to dismiss as presented here is proper

15   when the challenged pleading suffers either from "a lack of cognizable legal theory" or

16   "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

17   *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1990).  As to the relevant burden of

18   proof, in deciding a motion to dismiss based upon FRCP 12(b)(6), because the court must

19   take all of the allegations of the pleading as true, a claim should not be dismissed unless it

20   appears beyond a doubt that plaintiff cannot prove any set of facts in support of the claim

21   entitling plaintiff to the relief requested.  *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2

22   L.Ed.2d 80 (1957).

23         "However, the court is not required to accept legal conclusions cast in the form

24   of factual allegations if those conclusions cannot reasonably be drawn from the facts

25   alleged. " *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  In the

26   case at bar, Plaintiff's have summarily invoked the HOEPA and TILA without attaching

27   any loan documents, or even alleging that they were both borrowers of the Defendant

28   Bank.

1    When looking at the Plaintiffs' allegations against the standards set forth above,
2    it becomes apparent that the Complaint is threadbare, defective on its face and easily
3    refuted by documents of which this Court can take judicial notice.

4    **A. SINCE PLAINTIFF GERALD JOHNSON WAS NOT A BORROWER**
5    **ON THE SUBJECT LOAN, HE LACKS STANDING TO MAINTAIN A CLAIM**
6    **AGAINST THE DEFENDANT.**

7    In order to establish standing, a plaintiff must show that (1) he suffered an injury
8    in fact; (2) he can trace the injury to the conduct of the defendant; and (3) the court can
9    redress the injury to him by a favorable decision. *Skaff v. Meridien North America*
10   *Beverly Hills , LLC* 506 F.3d 832 (C.A.9.Cal., 2007) citing U.S.C.A. Const. Art. 3, §2,
11   cl.1.   Further, standing is an aspect of subject matter jurisdiction. *Edwards v. First*
12   *American Corp.*, 517 F.Supp.2d 1199 (C.D.Cal. 2007).  If a party lacks standing, the court
13   does not have jurisdiction as to that party. *Levina v. San Luis Coastal Unified School*
14   *Dist.*, 2007 WL 455045 (C.A.9., Cal. 2007).

15   In the instant matter, the Plaintiffs' complaint attempts to allege jurisdiction by
16   asserting that the Defendant violated the Truth in Lending Act ("TILA") and Home
17   Ownership and Equity Protection Act ("HOEPA") "in regard to the Plaintiffs [sic]
18   primary residence."

19   However, the TILA, as amended by the HOEPA (the "Acts"), applies to
20   "consumers," which is defined by the Acts as "the party to whom credit is offered or
21   extended." 15 U.S.C. 1602(h).  Further, the Acts impose certain disclosure requirements
22   to the "person who is obligated on . . . a consumer credit transaction . . ." and "to whom
23   credit is extended." 15 U.S.C. §§ 1631 & 1635(f).   In the transaction at issue, Gerald
24   Johnson is not a "consumer" under the Acts.

25   According to the plain allegations of the Complaint, Gerald Johnson did not
26   borrow any funds from Defendant Bank. (See Complaint, ¶4 (stating "Defendant
27   qualified Plaintiff, Deborah E. Johnson, for the loan . . . .").  Further, in her bankruptcy
28   schedules, of which this Court can take Judicial Notice, Ms. Johnson lists her debt with

1    the Bank as a liability, but admits by omission that Gerald Johnson was not a co-debtor on

2    the loan. (See Req. For Jud. Ntc., Exhibit 1). In addition, the Note and Deed of Trust

3    which are the subject of the Plaintiffs' complaint in this action clearly show that Ms.

4    Johnson was the only borrower, and Gerald Johnson was not a co-borrower on the

5    relevant loan. (See Req. for Jud. Ntc., Exhibit 5 and exhibits "1" and "2" attached

6    thereto).

7        Thus, Plaintiff, Gerald Johnson, is not a "consumer" as defined by the TILA and

8    HOEPA. Defendant did not extend credit to Mr. Johnson, and he therefore could not have

9    suffered an injury as a result of any alleged "predatory lending" violations on the part of

10    the Defendant.

11        Consequently, as Plaintiff Gerald Johnson did not suffer an injury traceable to

12    the alleged conduct of the Defendant, and lacks standing to assert a claim against the

13    Defendant for violations of the TILA and HOEPA, the Court should grant Defendant's

14    Motion to Dismiss the Complaint filed by Plaintiff Gerald Johnson under FRCP 12(b)(1)

15    and 12(b)(6).

