1    PAMELA L. COX (State Bar No. 191883)
     **HEMAR, ROUSSO & HEALD, LLP**
2    15910 Ventura Boulevard, 12th Floor
     Encino, California 91436
3    (818) 501-3800; (818) 501-2985 (Fax)
     e-mail: pcox@hemar-rousso.com
4    Refer to File Number: 3968-20080200-PLC

5    Attorneys for Defendant
     FIRST FEDERAL BANK OF CALIFORNIA

6

7

8               IN THE UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11    DEBORAH E. JOHNSON and        CASE NO. C08-00264PVT
     GERALD D. JOHNSON,
12                      DEFENDANT'S REPLY TO
                           OPPOSITION TO MOTION TO
13             Plaintiffs,         DISMISS COMPLAINT;
                           MEMORANDUM OF POINTS AND
14          v.                  AUTHORITIES AND DECLARATION
                           OF CAROL BAXTER IN SUPPORT
15    FIRST FEDERAL BANK OF         THEREOF
     CALIFORNIA,
16                        Hearing:
                           Date : March 4, 2008
17                        Time: 10:00 a.m.
                           Courtroom: 5
18
            Defendant.         Patricia V. Trumbell, Magistrate
19

20    —————————————————————

21         Defendant and moving party FIRST FEDERAL BANK OF CALIFORNIA

22    (hereinafter "Defendant" or First Federal Bank") hereby respectfully submits its

23    memorandum of points and authorities in support of its Reply to the Opposition to Motion

24    to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to

25    State a Claim Upon Which Relief can be Granted (the "Motion to Dismiss").

26         Since the time Defendant initially filed its Motion to Dismiss, the bankruptcy

27    case of Deborah Johnson was closed. Accordingly, Defendant's argument that the instant

28    claim belongs to the bankruptcy trustee is now moot.

1    However, the Motion to Dismiss should still be granted because:

2    1.    Gerald Johnson by his own admission lacks standing to assert the instant

3    claim;

4    2.    The Plaintiffs' claims are barred by the one year statute of limitations set

5    forth in the Truth In Lending Act and Home Ownership Equity Protection Act;

6    3.    There were no Truth in Lending Act violations; and

7    4.    Plaintiffs' eleventh hour RICO allegations (which are not set forth

8    in the Complaint) are completely without merit.

9    I.

10    **PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS WAS NOT**

11    **TIMELY FILED**

12    Under the Local Rule 7.3, any Opposition to a motion must be filed and served

13    at least 21 days prior to the hearing date.  In the instant case, Plaintiffs' opposition to the

14    Motion to Dismiss was required to be filed and served by February 12, 2008.  However,

15    Plaintiffs did not file their Opposition until February 19, 2008.  Further, since the

16    Opposition was served on February 19, 2008 by first class mail, and was not e-filed with

17    the court, Defendant did not receive the Opposition until February 21, 2008.

18    Defendant has attempted to prepare and file a Reply to the Opposition as quickly

19    as possible, so that the Court has the opportunity to review it prior to the March 4, 2008

20    hearing date.  However, as Plaintiffs' Opposition was late, Defendant requests that the

21    court disregard the Plaintiffs' untimely filed papers.

22    II.

23    **PLAINTIFF GERALD JOHNSON ADMITS IN THE OPPOSITION THAT HE**

24    **WAS NOT A PARTY TO THE LOAN TRANSACTION AT ISSUE; THUS, HE**

25    **LACKS STANDING TO ASSERT THE INSTANT COMPLAINT**

26    In the first point set forth in the Plaintiffs' Opposition, Plaintiff Gerald Johnson

27    admits to the Court that he was not a borrower on the subject loan transaction, allegedly

28    because he had poor credit.  (Plaintiffs then curiously admit to fraud by stating that the

1   income of $27,500.00 set forth on the loan application attached as Exhibit "D" to the

2   Opposition was "inflated.")

3          Nevertheless, since by his own admission, Plaintiff Gerald Johnson was not a

4   borrower or consumer on the loan transaction which is the subject of the instant case, he

5   lacks standing to maintain his claim against First Federal Bank for violations of the Truth

6   in Lending Act ("TILA") and Home Ownership Equity Protection Act ("HOEPA").

