UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH E. JOHNSON AND GERALD D. JOHNSON,<br><br>               Plaintiffs,<br>   v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>              Defendant. | Case No.: C 08-00264 PVT<br><br>**ORDER GRANTING DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

**INTRODUCTION**

    Defendant First Federal Bank of California moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiffs Deborah E. Johnson and Gerald D. Johnson oppose the motion. (collectively "plaintiffs"). On March 4, 2008, the parties appeared for hearing. Having reviewed the papers and considered the arguments of plaintiffs and defendant's counsel and for the reasons set forth below, defendant's motion to dismiss is granted with leave to amend.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**BACKGROUND**

Plaintiffs Deborah E. Johnson and Gerald D. Johnson are married and have resided at 2nd Avenue 2NE of Dolores Street in Carmel By the Sea, California ("residence"). Plaintiffs estimate the residence has a current market value of approximately $1.3 million.

In or around March 2005, an agent on behalf of defendant First Federal Bank of California ("Bank") contacted plaintiffs and encouraged them to refinance the first mortgage on their residence. Only plaintiff Deborah Johnson qualified for the loan. The loan for an amount totaling $840,000 apparently included onerous terms such as a high pre-payment penalty and high monthly payments (without any payment toward the principal). Plaintiffs believed that the interest rate for the mortgage would remain fixed at 5.7 percent for three years. Escrow closed on May 5, 2005. Based on the actual loan and other accompanying documents, plaintiffs allege that defendant Bank engaged in predatory lending practices knowing that plaintiffs could never meet their obligations under the loan. Plaintiffs have been unable to re-finance the loan and now face foreclosure of their residence.

Plaintiff Deborah Johnson filed an individual chapter 13 bankruptcy petition on November 7, 2007. In the various schedules, the residence was identified as an asset of the estate and the loan from the bank was identified as a liability. Gerald Johnson was not identified as a co-debtor on the loan whatsoever. On January 11, 2008, Deborah Johnson sought to convert her chapter 13 case to a chapter 7 case. On January 16, 2008, defendant Bank filed a motion for relief from the automatic stay to allow the bank to proceed with foreclosure of the residence. The bankruptcy case has since been dismissed as a result of plaintiff Deborah Johnson's failure to provide proper documentation of her current monthly income. As of the petition date, the unpaid principal owed to defendant Bank totals $962,311.64. A second mortgage on the residence held by National City totals $176,407.64. Defendant Bank estimates that encumbrances on the residence exceed its current market value of $1,050,000.

On January 15, 2008, plaintiffs filed a complaint alleging predatory lending violations, including the Truth in Lending Act ("TILA"), 15 USC section 1601 *et seq.* and the Home Ownership and Equity Protection Act ("HOEPA"). Plaintiffs seek an award of damages and/or the opportunity to sell or to re-finance their home to avoid foreclosure and further impact on their credit

ratings.

On January 28, 2008, defendant Bank filed a motion to dismiss. On February 19, 2008, plaintiffs filed their opposition and on February 25, 2008, defendant filed its reply.[2]

## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990) and *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the allegations in a complaint are taken as true and construed in the light most favorable to the nonmoving party. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). "A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* Generally, a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986). *See also, McGlinchy v. Shell Chem Co.,* 845 F.2d 802, 810 (9th Cir, 1988). The complaint must aver "[f]actual allegations [] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 500 U.S. -, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, a federal court may liberally construe the "inartful pleading" of parties appearing *pro se. Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980).

---

[2] Defendant Bank complains that plaintiffs' opposition was untimely and should not be considered by the court. In part, because the plaintiffs are proceeding *pro se* in the action, the court has considered their opposition to the motion to dismiss.

**DISCUSSION**

**I.     Plaintiff Gerald D. Johnson Lacks Standing to Prosecute the Complaint[3]**

As an initial matter, defendant Bank alleges that Gerald Johnson does not have standing to prosecute the complaint as he was not a party to the loan and is not considered a "consumer" as defined by the applicable statutes.[4]

"'To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Citizens for Better Forestry v. U.S. Dept. of Agriculture,* 341 F.3d 961, 969 (9th Cir. 2003).

In the complaint, plaintiffs allege that only Deborah Johnson qualified for the loan. Additionally, the loan documents state that the only borrower is Deborah E. Johnson.[5] Gerald Johnson only signed certain documents in his capacity "as her attorney in fact." Therefore, the complaint on its face reveals that plaintiff Gerald Johnson lacks the capacity to sue. See, *e.g., De*

---

[3] In the moving papers, defendant Bank had argued that plaintiff Deborah Johnson too, lacked standing because she had had a pending bankruptcy case. Though the bankruptcy case had been dismissed, the bankruptcy case had not been closed. Therefore, defendant Bank had argued that the bankruptcy court had jurisdiction as the residence was listed as an asset in plaintiff Deborah Johnson's schedules accompanying her petition. In the reply, defendant Bank conceded that the bankruptcy case had closed since the initial filing of its moving papers. Accordingly, this argument was moot.

