Deborah E. Johnson
P.O.Box 4448
Carmel, California 93921-4448
Telephone: 831-622-0132

Gerald D. Johnson (Pro Se, filing party)
P.O.Box 4448
Carmel, California 93921-4448
Telephone: 831-622-0132
E-mail: aprgdj@cs.com

Plaintiffs

*FILED*

2008 APR -8  A 9: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

### United States District Court

### North District Of California

### San Jose Division

| | |
|---|---|
| Deborah E. Johnson and Gerald D. Johnson, | Case No. **C08 00264 PVT** |
| Plaintiffs, | **"OPPOSITION TO"** NOTICE OF REMOVAL, **MOTION FOR PARTIAL REMAND TO STATE COURT TO ALLOW PLAINTIFFS TO ANSWER & COUNTER DEFENDANT'S UNLAWFUL DETAINER ACTION FILED IN STATE COURT & PROOF OF SERVICE** |
| vs. | |
| First Federal Bank Of California | |
| Defendant. | |

Plaintiffs, Gerald D. Johnson and Deborah E. Johnson moves this Court for a partial remand of this cause to the Superior Court of the State of California, in and for Monterey County, from which Court it was attempted to be removed to prevent Plaintiffs from answering and countering the unlawful detainer action and civil suit filed by Defendant, First Federal Bank Of California, in the Superior Court of the State of California. In support of this Motion, the Plaintiffs state as follows:

1.      The Defendant commenced the fraudulent transfer, unlawful detainer action and state civil suit (Case number M89741) with full knowledge of the pending Federal case in this court.

2.    Plaintiffs filing of the civil suit in state court, (Case number M89900), was not a voluntary action, it was filed to answer and as a counter suit to the unlawful detainer action filed by the Defendant to gain possession of the fraudulently transfered property.  Plaintiffs were prevented by court rules from filing a cross-complaint as an answer to the unlawful detainer action.  Plaintiffs filed a related case notice with the state court.

3.    Plaintiffs filed the state case for mortgage fraud, bank fraud, RICO Act violations, TILA Rescission rights violations and to set aside the fraudulent transfer on March 19, 2008 after being served by Defendant through a different law firm, Ruzicka & Wallace, LLP, a "Notice To Quit" on March 4, 2008 and a civil suit for unlawful detainer on March 14, 2008.  Plaintiffs amended complaint was filed with this court on April 1, 2008 for mortgage and bank fraud, fraudulent transfer, Truth In Lending Act and rescission violations.

4.    The Defendant's actions, utilizing a different law firm, attempting to block Plaintiffs answer to the unlawful detainer action and circumventing the due process Plaintiffs are entitled to is yet another example of a RICO Act violation to fraudulently take the Plaintiffs' property.

5.    A motion by the Defendant for summary judgement in the unlawful detainer action and Plaintiffs opposition to the motion will be heard in the Superior Court of California, County of Monterey, Monterey Division on April 10, 2008

## STATEMENT OF FACTS

1)    Exhibit "A" is the Defendant's "Notice To Quit" which was served on Plaintiffs March 4, 2008.

2)    Exhibit "B" is the Plaintiffs' fax communication to law firm, Ruzicka & Wallace,LLP, in response to Defendant's "Notice To Quit", which informs law firm that the property is in litigation in federal court.  This was faxed on March 5, 2008.

Case No. C08 00264 PVT

**3)**    Exhibit "C" is the Defendant's civil complaint for the unlawful detainer, which was served on Plaintiffs on March 14, 2008.

**4)**    Exhibit "D" is the Plaintiffs "Answer" to the unlawful detainer complaint and the "Related Case" filing, filed on March 19 and 24, 2008.

**5)**    Exhibit "E" is the Plaintiffs' complaint filed in state court for mortgage fraud, bank fraud, set aside the fraudulent tranfer, TILA violations and rescission violations as part of the answer in response to the Defendant's unlawful detainer action.  Plaintiffs' complaint was filed on March 19, 2008 in state court and served on Defendant March 27, 2008.

## CONCLUSION

Based on the foregoing Statement Of Facts, Plaintiffs plea to this Court is that you allow or grant Plaintiffs a partial remand to state court to aswer Defendant's unlawful detainer civil suit with a counter suit to set aside the fraudulent transfer so that the court may proceed on a coarse of due process in this federal case.

We declare under penalty of perjury that the foregoing statement of facts and documents are true and correct.

