PAMELA L. COX (State Bar No. 191883)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
(818) 501-3800; (818) 501-2985 (Fax)
e-mail: pcox@hemar-rousso.com
Refer to File Number: 3968-20080200-PLC

Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH E. JOHNSON and GERALD D. JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>Defendant. | CASE NO: C08-00264 PVT<br><br>[Ordered Related to Case No. C08-01796 PVT]<br><br>FIRST FEDERAL BANK OF CALIFORNIA'S REPLY TO "OPPOSITION TO" NOTICE OF REMOVAL AND OPPOSITION TO MOTION FOR PARTIAL REMAND |

Defendant FIRST FEDERAL BANK OF CALIFORNIA (hereinafter "Defendant" or "First Federal") hereby respectfully submits its Reply to the "Opposition to" Notice of Removal; Motion for Partial Remand to State Court to Allow Plaintiffs to Answer & Counter Defendant's Unlawful Detainer Action Filed in State Court (the "Motion to Remand") filed by Plaintiffs Gerald D. Johnson and Deborah E. Johnson (hereinafter "Plaintiffs").

//
//
//

1

# I.

## INTRODUCTION AND PROCEDURAL HISTORY

The state court action filed with the Monterey County Superior Court as Case Number M89900 is just one of a series of endless legal proceedings which appear to be filed for the sole purpose of allowing the Plaintiffs to continue to live in a million dollar home in Carmel-By-The-Sea without paying a dime to the bank who owns such home.

This saga began when the Plaintiff, Deborah Johnson, who is the only borrower on the home's mortgage, defaulted on the loan by failing to make her mortgage payment due on May 1, 2007. When First Federal Bank initiated non-judicial foreclosure proceedings, the Plaintiffs filed the following proceedings:

1. Chapter 13 Bankruptcy of Deborah Johnson, Case Number 07-53614, filed on November 7, 2007, dismissed on January 4, 2008 due to Ms. Johnson's failure to comply with court orders;

2. Chapter 7 Bankruptcy of Gerald Johnson, Case Number 07-53751 filed on November 16, 2007, dismissed due to Mr. Johnson's failure to file his schedules;

3. Civil action filed with United States District Court, Case Number 08-00264PVT, filed on January 15, 2008, alleging violations of TILA and HOEPTA, and subject to Order Granting Defendant's Motion to Dismiss with Leave to Amend;

4. Civil action filed with Monterey County Superior Court, Case Number M89900, filed on March 19, 2008 (the "Monterey Action"); and

5. Amended Complaint filed in United States District Court, Case No. 08-00264PVT on April 1, 2008. The Amended Complaint is virtually identical to the civil action filed with the Monterey County Superior Court.

In their Motion for Remand, the Plaintiffs argue that they had to file the Monterey Action because Defendant filed a complaint for unlawful detainer, and since they could not "file an answer or cross-complaint" in the unlawful detainer proceeding, they had to

file the related state court action. In addition to being untrue, this argument is not legally sound.

The Plaintiffs have filed an answer to the unlawful detainer proceeding, and successfully opposed the motion for summary judgment in such action essentially by confusing the court with their plethora of pleadings. Further, the Monterey State Action, as noted in the Notice of Removal and Notice of Related Case filed concurrently therewith, is identical to the Amended Complaint currently pending with this district court as Case Number 08-00264PVT. Consequently, Plaintiffs' Motion for Remand is without merit, and should be summarily denied by this court.

## II.

## DEFENDANT WAS REQUIRED TO FILE ITS UNLAWFUL DETAINER COMPLAINT IN STATE COURT

As mentioned herein above, the whole argument upon which Plaintiffs' Motion to Remand is based is that they had to file a state court action to counter the unlawful detainer action filed by the Defendant in state court. The Plaintiffs further imply in their paperwork that in filing the unlawful detainer action in state court, Defendant has somehow done something improper and tried to thwart Plaintiffs' access to due process.

However, the only reason First Federal brought its unlawful detainer action in state court is because such actions are "local" actions and are required to be brought in the superior court of the county in which the property is located. *California Code of Civil Procedure,* §392(a)(1), (b). Further, First Federal used a different attorney in the unlawful detainer case because that attorney specializes in unlawful detainer suits. Finally, California law provides that the defendants in an unlawful detainer action are not permitted to bring a cross-complaint. *Union Oil Co. v. Chandler*, 4 Cal. App. 3d 716, 721, 83 Cal. Rptr. 756, 760 (1970).

Thus, it is the judiciary, and not the Defendant, who prevented the Plaintiffs from bringing a cross-complaint in response to the unlawful detainer action.

There is nothing onerous or improper in First Federal's unlawful detainer action

being filed in state court. To the contrary, pursuant to statute, the state court was the exclusive court in which such relief must be sought.

## III.
## THE DESIRE TO CIRCUMVENT THE LAW AND BRING A CROSS-COMPLAINT TO DEFEND AN UNLAWFUL DETAINER ACTION IS NOT A PROPER GROUND FOR REMAND

In their Motion for Partial Remand, the Plaintiffs request that the Court "grant Plaintiffs a partial remand to state court to answer Defendant's unlawful detainer civil suit with a counter suit to set aside the fraudulent transfer so that the court may proceed on course of due process in this federal case." It appears that the Plaintiffs want this court to remand the matter to state court so that they can file a cross-complaint (or counter suit) to the unlawful detainer. (They also seem to want to continue prosecuting the same case in federal court, as bolstered further by the filing of their First Amended Complaint in Case Number 08-00264PVT on April 1, 2008).

There are several grounds for remand, namely lack of subject matter jurisdiction (*International Primate Protection League v. Administators of Tulane Ed. Fund*, 500 U.S. 72, 87, 111 S.Ct. 1700, 1709-10 (1991)), defects in the removal procedure (28 U.S.C. § 1447(c)), and abstention (*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31, 116 S.Ct. 1712, 1723 (1996)). However, allowing a plaintiff to circumvent the law and file a cross-complaint in an unlawful detainer case is not a proper ground for remand.

Accordingly, the court should summarily deny the Plaintiff's Motion to Remand.

## IV.
## CONCLUSION

Based on the foregoing, and on the fact that there are identical pleadings pending in two actions, the court is respectfully requested to deny Plaintiffs' Motion to Remand, and keep the instant matter in federal court. In addition, based upon the Notice of Related Case filed by Defendant, the Court is respectfully requested to consolidate the instant matter with the identical matter removed as Case No. 08-01796PVT with the United

4

1 | States District Court.

3 | DATED: April 14, 2008        HEMAR, ROUSSO & HEALD, LLP

By: *Pamela L Cox*
PAMELA L. COX
Attorneys for Defendant
FIRST FEDERAL BANK OF
CALIFORNIA

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

      I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

      On April 14, 2008, I served the foregoing document described as **FIRST FEDERAL BANK OF CALIFORNIA'S REPLY TO "OPPOSITION TO" NOTICE OF REMOVAL AND OPPOSITION TO MOTION FOR PARTIAL REMAND** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

DEBORAH E. JOHNSON
PO Box 4448
Carmel, CA 93921-4448

GERALD D. JOHNSON (Pro Se, Filing Party)
PO Box 4448
Carmel, CA 93921-4448

XX    At my business address, I placed such envelope for deposit with the __Federal Express or XX__ U.S. Postal Office by placing them for collection and mailing on that date following ordinary business practices.

___I delivered such envelope(s) by hand to the offices of the addressees.

___I caused such copies to be facsimiled to the persons set forth.

___    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX    (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 14, 2008 at Encino, California.

*Lisa Fields*
LISA FIELDS