16        **B.  PLAINTIFF DEBORAH JOHNSON LACKS STANDING TO**

17    **MAINTAIN A CLAIM AGAINST THE DEFENDANT BECAUSE SHE IS**

18    **CURRENTLY IN BANKRUPTCY AND HER CLAIM BELONGS TO THE**

19    **BANKRUPTCY ESTATE**

20        In the Complaint, Plaintiffs allege that "the damages to Plaintiffs' financial

21    status, caused by the Defendant's actions, are being handled within this district's

22    Bankruptcy Court." (Complaint, ¶2). *See also* Complaint, ¶6. The Court is further

23    requested to take judicial notice that Plaintiff Deborah Johnson, only, filed for bankruptcy

24    protection at Case Number 07-53614. (Req. for Jud. Not., Exh 1).

25        It is a fundamental rule of law that once an individual files for bankruptcy, her

26    property becomes the property of the bankruptcy estate. 11 U.S.C. §541(a). This includes

27    all legal or equitable interests of a debtor in property, "a phrase which has been

28    interpreted to include causes of action." *Sierra Switchboard Co. v. Westinghouse Elec.*

1  *Corp.*, 789 F.2d 705, 707 (9th Cir. 1986). A bankrupt debtor's TILA claims, which

2  existed pre-petition, are property of the bankruptcy estate. *Guerpo v. Amresco Residential*

3  *Mortgage Corp.*, 13 Fed.Appx. 649, 2001 WL 777470 (9th Cir. Hawaii); *Rowland v.*

4  *Novus Financial Corp.* 949 F.Supp. 1447, 1453. Further, a debtor lacks standing to assert

5  a claim that belongs to the bankruptcy estate unless she can show that the claim is exempt

6  from the bankruptcy estate or the bankruptcy trustee has assigned or abandoned the claim.

7  *See id.*

8       In *Wherry v. All California Funding*, 2006 WL 2038495 (N.D. Cal.), a case

9  glaringly similar to the case at bar, the plaintiff sought damages and an injunction from

10 the court preventing the defendant from foreclosing on her property based on allegations

11 that the defendant violated the TILA and HOEPA by failing to provide her with the

12 required disclosures on the loan, and including a high pre-payment penalty.  *Id.* at *1.

13 The defendant in that case argued, *inter alia*, that because the property at issue was the

14 subject of a motion for relief from stay pending in the bankruptcy court, the bankruptcy

15 court had exclusive jurisdiction. *Id.* The court agreed and dismissed the plaintiff's case.

16 Id. at *2.[1]

17      The *Wherry* court further stated that even if it held that the bankruptcy court did

18 not have exclusive jurisdiction over the property at issue, it would still have dismissed the

19 plaintiff's TILA and HOEPA claims because she failed to demonstrate that those statutes

20 applied to her loan with the defendant.  *Id.*  She failed to attached the note and deed of

21 trust to her complaint, so the court could not determine if the proper disclosures were

22 made by the defendant or not.  *Id.*

23      Applying the facts and law of the *Wherry* case to the case at bar should yield the

24 identical result.  In the instant case, Plaintiff Deborah Johnson has filed for bankruptcy,

25 and her motion to convert to Chapter 7, as well as Defendant's Motion for Relief from

26

27
_____

28      [1] The court went on the state that its dismissal of the action was further bolstered by the
"first to first rule," which allows a district court to dismiss an action when a similar complaint
involving the same issues has already been filed in another federal court, including a
bankruptcy court. *Id.* at *2, fn3.

1  Stay are currently pending in that court. *See id.* and Request for Judicial Notice, Exhibits

2  1, 4 & 5. Accordingly, Plaintiff Deborah Johnson lacks standing to maintain her TILA

3  and HOEPA claims, as these potential claims belong to the bankruptcy estate and at this

4  time, may only be brought by the bankruptcy trustee. *See id.*

5        Further, the merit (or lack thereof) is in itself a reason for this court to dismiss

6  Ms. Johnson's claim, since she failed to attach the relevant note and deed of Trust to her

7  complaint, and the court cannot make a determination as to whether there were any

8  violations of the subject Acts by the Defendant. *See id.*

9        Consequently, this Court has ample cause to dismiss Ms. Johnson's complaint

10  with prejudice pursuant to FRCP 12(b)(1) and 12(b)(6) and is respectfully requested to do

11  so.