7          Consequently, Defendant's Motion to Dismiss Complaint for Lack of Subject

8   Matter Jurisdiction as to Plaintiff Gerald Johnson should be granted without leave to

9   amend.

10                                         **III.**

11   **THE ONE YEAR STATUTE OF LIMITATIONS CONTAINED IN THE TILA**

12          **AND HOEPA GOVERNS THE INSTANT DISPUTE**

13          In their Opposition, Plaintiffs admit that the alleged violations of the TILA and

14   HOEPA occurred in May, 2005.  They then try to extend the one year statute of

15   limitations by arguing that the commencement of foreclosure efforts on July 7, 2007

16   somehow created a second violation because the security instrument was "obtained

17   through fraud."  They cite the Rackateer Influenced and Corrupt Organizations Act

18   (RICO) to support their eleventh hour argument.

19          The Ninth Circuit examined this very issue and argument in *Walker v.*

20   *Washington Mutual Bank*, 2003 WL 1875536 (C.A.9 (Cal.).  In the *Walker* case, the

21   plaintiff appealed a decision by the district court, which held that the one year statute of

22   limitations barred her TILA claim.    The Ninth Circuit Court upheld the District Court's

23   ruling and stated,

24          Walker borrowed $340,000.00 and read and signed the loan documents in May
            1994 but did not bring this action until December 2001, more than seven years
25          later.  Moreover, Walker was aware that the loan was negatively amortizing in
            July 1994.  Nothing prevented Walker from comparing the loan documents and
26          TILA's statutory and regulatory requirements.  Thus the statute of limitations
            bars her TILA claim.
27

28          Similarly, in the instant case, Plaintiff Deborah Johnson read and signed the loan

1  documents in May of 2005.  Nothing done by First Federal Bank prevented her from

2  reading the documents and comparing the TILA disclosure statement provided to her with

3  the statutory and regulatory requirements.

4       Thus, her claim is barred by the one year statute of limitations contained in 15

5  U.S.C. §1640(e).

6       In addition, the foreclosure proceedings commenced by First Federal Bank in

7  July of 2007 do not toll the statute of limitations, because they are not based on a

8  "fraudulently obtained" security instrument.  To the contrary, First Federal Bank provided

9  all of the disclosures required under the TILA.

10       Although Plaintiffs attach closing documents, escrow instructions and appraisals

11  to their opposition papers, glaringly absent from the Complaint and opposition are copies

12  of the Truth-In-Lending Disclosure Statement, Adjustable Rate Mortgage Disclosure

13  Statement and Notice of Right To Cancel, which were read and signed by the Plaintiff on

14  May 5, 2005.  This is likely because such documents will demonstrate to the court that

15  there were no TILA violations in connection with this loan transaction.  Attached hereto

16  as Exhibit "1" and incorporated herein by reference are true and correct copies of these

17  documents.

18       In their Complaint, the Plaintiffs allege that First Federal Bank violated the

19  TILA and HOEPA by (1) failing to disclose a high pre-payment penalty; (2) requiring

20  payments that were "twice the amount of their regularly scheduled payments to pay the

21  monthly interest due;" and (3) requiring Plaintiffs to convert $48,000.00 in unsecured

22  debt to secured debt.

23       However, the Truth-In-Lending Disclosure Statement signed by the Plaintiff on

24  May 5, 2005, states, "[i]f you pay off your loan early, you may have to pay a penalty."

25  Further, the Prepayment Charge Rider to Note Secured by Deed of Trust contained in

26  Exhibit "1" to Exhibit "5" to Defendant's Request for Judicial Notice (which was signed

27  by the Plaintiff on May 5, 2005) sets forth the prepayment penalties.

28       Further, the Truth-In-Lending Disclosure Statement signed by the Plaintiff on

4

1    May 5, 2005 sets forth the monthly payments required, as does the Note attached as

2    Exhibit "1" to Exhibit "5" to Defendant's Request for Judicial Notice.

3            In addition, in their Opposition, Plaintiffs admit that they knew it was a

4    condition to the funding of their loan that they decrease their outstanding credit card debt.

5    This condition was disclosed to Plaintiff Deborah Johnson prior to closing, and she agreed

6    to this condition in order to receive the loan.  (See Exhibit "B" to Plaintiffs' Opposition.)