[4] Pursuant to Rules 12(b)(1) and 12(b)(6), defendant Bank moved to dismiss on the grounds that plaintiff Gerald Johnson lacked standing. In the Ninth Circuit, where a complaint on its face reveals that the plaintiff lacks standing, a motion to dismiss for failure to state a claim under Rule 12(b)(6) is proper. *See, e.g., Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 771 (9th Cir. 2006).

[5] Defendant Bank has requested that the court take judicial notice of the loan documents. Previously, the loan documents were attached to defendant Bank's motion for relief from automatic stay which was filed in bankruptcy court.

Under Rule 201 of the Federal Rules of Evidence, the court is authorized to take judicial notice of adjudicative facts that are either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Accordingly, defendant Bank's request for judicial notice is granted.

*Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 878 (9th Cir. 2000). Moreover, under 15 U.S.C.A. § 1602(h), a "consumer" is defined as a natural person to whom credit is offered or extended.

At the hearing, Gerald Johnson alleged that originally he was a party to the loan and at closing, defendant Bank had directed the title company to remove him from the loan as a result of his existing debt. He further alleged that despite his removal from the loan documents and his quitclaim to the residence, his income was included in the various loan documents to gain final approval for the loan. None of these facts have been alleged in the complaint. Therefore, as presently plead, Gerald Johnson has no standing to purse the claims alleged in the complaint. Accordingly, his claims against defendant Bank are dismissed with leave to amend.

## II.     **Plaintiff Deborah Johnson's Claims are Time-Barred**

Defendant Bank further alleges that plaintiffs claims are time-barred by the one year statute of limitations. In the complaint, plaintiff Deborah Johnson alleges violations of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act of 1994 ("HOEPA") and seeks the opportunity to sell or refinance the residence and damages.

Notwithstanding the date of the close of escrow, which occurred on May 5, 2005, plaintiffs argue that defendant Bank committed a second violation when it commenced the foreclosure process on July 7, 2007. Additionally, plaintiffs argue in their opposition that defendant Bank committed certain RICO violations.

A motion to dismiss for failure to state a claim is proper where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). "Civil penalties under TILA and HOEPA are subject to a one-year statute of limitations." *Barbera v. WMC Mortgage Corp., et al.,* Not Reported in F. Supp.2d, 2006 WL 167632 (N.D. Cal.). "'[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.'" *Walker v. Washinton Mutual Bank FA,* 63 Fed. Appx. 316, 317 (9th Cir. 2003)(citing

1  *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986)).

2  Plaintiff Deborah Johnson's loan closed on May 5, 2005.  Plaintiffs filed this action on
3  January 15, 2008, over two and a one-half years later.  At the hearing, Mr. Johnson argued that
4  defendant Bank directed the title company to engage in certain irregularities with respect to the
5  paperwork.  Based on his arguments however, it also appears that he was aware of the
6  irregularities related to the paperwork at the close of escrow.  Indeed, Mr. Johnson admitted that
7  upon learning of the irregularities in the paperwork, he sought to rescind the loan but later
8  voided the rescission.  On May 5, 2005, plaintiff Deborah Johnson signed and acknowledged the
9  truth in lending disclosure statement which states that the loan has a variable rate feature and
10 may be subject to a pre-payment penalty.  As such, no circumstances have been shown here to
11 warrant a suspension of the limitations period.

12 Plaintiffs' contention that the alleged second violation, which occurred when defendant
13 Bank commenced the foreclosure process, tolls other violations separately is without merit.
14 Those facts and any reference to a RICO claim were not plead in the complaint.

15 Because the Federal Rules require "leave to amend when justice so requires" and
16 plaintiffs are proceeding *pro se*, it is appropriate to allow them leave to amend the complaint to
17 incorporate facts and assert claims which may have been alleged at the hearing.  Accordingly,
18 plaintiffs' present claims for damages are time-barred and the complaint is dismissed with leave
19 to amend.

## CONCLUSION

21 For the foregoing reasons, defendant Bank's motion to dismiss is granted with leave to
22 amend.  Plaintiffs shall file their amended complaint no later than April 4, 2008.

23 IT IS SO ORDERED.

24 Dated: *March 10, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

<u>A copy of the order was mailed on March 10, 2008 to the following:</u>

Gerald Johnson
PO Box 4448
Carmel, CA 93921-4448

Deborah Johnson
PO Box 4448
Carmel, CA 93921-4448

<u>EunHae Park for</u>
Corinne Lew
Courtroom Deputy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28