Dated: April ___7___, 2008

_Deborah E. Johnson_

Deborah E. Johnson, Plaintiff

_Gerald D. Johnson_

Gerald D. Johnson, Plaintiff (pro se)

Case No. C08 00264 PVT

**Proof Of Service**

I, _TERI PORTEOUS_ , the undersigned hereby declare:

I am over eighteen years of age and not a party to the above action.  My address is

_2160 CALIFORNIA AVE., STE. B, SAND CITY, CA. 93955-3172_

On _4-7-2008_ , I personally served a true copy of:

**"OPPOSITION TO" NOTICE OF REMOVAL, MOTION FOR PARTIAL REMAND TO STATE COURT TO ALLOW PLAINTIFFS TO ANSWER & COUNTER DEFENDANT'S UNLAWFUL DETAINER ACTION FILED IN STATE COURT & PROOF OF SERVICE**

On the interested party named below, addressed as follows:

PAMELA COX
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Attorneys for Defendant, First Federal Bank of California

(X)    By U.S. First Class Mail, at _SAND CITY, CA._ , I placed such envelope

for deposit with the United States Postal Service by placing for collection and mailing on

that date following ordinary business practices.

(  )    Via Hand Delivery, I delivered such envelope(s) by hand to the offices of the

addressees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _4-7-2008_ , at _SAND CITY, CA._

Sign Name

_TERI PORTEOUS_
Print Name

1                              Case No. C08 00264 PVT

# EXHIBIT "A"

# NOTICE TO QUIT

TO:      DEBORAH E. JOHNSON and all tenants, subtenants, and others in
         possession

ADDRESS:  2ND AVENUE 2 NE OF DOLORES STREET
          CARMEL, CA 93921

THE ABOVE-REFERENCED REAL PROPERTY ("PROPERTY") WAS SOLD IN
ACCORDANCE WITH SECTION 2924 OF THE CALIFORNIA CIVIL CODE UNDER A
POWER OF SALE CONTAINED IN A DEED OF TRUST SECURING SAID PROPERTY,
AND TITLE UNDER THE SALE HAS BEEN DULY PERFECTED. THE NEW OWNER
SEEKS IN GOOD FAITH TO RECOVER POSSESSION OF THE PROPERTY.

WITHIN THREE DAYS AFTER SERVICE OF THIS NOTICE, YOU ARE HEREBY
REQUIRED TO VACATE AND DELIVER POSSESSION OF THE PROPERTY NOW
HELD AND OCCUPIED BY YOU TO THE UNDERSIGNED UNLESS YOU ARE A
TENANT OR SUBTENANT WHO RENTED THE PROPERTY BEFORE THE
FORECLOSURE SALE. IN THAT EVENT, YOU ARE REQUIRED TO VACATE THE
PROPERTY WITHIN THIRTY DAYS AFTER SERVICE OF THIS NOTICE.

THIS NOTICE IS INTENDED AS A NOTICE TO QUIT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 1161a.

NOTE: IF YOU ARE NOT ONE OF THE PERSONS NAMED ABOVE OR YOU CLAIM TO
BE A TENANT OR SUBTENANT WHO IS ENTITLED TO REMAIN IN THE PROPERTY
FOR MORE THAN THREE DAYS, YOU MUST GIVE NOTICE TO THE UNDERSIGNED
WITHIN THREE DAYS OF THE DATE THIS NOTICE IS SERVED.

                          RUZICKA & WALLACE, LLP
                          A California limited liability partnership

DATED: FEBRUARY 25, 2008

                          By: Earl R. Wallace, Esq.
                          Attorneys for the new owner: FIRST FEDERAL
                          BANK OF CALIFORNIA

                          16520 Bake Parkway, Suite 280
                          Irvine, CA 92618
                          Telephone: (949) 759-1080
                          Facsimile: (949) 759-6813

# EXHIBIT "B"

# ALAIN PINEL
### REALTORS

# FAX

Date: _3-5-2008_

From: _GERALD JOHNSON_

Attention: _EARL WALLACE_

Company: _RUZICKA AND WALLACE, LLP_

Fax to #: _949 - 759 - 6813_

RE: _2ND AVE. 2 NE OF DOLORES ST. CARMEL, CA. 93921, FIRST FEDERAL BANK_

# of Pages (including cover page): _3_

MR. WALLACE,

IN REFERENCE TO THE ATTACHED "NOTICE TO QUIT", THIS PROPERTY IS CURRENTLY IN LITIGATION IN FEDERAL COURT FOR MORTGAGE VIOLATIONS AND POSSIBLY RICO ACT VIOLATIONS. YOUR CONTINUED PARTICIPATION IN ANY ACTION IN REGARDS TO THIS PROPERTY MAY BE CONSIDERED IN ANY CURRENT VIOLATIONS. I'VE ATTACHED A CERTIFIED COURT COPY OF THE SUMMONS FOR THE CURRENT CASE AGAINST YOUR CLIENT.

*Alain Pinel Realtors*

**Purveyors of Distinctive Properties and Estates**
**Junipero Between 5th & 6th**
**P.O. Box 7249**
**Carmel, CA 93921   Phone (831) 622-1040   Fax (831) 622-1559**
**www.apr-carmel.com**

REGARDS,

GERALD JOHNSON

831-915-8339

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA



Deborah E. Johnson and
Gerald D. Johnson

v.