12      **C. THE PLAINTIFFS' CLAIMS FOR DAMAGES UNDER HOEPA AND**

13  **TILA ARE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS**

14        In their Complaint, Plaintiffs' allege that they were contacted by an agent of the

15  Defendant in "March 2005" to enter into the subject loan. Further, the Note and Deed of

16  Trust attached as Exhibits "1" and "2" to the Motion for Relief from Stay filed by

17  Defendant as secured creditor in Ms. Johnson's bankruptcy show that the loan at issue

18  was made on May 5, 2005. (See Req. for Jud. Ntc., Exhibit "5" and exhibits "1" and "2"

19  attached thereto.) Thus, the loan at issue closed on or about May 5, 2005, and the

20  disclosures at issue were made prior to the May 5, 2005 date.

21        An action for damages under HOEPA or TILA must be brought within one year

22  of the violation. *See* 15 U.S.C. §1640(e); 12 C.F.R. §226.23; *In re Community Bank of*

23  *Northern Virginia*, 418 F.3d 277, 305 (3d Cir. 2005); *McMaster v. The CIT*

24  *Group/Consumer Finance, Inc.*, 2006 WL 1314379, at *4 (E.D. Pa May 11, 2006).

25  Further, the violation occurs when the consumer becomes contractually obligated on the

26  credit transaction. *McMaster*, 2006 WL 131479, at *4. Thus, the one year statute of

27  limitations begins to run on the date the loan closes. *Barbera v. WMC Mortgage Corp.*,

28  2006 WL 167632 (N.D. Cal.).

1    In the instant case, the Plaintiff's loan with Defendant closed on or before May

2    5, 2005. The instant action for damages under the TILA and HOEPA was not

3    commenced until January 15, 2008, well over one year from the loan closing date.

4    Accordingly, Plaintiffs' claim is barred by the statute of limitations and should be

5    dismissed by the court with prejudice pursuant to FRCP 12(b)(6).

6                                     **III.**

7                              **CONCLUSION**

8    Based on the foregoing, Defendant FIRST FEDERAL BANK OF CALIFORNIA

9    respectfully requests that the Court grant its Motion to Dismiss for lack of subject matter

10   jurisdiction and failure to state a claim upon which relief can be granted, without leave to

11   amend, as the Complaint is fatally defective and cannot be corrected.

12   In the alternative, Defendant FIRST FEDERAL BANK OF CALIFORNIA

13   requests that the Court consider the above motion as a Motion for Summary Judgment

14   under FRCP 56 in light of the evidence submitted outside the four corners of the

15   Complaint, and enter summary judgment in favor of Defendant.

16   Finally, Defendant requests any further relief which this Court deems

17   appropriate.

18   DATED: January 28 2008            HEMAR, ROUSSO & HEALD, LLP

19

20

21                                    By:___*Pamela L Cox*___

22                                    PAMELA L. COX
                                      Attorneys for Defendant
23                                    FIRST FEDERAL BANK OF
                                      CALIFORNIA

24

25

26

27

28

PROOF OF SERVICE

1

2   STATE OF CALIFORNIA              )
                                    )
3   COUNTY OF LOS ANGELES           )

4          I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald,
5   LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

6          I am readily familiar with the business's practice for collection and processing of
correspondence for mailing with the United States Postal Service; such correspondence would be
7   deposited with the United States Postal Service the same day of deposit in the ordinary course of
business.

8
           On January 2Ꝗ, 2008, I served the foregoing document described as **NOTICE OF
9   MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT
MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
10  BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR
JUDICIAL NOTICE IN SUPPORT THEREOF** on the interested parties in this action by placing
11  a true and correct copy thereof in a sealed envelope addressed as follows:

12  **DEBORAH E. JOHNSON**
    PO Box 4448
13  Carmel, CA 93921-4448

14  **GERALD D. JOHNSON (Pro Se, Filing Party)**
    PO Box 4448
15  Carmel, CA 93921-4448

16
    XX    At my business address, I placed such envelope for deposit with the ___Federal Express
17  or XX U.S. Postal Office by placing them for collection and mailing on that date following
ordinary business practices.

18
___    I delivered such envelope(s) by hand to the offices of the addressees.
19
___    I caused such copies to be facsimiled to the persons set forth.
20
    XX    (State) I declare under penalty of perjury under the laws of the State of California that the
21  foregoing is true and correct.

22  ___    (Federal) I declare under penalty of perjury under the laws of the United States of
America that I am employed in the office of a member of the bar of this court at whose
23  direction the service was made.

24
    Executed on January 2Ꝗ, 2008 at Encino, California.
25

26

27

28                                     SANAZ ADNANI

                                         1
                              PROOF OF SERVICE