7            Consequently, there were no violations of the TILA on the part of First Federal

8    Bank.

9                                                    **IV.**

10   **SINCE FIRST FEDERAL BANK DID NOT VIOLATE THE TILA, PLAINTIFFS**

11                   **CANNOT STATE A CLAIM UNDER RICO**

12           In a desperate attempt to keep their Complaint alive, Plaintiffs throw a number

13   of references to RICO into their Opposition to Defendant's Motion to Dismiss.  There

14   were no references to RICO in the Complaint.

15           Further, in order to state a claim under RICO, the Plaintiffs must be able to plead

16   and prove (1) the existence of an enterprise affecting interstate commerce; (2) that

17   Defendant was associated with or employed by the enterprise; (3) the Defendant

18   participated in the conduct of the affairs of the enterprise; (4) that Defendant participated

19   in a pattern of racketeering which included at least two predicate acts; and (5) actual

20   injury to the business or property of Plaintiffs.  *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985)

21   473 U.S. 479, 496, 105 S.Ct. 3275, 3285; *Gervase v. Sup. Ct. (Prudential Securities,*

22   *Inc.),* (1995) 31 Cal. App. 4th 1218, 1230-32, 37 Cal.Rptr.2d 875, 883-884.  Plaintiffs'

23   Complaint does not contain any such allegations against First Federal Bank.

24           In addition, the *Walker* case holds that where a plaintiff's claims for wrongful

25   foreclosure and RICO violations are based on alleged TILA violations, and there are no

26   TILA violations, such plaintiff cannot maintain a RICO cause of action.  *Walker v*

27   *Washington Mutual Bank* 2003 WL 1875536 (C.A.9 (Cal.).

28           Consequently, as there are no TILA violations and no RICO violations in the

                                                    5

1  case at bar, Defendant's Motion to Dismiss should be granted.

2  **V.**

3  **CONCLUSION**

4  Based on the foregoing, Defendant FIRST FEDERAL BANK OF CALIFORNIA

5  respectfully requests that the Court grant its Motion to Dismiss for lack of subject matter

6  jurisdiction and failure to state a claim upon which relief can be granted, without leave to

7  amend, as the Complaint is fatally defective and cannot be corrected.

8  In the alternative, Defendant FIRST FEDERAL BANK OF CALIFORNIA

9  requests that the Court consider the above motion as a Motion for Summary Judgment

10  under FRCP 56 in light of the evidence submitted outside the four corners of the

11  Complaint, and enter summary judgment in favor of Defendant.

12  Finally, Defendant requests any further relief which this Court deems

13  appropriate.

14  DATED: February 22, 2008          HEMAR, ROUSSO & HEALD, LLP

15

16  By: _Pamela Cox_

17  PAMELA L. COX
   Attorneys for Defendant

18  FIRST FEDERAL BANK OF
   CALIFORNIA

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CAROL BAXTER IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COMPLAINT

I, CAROL A. BAXTER, hereby declare as follows:

1.      I am employed by First Federal Bank of California (hereinafter, "Movant" or "Defendant") as its Senior Vice President, Loan Service Department. I am a custodian of the books, records and files of Movant, as those records pertain to loans or extensions of credit by Movant to Deborah Elizabeth Johnson (hereinafter, "Respondent"). I have personally worked on said records, and as to the facts contained herein, I know them to be true of my own personal knowledge or I have gained knowledge of them from the records of Movant which are prepared and maintained in the ordinary course of its business, at or near the time of the acts or occurrences depicted or represented by such records.   If called upon as a witness, I could and would competently testify to the fact contained herein, as I have personal knowledge thereof.

2.      The records of Respondent are made in the ordinary course of Movant's business by persons with a business duty to Movant to make such records. The records were made at or near the time of the occurrence of the event which they purport to memorialize.

3.      Movant's records are kept on a computer system and organized by account number, including records of all contacts made by entities or individuals involved in a particular loan transaction.  Similarly, a record of all payments received by Movant are input into Movant's computer system indicating the date on which the payment was received, its application to an outstanding loan, the balance remaining due and owing after application of such proceeds, and whether a late charge is applicable based upon the date the payment was made.