First Federal Bank Of California

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

C 08    00264 PVT

TO: (Name and address of defendant)

First Federal Bank Of California, Coporate Office: 401 Wilshire Boulevard Santa Monica, California 90401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gerald D. Johnson, (Pro Se) P.O. Box 4448, 2nd Ave. 2NE of Dolores St. Carmel, California 93921-4448

an answer to the complaint which is herewith served upon you, within *20* days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE JAN 1 5 2008

Tiffany Salinas-Harwell
(BY) DEPUTY CLERK

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.
Date Filed: Jan 15, 08
RICHARD W. WIEKING, Clerk

, Deputy Clerk

# NOTICE TO QUIT

TO:       DEBORAH E. JOHNSON and all tenants, subtenants, and others in
          possession

ADDRESS:  2ND AVENUE 2 NE OF DOLORES STREET
          CARMEL, CA 93921

THE ABOVE-REFERENCED REAL PROPERTY ("PROPERTY") WAS SOLD IN
ACCORDANCE WITH SECTION 2924 OF THE CALIFORNIA CIVIL CODE UNDER A
POWER OF SALE CONTAINED IN A DEED OF TRUST SECURING SAID PROPERTY,
AND TITLE UNDER THE SALE HAS BEEN DULY PERFECTED. THE NEW OWNER
SEEKS IN GOOD FAITH TO RECOVER POSSESSION OF THE PROPERTY.

WITHIN THREE DAYS AFTER SERVICE OF THIS NOTICE, YOU ARE HEREBY
REQUIRED TO VACATE AND DELIVER POSSESSION OF THE PROPERTY NOW
HELD AND OCCUPIED BY YOU TO THE UNDERSIGNED UNLESS YOU ARE A
TENANT OR SUBTENANT WHO RENTED THE PROPERTY BEFORE THE
FORECLOSURE SALE. IN THAT EVENT, YOU ARE REQUIRED TO VACATE THE
PROPERTY WITHIN THIRTY DAYS AFTER SERVICE OF THIS NOTICE.

THIS NOTICE IS INTENDED AS A NOTICE TO QUIT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 1161a.

NOTE: IF YOU ARE NOT ONE OF THE PERSONS NAMED ABOVE OR YOU CLAIM TO
BE A TENANT OR SUBTENANT WHO IS ENTITLED TO REMAIN IN THE PROPERTY
FOR MORE THAN THREE DAYS, YOU MUST GIVE NOTICE TO THE UNDERSIGNED
WITHIN THREE DAYS OF THE DATE THIS NOTICE IS SERVED.

                              RUZICKA & WALLACE, LLP
                              A California limited liability partnership

DATED: FEBRUARY 25, 2008

                              By: Earl R. Wallace, Esq.
                              Attorneys for the new owner: FIRST FEDERAL
                              BANK OF CALIFORNIA

                              16520 Bake Parkway, Suite 280
                              Irvine, CA 92618
                              Telephone: (949) 759-1080
                              Facsimile: (949) 759-6813

ALAIN PINEL ANNEX    Fax:831-622-1559

```
                    ** Transmit Conf.Report **

P.1                                           Mar  5 '08   9:13
```

| Telephone Number | Mode | Start | Time | Pages | Result | Note |
|---|---|---|---|---|---|---|
| 19497596813 | NORMAL | 5, 9:10 | 2'37" | 3 | *O K | |



# ALAIN PINEL
### REALTORS

# FAX

**Date:** 3-5-2008                 **Attention:** EARL WALLACE

**From:** GERALD JOHNSON          **Company:** RUZICKA AND WALLACE, LLP

                                   **Fax to #:** 949 - 759 - 6813

**RE:** 2ND AVE. 2 NE OF DOLORES ST. CARMEL, CA. 93921, FIRST FEDERAL BANK

**# of Pages (including cover page):** 3

MR. WALLACE,

IN REFERENCE TO THE ATTACHED "NOTICE TO QUIT", THIS PROPERTY IS CURRENTLY IN LITIGATION IN FEDERAL COURT FOR MORTGAGE VIOLATIONS AND POSSIBLY RICO ACT VIOLATIONS. YOUR CONTINUED PARTICIPATION IN ANY ACTION IN REGARDS TO THIS PROPERTY MAY BE CONSIDERED IN ANY CURRENT VIOLATIONS. I'VE ATTACHED A CERTIFIED COURT COPY OF THE SUMMONS FOR THE CURRENT CASE AGAINST YOUR CLIENT.