4.      Movant's books and records for Respondent's accounts herein were kept in the manner described above.

5.      Among the assets which purportedly are part of the Respondent's estate is certain real property commonly known as 2nd Avenue 2NE of Dolores Street,

1 Carmel, California 93921 (hereinafter, "Property").

2       6.     On May 5, 2005, among other document, Respondent executed and

3 delivered to Movant a Truth-In-Lending Disclosure Statement, a RESPA Servicing

4 Disclosure, an Adjustable Rate Mortgage ("ARM") Disclosure Statement and a Notice of

5 Right to Cancel (hereinafter collectively as the "TILA Disclosure Documents"). True and

6 correct copies of these Truth-In-Lending Disclosure Documents are attached hereto as

7 Exhibit "1" and incorporated herein by this reference as though set forth in full.

8       I declare under penalty of perjury under the laws of the United States of

9 America that the foregoing is true and correct.

10       Executed on February 25, 2008, at Santa Monica, California.

11

12

13                         CAROL A. BAXTER

14                         Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:
First Federal Bank of California
6053 W. Century Blvd St 400 4th Floor
Los Angeles, CA 90045
BORROWERS: Deborah E. Johnson

☐ Preliminary  ☒ Final
DATE: 05/05/2005
App #: 12345937169
Type of Loan: CONVENTIONAL
Initial Interest Rate: 5.796%
Margin: 3.800%

ADDRESS: 2nd Ave 2 NE of Dolores Street
CITY/STATE/ZIP: Carmel, CA 93921
PROPERTY: 2nd Ave 2 NE of Dolores Street  Carmel CA 93921

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.815 % | $ 1,032,330.31 | $ 834,454.47 | $ 1,866,784.78 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 12 | 83,169.20 | 07/01/2006 | | | |
| 12 | 83,665.26 | 07/01/2007 | | | |
| 12 | 84,331.04 | 07/01/2008 | | | |
| 1 | 85,483.28 | 06/01/2035 | | | |

The payment schedule and annual percentage rate disclosed here are estimated, assuming that the current index rate will not increase nor decrease throughout the loan term.
All dates and numerical disclosures except the late payment disclosed are estimates. Variable rate disclosures have been received.

DEMAND FEATURE: ☒ This loan does not have a Demand Feature.  ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 2nd Ave 2 NE of Dolores Street Carmel CA 93921

ASSUMPTION: Someone buying this property ☐ cannot assume the remaining balance due under original mortgage terms.
☒ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 60.00

PROPERTY INSURANCE: ☒ Property hazard insurance in the amount of $ 840,000.00 with a mortgagee clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of N/A for a year term.
LATE CHARGES: If your payment is more than ___ days late, a late charge of ___ % of the ___ will be assessed.

PREPAYMENT: If you pay off your loan early, you
☒ may ☐ will not have to pay a penalty.
☐ may ☒ will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Deborah E. J_____  By _Deborah E. J____, as her attorney
Deborah E. Johnson    BORROWER/DATE in fact
5-5-05

BORROWER/DATE

BORROWER/DATE

BORROWER/DATE

12345937169    49792970
-788 (0412)    VMP Mortgage Solutions, Inc. (800)521-7291    Page 1 of 2    12/04
©2005 CSF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States.




## DEFINITION OF TRUTH-IN-LENDING TERMS

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

-789 (0412)                              Page 2 of 2                              Initials

# RESPA SERVICING DISCLOSURE

12345937169

Lender: **First Federal Bank of California**
6053 W. Century Blvd. St 400 4th Floor Los Angeles CA 90045

**NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.**

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2601 et seq.) you have certain rights under that Federal law.

This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer. The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, and the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, if a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights, *whether or not your loan servicing is transferred*. If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimates**

1. The following is the best estimate of what will happen to the servicing of your mortgage loan:

[x] We may assign, sell or transfer the servicing of your loan while the loan is outstanding. [x] We are able to service your loan and we ☐ will ☐ will not [x] haven't decided whether to service your loan.