EXHIBIT "C"

1    **Earl R. Wallace, Esq. (State Bar Number 174247)**
     **RUZICKA & WALLACE, LLP**

2    16520 Bake Parkway, Suite 280
     Irvine, CA 92618

3    Telephone: (949) 759-1080
     Facsimile: (949) 759-6813

4

**FILED**

MAR 1 1 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____DEPUTY

5    Attorneys for Plaintiff, **FIRST FEDERAL BANK OF CALIFORNIA**

6

7

8                     **SUPERIOR COURT OF CALIFORNIA**

9             **COUNTY OF MONTEREY, MONTEREY DIVISION**

10    FIRST FEDERAL BANK OF CALIFORNIA,   )   Case No.:    **M 8 9 7 4 1**

11             Plaintiff,   )   **LIMITED CIVIL CASE**

12          vs.   )   **COMPLAINT FOR UNLAWFUL DETAINER**

13    DEBORAH E. JOHNSON, GERALD D.   )   **AMOUNT DEMANDED DOES NOT EXCEED**
     JOHNSON; and DOES 1 to 20, inclusive,   )   **$10,000**

14

15            Defendants.   )   [California Code of Civil Procedure § 1161a]

16

17

18

19

20      Plaintiff alleges:

21        1.     This court is the proper court for this action because:

22        a.     Each defendant resides and/or conducts business in the area served by this Court;

23        b.     The real property which is the subject of this action **2nd AVENUE 2 NE OF**

24    **DOLORES STREET, CARMEL, CA 93921** (hereinafter, the "Property"), is located in the area

25    served by this Court; and

26        c.     The amount of damages claimed in this action does not exceed $10,000.00.

27    ///

28    ///

1    2.    Plaintiff is informed and believes and thereon alleges that the defendants, and

2    each of them, are, and at all times herein mentioned, were residents of the County of Monterey,

3    State of California, and reside within the jurisdictional boundaries of this Court.

4    3.    The true names and capacities of Does 1 through 20, inclusive, are presently

5    unknown to plaintiff, who therefore sues such defendants under such fictitious names pursuant

6    to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on such

7    information and belief, alleges that each such "Doe" Defendant is in possession of the Property,

8    without the permission or consent of plaintiff, and plaintiff will amend this complaint to state the

9    true names and capacities of said defendants when the same have been ascertained.

10    4.    Plaintiff is informed and believes, and thereon alleges that the defendants and

11    each of them, are, and at all times mentioned herein were, the agent, servant and employee of

12    each of the other defendants, and in doing the things herein alleged, were acting within the

13    course and scope of said agency and employment.

14    5.    Plaintiff is the owner of and entitled to immediate possession of the Property. The

15    Property was sold in accordance with Section 2924 of the Civil Code under power of sale

16    contained in a deed of trust and title under the sale has been duly perfected in plaintiff.

17    6.    On or about May 5, 2005, Defendant DEBORAH E. JOHNSON borrowed

18    $840,000 from plaintiff. The loan was evidenced by a promissory note (the "Note") secured by

19    a Deed of Trust (the "Deed of Trust") encumbering the Property. The Deed of Trust was

20    recorded in the Official Records, County of Monterey, on May 16, 2004, as Instrument Number

21    20050488551. A true and correct copy of the Deed of Trust is attached hereto as Exhibit A and

22    incorporated herein by this reference.

23    7.    On February 8, 2008, Seaside Financial Corporation ("Trustee"), as trustee under

24    the Deed of Trust, conducted a trustee's sale and sold the Property at public auction to plaintiff.

25    Thereafter, the Trustee delivered a Trustee's Deed Upon Sale conveying the Property to plaintiff

26    which was recorded in the Official Records, County of Monterey on February 12, 2008 as

27    Instrument Number 2008008306. A true and correct copy of the Trustee's Deed Upon Sale is

28    attached hereto as Exhibit B and incorporated herein by this reference.

1    8.    On March 4, 2008, a California licensed process server served on defendants, and

2    each of them, a notice to quit and deliver up possession of the Property to plaintiff within three

3    (3) days after service of the notice in compliance with California Code of Civil Procedure section

4    1162. A true and correct copy of the notice to quit and proof of service thereof are attached

5    hereto collectively as Exhibit C and incorporated herein by this reference.

6    9.    More than three days has elapsed since service of the notice to quit. However,

7    defendants, and each of them, continue to remain in possession of the Property.

8    10.    Defendants, and each of them, remain in possession of the Property without

9    plaintiff's permission or consent.

10    11.    The reasonable rental value of the use and occupancy of the Property is the sum

11    of at least $50.00 per day, and damages to plaintiff caused by defendants' unlawful detention

12    thereof has accrued at said rate since March 8, 2008, and will continue to accrue at said rate

13    so long as defendants remain in possession of the Property.

14    WHEREFORE, plaintiff prays for judgment against defendants as follows:

15    1.    For restitution of the Property;

16    2.    For damages in the amount of at least $50.00 per day from March 8, 2008 for each

17    day that defendants continue in possession of the Property through the date of entry of

18    judgment;

19    3.    For costs of suit incurred herein; and

20    4.    For such other and further relief as the Court deems just and proper.

21                                    RUZICKA & WALLACE, LLP
                                      A California limited liability partnership
22

23    DATED: MARCH 8, 2008

24                                    By: EARL R. WALLACE, Partner
                                      Attorneys for Plaintiff FIRST FEDERAL BANK OF
25                                    CALIFORNIA

26

27

28

1

**VERIFICATION**

2      I am one of the attorneys for the Plaintiff in the above entitled action.  The Plaintiff is

3    absent from County in which I have my office, or the Plaintiff is otherwise unable to verify this

4    pleading, and I make this verification for an on behalf of Plaintiff for that reason.  I have read the

5    foregoing Complaint for Unlawful Detainer and am familiar with its contents. I am informed and

6    believe that the matters contained within it are true and on that ground allege that the matters

7    stated are true.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed on March 8, 2008 at Irvine, California.