OR

☐ We do not service mortgage loans, ☐ and we have not serviced mortgage loans in the past three years.
☐ We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.
☐ We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan and other factors. For the program you have applied for, we expect to:

☐ sell all of the mortgage servicing        ☐ retain all of the mortgage servicing
☐ assign, sell or transfer _____ % of the mortgage servicing

2. For all the first lien mortgage loans that we make in the 12-month period after your mortgage loan is funded, we estimate that the percentage of mortgage loans for which we will transfer servicing is between:

__x__ (0 to 25%) or (NONE) _____ 26 to 50% _____ 51 to 75% _____ (76 to 100%) or (ALL)

This estimate ☐ does [x] does not include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3. [x] We have previously assigned, sold or transferred the servicing of federally related mortgage loans.

OR

☐ This is our record of transferring the servicing of the first lien mortgage loans we have made in the past:

| Year | Percentage of Loans Transferred  (Rounded to nearest quartile - 0%, 25%, 50%, 75%, or 100%) |
|------|----------------------------------------------------------------------------------------------|
| _____ | _____ % |
| _____ | _____ % |
| _____ | _____ % |

This information ☐ does ☐ does not include assignments, sales or transfers to affiliates or subsidiaries.

**First Federal Bank of CA**

May 5, 2005
_____
Date                                                    Present Servicer or Lender

**ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT**

I/We have read this disclosure form and understand its contents, as evidenced by my/our signature(s) below. I/We understand that this acknowledgment is a required part of the mortgage loan application.

_Deborah E. Johnson_                    _By_____                          as her attorney
_____              _____                    in fact            5-5-05
Applicant  **Deborah E. Johnson**        Date        Applicant                              Date

_____              _____                    _____
Applicant                    Date        Applicant                              Date

552R (0005).01                          VMP MORTGAGE FORMS - (800)521-7291                    12/84

**FIRST FEDERAL BANK** of California

## Program CODI-1
### Adjustable Rate Mortgage ("ARM") Disclosure Statement
(1-4 Residential, borrower-occupied; effective 10-15-04)
Disclosure Required By Federal Law

This disclosure describes the features of this Bank's Program CODI-1 ARM loan you are considering. Information on other ARM loan programs offered by the Bank is available on request. Adjustable rate loan features are generally described in the booklet, CONSUMER HANDBOOK ON ADJUSTABLE RATE MORTGAGES, which has been provided to you. This disclosure does not constitute a contract or a commitment to lend. Only your promissory note, security instrument and other documents will establish your rights under the loan.

### How Your Interest Rate and Payment are Determined.
> Your interest rate will be based on an index rate plus a margin. This rate will change every month. This is the rate at which your loan interest will accrue.
> Your initial monthly payment will be based on a payment rate (which is independent of the interest rate), the loan balance and the loan term.
> The initial payment will be less than that necessary to fully repay your loan within its term. If any payment is not sufficient to cover the interest due, the difference will be added to your loan amount, and will be charged interest at the rate called for in your note. You may voluntarily pay additional amounts to cover any shortfall. Ask us about this procedure.
>Your interest rate will be based on our margin plus the index. The index is determined by the Bank based upon the average of the last twelve calendar months' most recently published monthly yields on dealer offering rates on nationally traded three-month certificates of deposit. The Bank will calculate the average by adding the twelve most recently published yields together and dividing the result by twelve, rounded to the nearest one-thousandth of one percentage point (0.001%). The most recent index figure available as of the date 15 days before each Interest Change Date is the "Current Index." Ask us for our current interest rate and margin.
>Information on such monthly yields on three-month certificate of deposit rates is published by the Federal Reserve Board.
> Your interest rate each month will equal the index plus our margin unless your interest rate "cap" limits the amount of change in the interest rate.

### How Your Interest Rate Can Change.
> Your interest rate can change monthly.
> Your interest rate cannot increase above a range of 9.95% to 13.95%. Ask us for the specific interest rate "cap" applicable to the borrower-occupied home loan you are applying for.
> Your interest rate cannot be less than a range of 2.60% to 5.99%. Ask us for the specific interest rate "floor" applicable to the home loan you are applying for.

### How Your Monthly Payment Can Change.
> Your payment can change annually based on monthly changes in the interest rate, the loan balance and the then remaining term.
> If any payment is not sufficient to cover the interest due, the difference will be added to your loan amount, and will be charged interest at the rate called for in your note. This is called "negative amortization."
>Your payment cannot increase more than 7.5% of the amount of the prior year's monthly payment except:

(1) on each fifth anniversary of your loan, or (2) in the event your loan balance exceeds 125% (or 110% if your original loan-to-value ratio is greater than 80%) of its original principal balance.