10                  RUZICKA & WALLACE, LLP
                    A California limited liability partnership
11

12

13    _____
      By: EARL R. WALLACE, Partner
14    Attorneys for Plaintiff FIRST FEDERAL BANK OF
      CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR UNLAWFUL DETAINER

# EXHIBIT "D"

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|

GERALD D. JOHNSON (PRO SE)    831-622-0132
P.O. BOX 4448
CARMEL, CA. 93921

ATTORNEY FOR *(Name)*: DEBORAH E. JOHNSON AND GERALD D. JOHNSON

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, MONTEREY CO.
STREET ADDRESS: 1200 AGUAJITO RD.
MAILING ADDRESS:
CITY AND ZIP CODE: MONTEREY, CA. 93940
BRANCH NAME: MONTEREY DIVISION

PLAINTIFF: FIRST FEDERAL BANK OF CALIFORNIA

DEFENDANT: GERALD D. JOHNSON AND DEBORAH E. JOHNSON

FILED

MAR 19 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
LISA DALIA    DEPUTY

| ANSWER—Unlawful Detainer | CASE NUMBER: |
|---|---|
| | M89741 |

1. Defendant *(names)*: DEBORAH E. JOHNSON AND GERALD D. JOHNSON

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☒ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☐ Defendant admits that all of the statements of the complaint are true EXCEPT
      (1) Defendant claims the following statements of the complaint are false *(use paragraph numbers from the complaint or explain)*:

      ☐ Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(use paragraph numbers from the complaint or explain)*:

      ☐ Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES    *(NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j).)*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date)*:                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

      *(Also, briefly state the facts showing violation of the ordinance in item 3j.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☒ Other affirmative defenses are stated in item 3j.

| Form Approved by the Judicial Council of California<br>UD-105 [Rev. January 1, 2007] | ANSWER—Unlawful Detainer | Civil Code, §1940 et seq.;<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

UD-105

| PLAINTIFF (Name): FIRST FEDERAL BANK OF CALIFORNIA | CASE NUMBER: |
| DEFENDANT (Name): DEBORAH E. JOHNSON AND GERALD D. JOHNSON | M89741 |

3. AFFIRMATIVE DEFENSES (cont'd)

    j. Facts supporting affirmative defenses checked above *(identify each item separately by its letter from page one)*:

FRAUDULENT TRANSFER, SECURITY INSTRUMENT CREATED BY FRAUD, BANK AND MORTGAGE FRAUD. TILA DISCLOSURE VIOLATIONS, ACTIONS PENDING IN FEDERAL COURT, STATE COURT.

    (1) ☒ All the facts are stated in Attachment 3j.    (2) ☐ Facts are continued in Attachment 3j.

4. OTHER STATEMENTS

    a. ☐ Defendant vacated the premises on *(date)*:

    b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain)*:

    c. ☐ Other *(specify)*:

5. DEFENDANT REQUESTS

    a. that plaintiff take nothing requested in the complaint.

    b. costs incurred in this proceeding.

    c. ☐ reasonable attorney fees.

    d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

    e. ☒ Other *(specify)*:

JUDGEMENT IN FEDERAL COURT NOW PENDING AMENDED COMPLAINT AND/OR COUNTER SUIT FILED TODAY 3-19-2008 IN THIS SUPERIOR COURT.

6. ☐ Number of pages attached *(specify)*:

**UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400- 6415)**

7. *(Must be completed in all cases)* An **unlawful detainer assistant** ☒ did not ☐ did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*

    a. Assistant's name:               b. Telephone No.:

    c. Street address, city, and ZIP:

    d. County of registration:        e. Registration No.:        f. Expires on *(date)*:

DEBORAH E. JOHNSON
_____
(TYPE OR PRINT NAME)           ▶ _____
                             (SIGNATURE OF DEFENDANT OR ATTORNEY)

GERALD D. JOHNSON
_____
(TYPE OR PRINT NAME)           ▶ _____
                             (SIGNATURE OF DEFENDANT OR ATTORNEY)

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 3-19-2008

GERALD D. JOHNSON
_____
(TYPE OR PRINT NAME)           ▶ _____
                             (SIGNATURE OF DEFENDANT)

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GERALD D. JOHNSON (PRO SE)<br>P.O. BOX 4448<br>CARMEL, CA. 93921<br>TELEPHONE NO.: 831-622-0132<br>E-MAIL ADDRESS (Optional): aprgdj@cs.com    FAX NO. (Optional):<br>ATTORNEY FOR (Name): PRO SE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _MONTEREY_
STREET ADDRESS: 1200 AGUAJITO RD.
MAILING ADDRESS: MONTEREY, CA. 93940
CITY AND ZIP CODE:
BRANCH NAME: MONTEREY DIVISION

PETITIONER/PLAINTIFF: FIRST FEDERAL BANK OF CA.