In either of the above events monthly payments will be adjusted (upward or downward), without limitation, to an amount which would fully amortize your loan within its then remaining term based on the unpaid balance and the interest rate at that time.

> For example, on a $10,000, 30-year loan with an interest rate of 3.877% (the current Index of 1.277% plus a margin of 2.60%), an initial monthly payment rate of 1.95% and a maximum loan balance of 125% of its original balance, the maximum amount that the interest rate can rise under this program is 9.95% to 13.95%. The monthly payment can rise from an initial first year payment of $36.71 to a maximum of $150.04 in the 61st month, and the loan balance can increase to a maximum of $12,503.92 in the 60th month. To see what your initial payments would be, divide your mortgage amount by $10,000; then multiply $36.71 by that number. For example, $60,000 divided by $10,000 = 6; 6 x $36.71 = $220.26 per month.

> You will be notified in writing at least 25, but no more than 120 days before the due date of a payment at a new level. This notice will contain information about your interest rates, payment amount and loan balance.
> You will be notified in writing at least once each year during which interest rate adjustments, but no payment adjustments, have been made to your loan. This notice will contain information about your interest rates, payment amount and loan balance.

**THIS DISCLOSURE STATEMENT IS FOR YOUR INFORMATION ONLY. IT IS NOT AN APPROVAL OF ANY LOAN APPLICATION YOU HAVE MADE OR A PROMISE TO MAKE YOU A LOAN**

PROCODI1/Rev 10-15-04

ALAIN PINEL ANNEX    Fax:831-622-1559         May 8 '05   19:06   P.01



# ALAIN PINEL
### REALTORS

# FAX

DATE: **5-8-2005**    ATTENTION: THERESA NIGRO  OLD REPUBLIC TITLE CO.
Tom KRONLAGE  FIRST FED. BANK OF CA.

FROM: GERALD JOHNSON

FAX TO NUMBER: 310-260-4053
925-447-8247

NO. OF PAGES INCLUDING COVER PAGE: **2**

To WHOM IT MAY CONCERN,

ATTACHED YOU WILL HAVE MY SIGNED
RECISSION OF THE "NOTICE OF RIGHT TO
CANCEL" WHICH WAS FAXED TO YOU ON
5-6-2005, FOR LOAN NUMBER 49792970.
WE HAVE DECIDED TO PROCEED WITH THE CLOSING
OF THE LOAN AND ESCROW ON THE PREVIOUS
TERMS. IF YOU HAVE ANY QUESTIONS PLEASE
CALL ME. I WILL DISCUSS SOME CORRECTIONS
TO THE CLOSING STATEMENT'S FIGURES ON
MONDAY 5-9-2005.

GERALD JOHNSON
831-915-8339

## Alain Pinel Realtors
**Purveyors of Distinctive Properties and Estates**
Junipero Between 5th & 6th
P.O. Box 7249
Carmel, CA 93921    Phone (831) 622-1040    West Wing Fax (831) 622-1559

May 06 05 09:51a      DEBORAH E. JOHNSON        831-626-5960              p.2

## NOTICE OF RIGHT TO CANCEL

DATE May 5, 2005
LOAN NO. 49792970
TYPE CONVENTIONAL

LENDER: First Federal Bank of California

BORROWERS/OWNERS Deborah E. Johnson

ADDRESS        2nd Ave 2 NE of Dolores Street
CITY/STATE/ZIP Carmel, CA 93921
PROPERTY       2nd Ave 2 NE of Dolores Street, Carmel, CA 93921

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)  The date of the transaction, which is May 5, 2005
or
(2)  The date you received your Truth in Lending disclosures;
or
(3)  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

First Federal Bank of California
6053 W. Century Blvd. St 400 4th Floor Los Angeles CA 90045

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of
(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_Deborah E. Johnson, By Gerald S. John for her as attorney in fact_            5-5-05
SIGNATURE                                                                    DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Deborah E. Johnson, By Gerald S. John for her as attorney in fact._
BORROWER/OWNER Deborah E. Johnson     DATE    BORROWER/OWNER                    DATE
                                     5-5-05