RESPONDENT/DEFENDANT:
GERALD D. JOHNSON AND DEBORAH E. JOHNSON

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>M89741 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 2160 CALIFORNIA AVE. STE B
   SAND CITY, CA. 93955-3172

3. On (date): 3-19-2008 I mailed from (city and state): SAND CITY, CALIFORNIA
   the following **documents** (specify):

   ANSWER - UNLAWFUL DETAINER

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: EARL R. WALLACE
   b. **Address** of person served: RUZICKA AND WALLACE, LLP
      16520 BAKE PARKWAY, SUITE 280
      IRVINE, CA. 92618

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

TERI PORTEOUS
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

_(signature)_
(SIGNATURE OF PERSON COMPLETING THIS FORM)

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GERALD D. JOHNSON<br>P.O. BOX 4448<br>CARMEL, CA. 93921<br>TELEPHONE NO.: 831-622-0132    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* aprgdj@cs.com<br>ATTORNEY FOR *(Name):* PRO SE | **FILED**<br>MAR 24 2008<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>~~C. WILLIAMS~~ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___MONTEREY___
STREET ADDRESS: 1200 AGUAJITO RD.
MAILING ADDRESS: MONTEREY, CA. 93940
CITY AND ZIP CODE:
BRANCH NAME: MONTEREY DIVISION

PLAINTIFF/PETITIONER: FIRST FEDERAL BANK OF CALIFORNIA

DEFENDANT/RESPONDENT: DEBORAH E. JOHNSON, GERALD D. JOHNSON

| NOTICE OF RELATED CASE | CASE NUMBER: M89741 |
|---|---|
|  | JUDICIAL OFFICER: |
|  | DEPT.: |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1. a. Title: DEBORAH E. JOHNSON, GERALD D. JOHNSON V. FIRST FEDERAL BANK OF CALIFORNIA
   b. Case number: C08 00264 PVT
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address):* U.S. DISTRICT COURT, SAN JOSE 280 S. 1st STREET, 2nd FLOOR, SAN JOSE, CA. 95113
   d. Department: CIVIL
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
   f. Filing date: JANUARY 15, 2008
   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☒ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☒ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      ☐ Additional explanation is attached in attachment 1h
   i. Status of case: COMPLAINT TO BE AMENDED TO INCLUDE MORTGAGE FRAUD, BANK FRAUD AND RIGHT OF RESCISSION VIOLATIONS.
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: FIRST FEDERAL BANK OF CALIFORNIA V. DEBORAH E. JOHNSON, GERALD D. JOHNSON
   b. Case number: M89741
   c. Court: ☒ same as above
      ☐ other state or federal court *(name and address):*
   d. Department:

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: *FIRST FEDERAL BANK OF CALIFORNIA* | CASE NUMBER: |
| DEFENDANT/RESPONDENT: *DEBORAH E. JOHNSON, GERALD D. JOHNSON* | *M 89741* |

2. *(continued)*

   e. Case type: ☒ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: *MARCH 11, 2008*

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

     ☒ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☒ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

     ☒ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

3.  a. Title: *DEBORAH E. JOHNSON, GERALD D. JOHNSON V. FIRST FEDERAL BANK OF CALIFORNIA*

   b. Case number: *M 89900*

   c. Court: ☒ same as above

     ☐ other state or federal court *(name and address):*

   d. Department: *CIVIL*

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: *MARCH 19, 2008*

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

     ☒ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☒ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

     ☒ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: *3-24-2008*

*GERALD D. JOHNSON*               *Pro-Se*

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)       (SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: FIRST FEDERAL BANK OF CALIFORNIA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DEBORAH E. JOHNSON, GERALD D. JOHNSON | M 89741 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:
   2160 CALIFORNIA AVE. STE. B
   SAND CITY, CA. 93955-3172

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date)*: 3-24-2008
   b. from *(city and state)*: SAND CITY, CALIFORNIA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
   FIRST FEDERAL BANK OF CALIFORNIA
   Street address: 401 WILSHIRE BOULEVARD
   City: SANTA MONICA
   State and zip code: CALIFORNIA, 90401

   c. Name of person served: RUZICKA AND WALLACE, LLP
   Street address: 16520 BAKE PARKWAY, SUITE 280
   City: IRVINE, CA. 92618
   State and zip code:

   b. Name of person served: HEMAR, ROUSSO & HEALD LLP
   Street address: 15910 VENTURA BOULEVARD
   City: ENCINO 12TH FLOOR
   State and zip code: CALIFORNIA, 91436-2829

   d. Name of person served: DEBORAH E. JOHNSON
   Street address: P.O. BOX 4448
   City: CARMEL, CA. 93921
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3-24-2008