BORROWER/OWNER                        DATE    BORROWER/OWNER                    DATE

12345937169                                                                  49792970

VMP -64 (0305).01              VMP Mortgage Solutions (800)521-7291          10/00

ALAIN PINEL ANNEX        Fax:831-622-1559          May  8 '05   19:06    P.02

## NOTICE OF RIGHT TO CANCEL



DATE **May 5, 2005**
LOAN NO.  **49792970**
TYPE  **CONVENTIONAL**

LENDER: **First Federal Bank of California**

BORROWERS/OWNERS **Deborah E. Johnson**

ADDRESS     **2nd Ave 2 NE of Dolores Street**
CITY/STATE/ZIP **Carmel, CA 93921**
PROPERTY    **2nd Ave 2 NE of Dolores Street, Carmel, CA 93921**

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

    (1)   The date of the transaction, which is **May 5, 2005**
           or
    (2)   The date you received your Truth in Lending disclosures;
           or
    (3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**First Federal Bank of California**
**6053 W. Century Blvd. St 400 4th Floor Los Angeles CA 90045**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_Deborah E. Johnson_  _By Gerald Johnson for her as attorney in fact_  **5-5-05**
SIGNATURE                                                          DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Deborah E. Johnson_, _By Gerald Johnson for her as attorney in fact._
BORROWER/OWNER **Deborah E. Johnson**         DATE    BORROWER/OWNER                          DATE
                                    **5-5-05**

BORROWER/OWNER                      DATE         BORROWER/OWNER                                DATE

12345037169                                                           49792970

VMP -64 (0308).01              VMP Mortgage Solutions (800)521-7291              10/00

FIRST FEDERAL BANK OF CALIFORNIA
6053 WEST CENTURY BLVD, SUITE 400
LOS ANGELES CA 90045
310-665-2345
FAX 310-260-4081

**Darlene Phung**
**dphung@firstfedca.com**

# FUNDING CONDITIONS!!!

DATE: 5/11/05

REGARDING: 2ND Ave. NE of Deloris          Loan#: 49792970

CLIENT: GERALD JOHNSON                      FAX#: (831) 626-5960

BROKER: Sandy / Brian                       FAX#: (925) 294-9630

THE FOLLOWING CONDITIONS ARE OUTSTANDING AND MUST BE
**SATISFIED BY 3:30 THE DAY PRIOR TO FUNDING. WE DO NOT DO SAME
DAY FUNDING!!!**

Dear Mr. Gerald Johnson,

Please overnight the last conditions needed prior to funding, **which is the
voided Notice of Right to Cancel that was signed in error.** Thank you
for your assistance.

Kind Regards,

Darlene Phung

## NOTICE OF RIGHT TO CANCEL

DATE: May 5, 2005
LOAN NO. 49792970
TYPE CONVENTIONAL

LENDER: First Federal Bank of California

BORROWERS/OWNERS Deborah E. Johnson

ADDRESS       2nd Ave 2 NE of Dolores Street
CITY/STATE/ZIP Carmel, CA 93921
PROPERTY      2nd Ave 2 NE of Dolores Street, Carmel, CA 93921

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)    The date of the transaction, which is May 5, 2005
       or
(2)    The date you received your Truth in Lending disclosures;
       or
(3)    The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

First Federal Bank of California
6053 W. Century Blvd. St 400 4th Floor Los Angeles CA 90045

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _May 9, 200 5 CFTC_, (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____          _____
SIGNATURE                                                 DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.       _5-5-05_, By _____, as her

_____        _____        attorney in fact.        _____
BORROWER/OWNER Deborah E. Johnson      DATE          BORROWER/OWNER                              DATE

_____        _____        _____        _____
BORROWER/OWNER                         DATE          BORROWER/OWNER                              DATE

12345937169                                                                                      49792970

VMP -64 (0305).01                      VMP Mortgage Solutions (800)521-7281                       10/00

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

      I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

      On February 25, 2008, I served the foregoing document described as **DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF CAROL BAXTER IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**DEBORAH E. JOHNSON**
**PO Box 4448**
**Carmel, CA 93921-4448**

**GERALD D. JOHNSON (Pro Se, Filing Party)**
**PO Box 4448**
**Carmel, CA 93921-4448**

<u>XX</u>   At my business address, I placed such envelope for deposit with the___Federal Express or <u>XX</u>   U.S. Postal Office by placing them for collection and mailing on that date following ordinary business practices.