TERI PORTEOUS
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

# EXHIBIT "E"

1  Deborah E. Johnson
   P.O.Box 4448
2  Carmel, California 93921-4448
   Telephone: 831-622-0132
3
   Gerald D. Johnson (Pro Se, filing party)
4  P.O.Box 4448
   Carmel, California 93921-4448
5  Telephone: 831-622-0132
   E-mail: aprgdj@cs.com
6
   Plaintiffs
7

FILED

MAR 1 9 2008

CONNIE M~~~~
CLERK OF THE SUPERIOR COURT
LISA DALIA    DEPUTY

8                    **SUPERIOR COURT OF CALIFORNIA**

9             **COUNTY OF MONTEREY, MONTEREY DIVISION**

10
   DEBORAH E. JOHNSON & GERALD D.          Case No. ___ **M 8 9 9 0 0**
11 JOHNSON
                Plaintiffs,               **COMPLAINT FOR FRAUD**
12                                        **AND TO SET ASIDE FRAUDULENT**
   vs.                                    **TRANSFER FOR RELIEF & DAMAGES**
13
   FIRST FEDERAL BANK OF CALIFORNIA
14
                Defendant
15 ------------------------------------------

16 1.    Jurisdiction.  This Court has jurisdiction because the subject property, 2nd Avenue 2NE

17 of Dolores Street, in the City of Carmel, which is located in the County of Monterey.

18 2.    Venue.  This Court is appropriate because the Unlawful Detainer Action is currently in

19 Civil Court of Monterey County.

20 3.    This is a counter suit, to the Unlawful Detainer Action, is based on facts contained in

21 this Complaint that the security instrument used to transfer this property was obtained by mortgage

22 and bank fraud.

23 4.    Plaintiffs, Deborah E. Johnson and Gerald D. Johnson, will prove with documents

24 produced by Defendant, First Federal Bank of California, and other entities working for or under

1    the direct supervision of the Defendant, wilfully and with intent to deceive, omitted, misrepresented

2    and made material misstatements to commit mortgage and bank fraud.  There are violations of the

3    Truth In Lending Act inregards to material disclosures and right to rescind for Plaintiff, Gerald D.

4    Johnson.  Defendant in directing other entities to create an enterprise, while commiting 3 related

5    acts of fraud and using the mail and wire networks in commiting those acts, Defendant actions

6    come under the RICO Act for organized fraud.  Defendant has violated Federal and State

7    "Rescission Laws", Common Law as it relates to contracts.

8

9                                    **STATEMENT OF FACTS**

10   1.      Defendant qualified Plaintiffs for the loan on their primary residence located at 2nd

11   Avenue 2NE of Dolores Street in Carmel, California, based on the income of Plaintiff, Gerald D.

12   Johnson, which was $155,000.00 for year 2005.  Exhibit "A" is the escrow documents from Old

13   Republic Title addressed to Plaintiff, Gerald D. Johnson, prepared on May 5, 2005 with

14   instructions to remove Gerald D. Johnson from title of their primary residence.  Exhibit "B" is the

15   "Borrower/Escrow Instructions" from Old Republic Title of which page 4 of 5 list the conditions

16   to be met prior to funding, one item notes "the level of debt too high (cards are maxed out)" and

17   the other item, "Certified Copy of Quit Claim Deed", as noted at the top of page 4 of 5, these

18   are conditions from Defendant to Plaintiffs and must be met prior to funding.  These conditions

19   and the removal of Plaintiff, Gerald D. Johnson, from title were first presented to Plaintiffs at

20   signing on May 5, 2005.  Exhibit "C" is the list of credit accounts under Plaintiff, Gerald D.

21   Johnson, 9 months prior to the May 5, 2005 closing date with Defendant.  Plaintiff, Gerald D.

22   Johnson's, unsecured debts listed in Exhibit "C" were removed from the loan application, while

23   his income was included on the application.

24   2.      Exhibit "D" is the Old Republic Title Company's preliminary title report for the Plaintiffs

primary residence, which clearly shows Plaintiff, Gerald D. Johnson, on title as joint tenant, this document was used as part of the closing documents on May 5, 2005. Exhibit "E" is the loan application used as part of the closing documents, this was produced by the agent working on behalf of the Defendant. On page 1 of 5, Plaintiff, Gerald D. Johnson, is named in the section titled "Title Will Be Held In What Names". Exhibit "F" is the previous mortgage note and statement from Novastar Home Mortgage that was faxed to the agent working on behalf of the Defendant at the request of the Defendant. The Plaintiff, Gerald D. Johnson, is clearly indicated on both documents. These documents, all produced by others, provides clear evidence of Plaintiff, Gerald D. Johnson's ownership interest and his right to all material disclosures and right to rescind any security instrument placed on the property.

3.    Exhibit "G" is the fax communications between Plaintiff and Defendant in regards to the rescission of the loan on May 5, 2005 after Plaintiff, Gerald D. Johnson, was removed from the loan documents at signing. Plaintiffs were called by Defendant and convinced that the removal of Plaintiff, Gerald D. Johnson, was necessary to receive a favorable loan with his credit score and is a common business practice. The rescission, as noted in the fax communication cover sheet from Plaintiff to an employee working for Defendant, was not signed in error and represented only one party to the transaction, Plaintiff, Deborah E. Johnson. Plaintiff, Gerald D. Johnson, was never provided with or signed material disclosures and was not presented with 2 forms for his right to rescind the loan.