___   I delivered such envelope(s) by hand to the offices of the addressees.

___   I caused such copies to be facsimiled to the persons set forth.

<u>XX</u>   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___   (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 25, 2008 at Encino, California.

SANAZ ADNANI

1

PROOF OF SERVICE

1 PAMELA L. COX (State Bar No. 191883)
  **HEMAR, ROUSSO & HEALD, LLP**
2 15910 Ventura Boulevard, 12th Floor
  Encino, California 91436
3 (818) 501-3800; (818) 501-2985 (Fax)
  e-mail: pcox@hemar-rousso.com
4 Refer to File Number: 3968-20080200-PLC

5 Attorneys for Defendant
  FIRST FEDERAL BANK OF CALIFORNIA

6

7

8      IN THE UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10

11 DEBORAH E. JOHNSON and    CASE  NO. C08-00264PVT
  GERALD D. JOHNSON,
12              [PROPOSED] ORDER GRANTING
                DEFENDANT'S
13      Plaintiffs,  MOTION TO DISMISS COMPLAINT

14    v.

15 FIRST FEDERAL BANK OF   Hearing:
  CALIFORNIA,       Date : March 4, 2008
16              Time: 10:00 a.m.
              Courtroom: 5
17              Patricia V. Trumbell, Magistrate
18
      Defendant.
19

20 _____

21    PLEASE TAKE NOTICE that on March 4, 2008, at approximately 10:00 a.m. in

22 Courtroom "5" of the above-entitled Court, the Motion to Dismiss Plaintiffs' Complaint

23 for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which

24 Relief Can Be Granted (the "Motion to Dismiss Complaint") of Defendant FIRST

25 FEDERAL BANK OF CALIFORNIA ("Defendant") against Plaintiffs GERALD

26 JOHNSON and DEBORAH JOHNSON ("Plaintiffs") came on for hearing.

27 //

28 //

1    GOOD CAUSE APPEARING THEREFORE:

2    IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Complaint is granted

3 and the Complaint filed by Plaintiffs hereby dismissed with prejudice.

4

5 Dated: _____       _____

6                                 Patricia V. Trumbell, Magistrate

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA           )
                                   )
3    COUNTY OF LOS ANGELES         )

4          I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen and not a party to the within action.  My business address is Hemar, Rousso & Heald,
5    LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA  91436.

6          I am readily familiar with the business's practice for collection and processing of
correspondence for mailing with the United States Postal Service; such correspondence would be
7    deposited with the United States Postal Service the same day of deposit in the ordinary course of
business.

8
           On February 25, 2008, I served the foregoing document described as **[PROPOSED]**
9    **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT** on the
interested parties in this action by placing a true and correct copy thereof in a sealed envelope
10   addressed as follows:

11   **DEBORAH E. JOHNSON**
     **PO Box 4448**
12   **Carmel, CA 93921-4448**

13   **GERALD D. JOHNSON (Pro Se, Filing Party)**
     **PO Box 4448**
14   **Carmel, CA 93921-4448**

15
     <u>XX</u>    At my business address, I placed such envelope for deposit with the__Federal Express or
16   <u>XX__</u>   U.S. Postal Office  by placing them for collection and mailing on that date following
ordinary business practices.

17
     ____   I delivered such envelope(s) by hand to the offices of the addressees.
18
     ____   I caused such copies to be facsimiled to the persons set forth.
19
     <u>XX</u>   (State)  I declare under penalty of perjury under the laws of the State of California that the
20          foregoing is true and correct.

21   ____   (Federal) I declare under penalty of perjury under the laws of the United States of
            America that I am employed in the office of a member of the bar of this court at whose
22          direction the service was made.

23
           Executed on February 25, 2008 at Encino, California.
24

25

26

27                                SANAZ ADNANI

28

                                         1
     ─────────────────────────────────────────────
                          PROOF OF SERVICE