4.    Plaintiffs were made aware of the transfer on March 4, 2008 at the federal hearing in San Jose U.S. Federal Court in regards to a civil suit related to this action.

5.    Proper notice of the foreclosure sale was not given to all parties with an ownership interest and no notice was given prior to the February 2008 transfer.

6.    Plaintiffs were served with the "Notice To Quit" on March 14, 2008.

7.    Exhibit "H" & "I" are full appraisals on Plaintiffs property completed in May 2007, with appraised values of $1,350,000 and $1,400,000.

## LEGAL ARGUMENT

A.    California contract law states;

**Fraud is the intentional misrepresentation of an important issue of the contract.  The presence of fraud in a contractual proceeding makes the contract voidable by the party upon whom the fraud was perpetrated.**

The Mortgage Bankers Association's definitions of mortgage fraud are;

(1)    **"Material misstatement, misrepresentation or omission relating to the property or potential mortgage relied on by an underwriter or lender to fund."**

(2)    **"The intentional enticement of a financial entity to make, buy or insure a mortgage loan when it would not otherwise have done so, had it possessed correct information".**

The Defendant has willfully and knowingly given false and fraudulent information, while working with and directing others.  Defendant's actions resulted in many violations which fall under the above definitions for mortgage fraud.  The Defendant commenced the second and most serious offense or violation with the fraudulant transfer that occured in February 2008.  The Plaintiffs discovered the fraud in January 2008 after filing the complaint that is currently pending in Federal Court, case number C08-00264 PVT, which was filed on January 14, 2008, prior to the fraudulant transfer.  The additional violations fall under 18 USC 1962, 18 USC 1344, 18 USC 1341, 18 USC 1343, 18 USC 1957, Ca.Civ.Code 1596, 1598 and others.

B.    **" Consumer's right to rescind...In a credit transaction in which a security is or will be retained or acquired in a consumer's principal dwelling, each consumer whose**

**ownership interest is or will be subject to the security interest shall have the right to**

**rescind the transaction."(12 CFR 226.23)**

Plaintiff, Gerald D. Johnson, was on title at the time of signing on May 5, 2005. Exhibit "A"

clearly notes the time of signing and recording which was May 16, 2005. These violations are

covered under 12 CFR 226.23 and section 125 of TILA. The preliminary title report in Exhibit

"D" and the loan application in Exhibit "E" both are clear that Plaintiff, Gerald D. Johnson, should

have been provided all material disclosures and the right to rescind the loan. The foreclosure

process stopped the tolling of the 3 year right to rescind. Defendant has attempted to extinguish

Plaintiff, Gerald D. Johnson's rescission rights with this fraudulant transfer, which was excuted

with a security instrument created by fraud.

**C.      California Civil Code Section 1688. A contract is extinguished by its rescission.**

On May 5, 2005, Plaintiff, Gerald D. Johnson, signed the "Right to Cancel" as Plaintiff, Deborah E.

Johnson's, "attorney in fact", Exhibit "G" is the entire written communications as it pertains to the

rescission between Defendant and Plaintiff. Defendant wanted Plaintiff, Gerald D. Johnson, to state

that the rescission was signed in error, Plaintiff's final note faxed to Defendant, states "Right to Cancel

was not signed in error, it was rescinded."

**California Civil Code Section 1689(b)(5)  A party to a contract may rescind the contract**

**....If the contract is unlawful for causes which do not appear in its terms or conditions,**

**and the parties are not equally at fault.**

**D.**      The foreclosure notice and sale did not include all consumers with an ownership interest

in the property.

## CONCLUSION

Based on the foregoing Statement Of Facts and Legal Argument, Plaintiffs plea to this

Court is that you set aside the fraudulant transfer that is based on mortgage and bank fraud.

1    Plaintiffs ask this Court to restore the right to rescission based on the fraud that was uncovered

2    and the TILA disclosure rights denied Plaintiff Gerald D. Johnson.

3        Plaintiffs are proceeding "pro se" in this matter and in the current federal case and in the

4    bankruptcy court filing that proceeded each, due to the financial damage caused by these actions.

5        Plaintiffs seek relief in the form of punitive damages, returned to the status quo in regards

6    to Plaintiffs' primary residence and any further relief which this Court deems appropriate for the

7    damages suffered by the actions of Defendant.

8
     We declare under penalty of perjury that the foregoing statement of facts and documents are
9
     true and correct.
10

11

12   Dated: March____, 2008                        _____
                                                     Deborah E. Johnson, Plaintiff
13
                                                    _____
14
                                                     Gerald D. Johnson, Plaintiff (pro se)
15

16

17

18

19

20

21

22

23

24