PAMELA L. COX (State Bar No. 191883)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California  91436
(818) 501-3800; (818) 501-2985 (Fax)
e-mail: pcox@hemar-rousso.com
Refer to File Number: 3968-20080200-PLC

Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH E. JOHNSON and GERALD D. JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST FEDERAL BANK OF CALIFORNIA, <br><br><br><br> Defendant. | CASE NO. C08-00264PVT <br><br> [Ordered Related to Case No. 08-01796 PVT] <br><br> NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND IDENTICAL COMPLAINT IN REMOVED ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROL BAXTER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF <br><br> Hearing: <br> Date : June 3, 2008 <br> Time: 10:00 a.m. <br> Courtroom:  5 <br><br> Patricia V. Trumbell, Magistrate |

**TO THIS HONORABLE COURT AND PLAINTIFFS, DEBORAH E.**

**JOHNSON AND GERALD D. JOHNSON:**

    **PLEASE TAKE NOTICE THAT** on June 3, 2008, at 10:00 a.m. or as soon

thereafter as the matter may be heard in the above-entitled Court, located at 280 South

First Street, San Jose, California 95113, Defendant FIRST FEDERAL BANK OF

1   CALIFORNIA (hereinafter "FIRST FEDERAL") will and hereby does move this Court to

2   dismiss the First Amended Complaint (the "Amended Complaint") filed as Case Number

3   08-00264 PVT, by Plaintiffs DEBORAH E. JOHNSON and GERALD D. JOHNSON

4   (hereinafter referred to collectively as "Plaintiffs"), as well as the related, identical

5   removed action filed by Plaintiffs and pending as Case Number 08-01796 PVT

6   (hereinafter collectively referred to as the "First Amended Complaint"), with prejudice,

7   pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiff,

8   Gerald Johnson, lacks standing to bring the claims, the claims are barred by the statute of

9   limitations set forth in 15 U.S.C. §1640(e) and 15 U.S.C. §1635(f), and the documents

10  submitted as exhibits to the First Amended Complaint and to the Declaration filed

11  concurrently herewith demonstrate that the Plaintiffs' claims are without merit.

12          This Motion is based on this Notice of Motion and Motion, the Memorandum of

13  Points and Authorities, the Declaration of Carol Baxter, and Request for Judicial Notice

14  filed herewith and any further evidence, oral or documentary, which may be presented at

15  the hearing on this Motion.

16

17  DATED: April 17, 2008                    HEMAR, ROUSSO & HEALD, LLP

18

19                                          By: _Pamela L Cox_

20                                          PAMELA L. COX
                                            Attorneys for Defendant
21                                          FIRST FEDERAL BANK OF CALIFORNIA

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2                                                                                          **Page**

3    I.        STATEMENT OF FACTS                                                            3

4              A.    The Factual Allegations of the Complaint                                3

5              B.    The Facts Supported by the Exhibits to the Amended
                     Complaint and attached to the Declaration of
6                    Carol Baxter Filed Concurrently Herewith                                4

7              C.    Grounds for Dismissing Complaint                                        7

8    II.       LEGAL ARGUMENT                                                                7

9              A.    Since Plaintiff Gerald Johnson was not a borrower
                     on the subject loan, he lacks standing to maintain the
10                   claims for Tila and Hoepa Violations against
                     defendant                                                              8
11
               B.    The Plaintiff's claims for damages under Hoepa and
12                   Tila are barred by the one year statute of limitations                 10

13             C.    Plaintiffs do not have the right to rescind the instant
                     Transaction                                                            11
14
                     1.    Gerald Johnson is not an Obligor or Consumer
15                         under the TILA and HOEPA and lacks the
                           Right to Rescind                                                 11
16
                     2.    A Valid Notice of Right to Cancel was Given to
17                         Deborah Johnson, so the Three Year Statute of
                           Limitations to Rescind the Transaction Does
18                         Not Apply                                                        12

19                   3.    A Proper Non-Judicial Foreclosure Sale was
                           Conducted and Cuts Off the Right to Rescission   13
20
               D.    Plaintiffs' State Law Fraud Claims are not property
21                   Alleged and not supported by the documents or
                     statements made by the Plaintiffs                                      15
22
               E.    Since First Federal Bank did not violate the TILA,
23                   and did not engage in acts of fraud, Plaintiffs
                     cannot state a claim under RICO                                        17
24
     III.      CONCLUSION                                                                   18
25

26

27

28

i

### TABLE OF AUTHORITIES

**FEDERAL STATUTES:**                                    **PAGE:**

U.S.C.A. Const. Art. 3, §2, cl.1                          8

15 U.S.C. 1602(h)                                         8

15 U.S.C. §1631                                           8,9

15 U.S.C. §1635 (a)                                       11

15 U.S.C. §1635(f)                                        8,9, 11,13

15 U.S.C. §1635(h)                                        11, 12

15 U.S.C. §1640(e)                                        10

FRCP 12(b)(1)                                             10

FRCP 12(b)(6)                                             7,8, 10

FRCP 56                                                   18

12 C.F.R. §226.2(11)                                      12

12 C.F.R. §226.23                                         10, 11

12 C.F.R. §226.23(a)(1)                                   9

12 C.F.R. §226.23(a)(3)                                   12

12 C.F.R. §226.23(b)(1)                                   13

**STATE STATUTES:**                                       **PAGE:**

*California Civil Code,* §1709                            16

*California, Civil Code* §2924                            14

*California Civil Code,* §2924(b)                          14

*California Civil Code,* §2924f(b)                                                    14

*California Civil Code,* §2924g(d)                                                    15


**FEDERALCASES:**                                                                    **PAGE**:

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)                     7

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)                                        8

*Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985)
473 U.S. 479, 496, 105 S.Ct. 3275, 3285                                              17

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1990)             7

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)              8

*Cooper v. Pickett* 137 F.3d 616 (9th Cir. 1997)                                     8

*Levina v. San Luis Coastal Unified School Dist.*,
2007 WL 455045 (C.A.9., Cal. 2007)                                                   8

*Skaff v. Meridien North America Beverly Hills , LLC*                                8
506 F.3d 832 (C.A.9.Cal., 2007)

*Walker v Washington Mutual Bank* 2003 WL 1875536 (C.A.9 (Cal.)                      17

*Barbera v. WMC Mortgage Corp.*, 2006 WL 167632 (N.D. Cal.)                          10

*Edwards v. First American Corp*, 517 F.Supp.2d 1199 (C.D. Cal. 2007)                8

*In re Community Bank of Northern Virginia*,
418 F.3d 277, 305 (3d Cir. 2005)                                                     10

*McMaster v. The CIT Group/Consumer Finance, Inc.*,
2006 WL 1314379, at *4 (E.D. Pa May 11, 2006)                                        10


**STATE CASES:**                                                                     **PAGE**:

*Andrew v. Bankers & Shippers Ins. Co.* (1929) 101 Cal. App. 566, 575               16

*Gervase v. Sup. Ct. (Prudential Securities, Inc.)*, (1995)
31 Cal. App. 4th 1218, 1230-32, 37 Cal.Rptr.2d 875, 883-884          17

*Seeger v. Odell* (1941) 18 Cal.2d 409, 414          16

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.      The Factual Allegations of the Complaint**

In their First Amended Complaint, Plaintiffs DEBORAH JOHNSON and GERALD JOHNSON ("Plaintiffs") again allege that Defendant FIRST FEDERAL BANK OF CALIFORNIA (hereinafter the "Bank" or "Defendant") violated the Home Ownership and Equity Protection Act ("HOEPA") and Truth in Lending Act ("TILA") in connection with the loan secured by Plaintiffs' primary residence (the "Real Property"). (Amended Complaint, ¶1). To these previously plead allegations, Plaintiffs add purported violations of "federal and state" fraud laws, as well as the "RICO Act. "

To support these broad and varied theories of legal recovery, Plaintiffs allege the following *facts*:

1.      That Gerald Johnson had an ownership interest in the Real Property;

2.      That Defendant qualified Plaintiffs for a loan based upon the income of Gerald Johnson, which was $155,000.00 for the year of 2005;

3.      That Plaintiff Deborah Johnson did not have any income from January through June, 2005;

4.      That prior to closing of the subject loan, Gerald Johnson was removed from title to the Real Property;

5.      That prior to closing of the subject loan, Gerald Johnson had unsecured debt of $109,552.00, which was not included in the loan application for the loan at issue;

6.      That Gerald Johnson in his individual capacity was not provided with two copies of Notice of Right to Cancel the subject transaction; and

7.      That the Plaintiffs did not receive notice in connection with the Bank's non-judicial foreclosure of the Real Property.

The remaining allegations in the Amended Complaint consist of improper legal argument and legal conclusions, which are not supported by the documents of this case,

1   and, interestingly enough, are contradicted by the bankruptcy proceedings filed by

2   Deborah Johnson and Gerald Johnson, individually. Plaintiffs conclude their complaint

3   with a request (1) that the court set aside the transfer (foreclosure) of the Real Property;

4   (2) restore the right to rescission; and (3) punitive damages.

5   **B.    The Facts Supported by the Exhibits to the Amended Complaint and**

6   **attached to the Declaration of Carol Baxter Filed Concurrently Herewith**

7           Plaintiff, Gerald Johnson, is a real estate broker. (Request for Judicial Notice,

8   paragraph 1).

9           Plaintiff Deborah Johnson and **her mortgage broker**, Pacific Mortgage

10  Consultants, Inc. ("PCM") began efforts to obtain a loan in connection with the Real

11  Property on February 27, 2005. (Declaration of Carol Baxter ("Baxter Dec."), ¶7,Exhibit

12  1). In connection with these efforts, Ms. Johnson and PCM entered into an Authorization

13  to Disclose, Broker and Borrower Document Certification, Mortgage Loan Origination

14  Agreement and related documents, and submitted them to Defendant. (Baxter Dec., ¶7,

15  Exhibit 1). On this same date, Ms. Johnson and J. Michael Galloway of PCM signed a

16  Uniform Residential Loan Application (Baxter Dec, ¶ 7, Exhibit 1). On this application,

17  Ms. Johnson did not list any income or credit card debt. (*See id.*).

18          On May 5, 2005, Gerald Johnson, as Deborah Johnson's attorney in fact, and

19  PCM signed another Uniform Residential Loan Application. (Baxter Dec., ¶8, Exhibit 2).

20  This second loan application listed Ms. Johnson as the sole borrower, represented that her

21  monthly income was $27,500.00[1] and set forth a number of credit card debts as liabilities.

22  (*See id.*).

23          The first application, second application and a letter from Ms. Johnson's listed

24  employer on both applications, The Care Financial Group, were submitted by Ms.

25  Johnson and PCM to the bank. The applications signed by Ms. Johnson, Gerald Johnson

26  as her attorney in fact and PCM's representative stated:

27  We fully understand that it is a Federal crime punishable by fine or imprisonment or

28  ────────────────────

[1] This monthly income would represent an annual income of $330,000.00.

4

1    both to knowingly make any false statements concerning any of the above facts as
2    applicable under the provisions of Title 15, United States Code, Section 1001, et seq."

3        PCM was the Plaintiffs' broker, not Defendant's agent. (See Baxter Dec., ¶7,
4    Exhibit 1).

5        Based upon the loan application and representations made by the Borrower,
6    Deborah Johnson, through her loan broker, PCM, and her attorney in fact, Gerald
7    Johnson, Defendant funded the loan secured by the Real Property.

8        In connection with the closing of the loan, Defendant provided the Borrower,
9    Deborah Johnson, with two copies of the Notice of Right to Cancel. (Baxter Dec., ¶8
10   Exhibit 3). These Notices were signed by the Borrower, through her attorney in fact,
11   Gerald Johnson, on May 5, 2005.[2]

12       The loan closed on May 5, 2005. (Baxter Dec., ¶8, Exhibits 2-3, Request for
13   Judicial Notice, Exhibit 1).

14       Beginning in May, 2007, almost one year ago, and continuing to this day,
15   Deborah Johnson defaulted on the loan by failing to make the monthly payments. (Baxter
16   Dec., ¶9). Accordingly, on July 12, 2007, Defendant commenced efforts to exercise its
17   power of sale and recorded a Notice of Default and Election to Sell Under Deed of Trust.
18   (Request for Judicial Notice, Exhibit 2). This Notice was mailed via first class mail and
19   via certified mail to Deborah Johnson and Gerald Johnson as her attorney in fact, at the
20   Real Property address, and to the P.O. Box listed as the Plaintiffs' address on the
21   pleadings filed in this case. (Baxter Dec., ¶10, Exhibit 4 - Affidavit of Mailing,
22   Declaration of Mailing by Certified/Registered Mail). On August 2, 2007, this Notice
23   was also mailed via first class mail and certified/registered mail to Deborah Johnson and
24   Gerald Johnson oat 27216 Prado Del Sol, Carmel, CA 93723. (Baxter Dec., ¶10, Exhibit
25   4).

26   _____

27   [2] It should be noted that the Borrower, through her attorney in fact, Gerald Johnson,
     exercised her right to rescind the transaction on May 5, 2005, and then changed her mind, and
28   "rescinded" the rescission. A clean copy of the Notice of Right to Cancel was requested by the
     Bank through its employee, Darlene Phung. (Baxter Dec., Exhibit 3). The Plaintiffs do not
     dispute that Ms. Johnson rescinded the rescission.

5

1    Three months later, on October 15, 2007, a Notice of Trustee's Sale was

2  recorded. (Request for Judicial Notice, Exhibit 3). On October 16, 2007, a Notice of

3  Trustee's Sale was posted on the Real Property at issue, mailed to the Plaintiffs and

4  published in "The Pine Cone," which was the local newspaper of general circulation in

5  the Plaintiffs' area of residence. (Baxter Dec., ¶ 11, Exhibit 5). The Trustee's Sale was

6  scheduled for November 8, 2007. (*See id.*).

7    On November 7, 2007, Plaintiff Deborah Johnson filed a chapter 13 bankruptcy

8  petition. As stated in this Court's Order Granting Defendant First Federal Bank of

9  California's Motion to Dismiss with Leave to Amend, "[i]n the various schedules, the

10  residence was identified as an asset of the estate and the loan from the bank was identified

11  as a liability. Gerald Johnson was not identified as a co-debtor on the loan whatsoever."

12  (Request for Judicial Notice, Exhibit 7).

13    On November 8, 2007, the Trustee's Sale was postponed to February 8, 2008

14  due to the bankruptcy filed by Deborah Johnson. (Baxter Dec., ¶12, Request for Judicial

15  Notice, Exhibit 5).

16    On November 16, 2007, Gerald Johnson filed for Chapter 7 bankruptcy.

17  (Request for Judicial Notice, Exhibit 4). He did not list First Federal Bank of California

18  as a creditor in his bankruptcy filing. *See id.* Gerald Johnson's bankruptcy was

19  dismissed due to his failure to file the requisite schedules. *See id.*

20    On January 4, 2008, Deborah Johnson's bankruptcy proceeding was dismissed.

21  On February 6, 2008, at the hearing on Defendant's motion for relief from stay, the

22  bankruptcy court found that there was no stay due to the dismissal of the bankruptcy on

23  January 4, 2008. (Request for Judicial Notice, ¶ 5, Exhibit "7").

24    Accordingly, on February 8, 2008, Defendant proceeded with the non-judicial

25  foreclosure. The Trustee's Deed Upon Sale was completed on this date, and recorded on

26  February 12, 2008. (Request for Judicial Notice, Exhibit 5).

27    Plaintiffs have been living in a million dollar residence since May, 2007 for free.

28  ///

**C.      Grounds for Dismissing Complaint**

The Plaintiffs' Amended Complaint is flawed as a matter of law and cannot be amended in any way to afford relief for the following reasons:

1.      Documents of which this court can take judicial notice show that Gerald Johnson was not a party to the Loan and therefore does not have standing to bring the instant claim against the Bank.

2.      Plaintiffs' alleged damages claims are barred by the one year statute of limitations set forth in 15 U.S.C. §1640(e).

3.      The three year statute of limitations set forth in 15 U.S.C. §1635(f) does not apply, because (1) the Notice of Right to Cancel was proper and timely provided to the Borrower; (2) the non-judicial foreclosure sale cuts off the right to rescind; and (3) Plaintiffs received notice of the non-judicial foreclosure pursuant to *California Civil Code*, sections 2924, *et seq.*

4.      Any fraud in connection with the transaction was committed by the Plaintiffs and their broker.

5.      Plaintiffs have not properly alleged a cause of action under RICO.

## II.

## LEGAL ARGUMENT

Pursuant to FRCP 12(b)(6), a motion to dismiss as presented here is proper when the challenged pleading suffers either from "a lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1990).  As to the relevant burden of proof, in deciding a motion to dismiss based upon FRCP 12(b)(6), because the court must take all of the allegations of the pleading as true, a claim should not be dismissed unless it appears beyond a doubt that plaintiff cannot prove any set of facts in support of the claim entitling plaintiff to the relief requested.  *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"However, the court is not required to accept legal conclusions cast in the form

1  of factual allegations if those conclusions cannot reasonably be drawn from the facts

2  alleged. " *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).   Mere

3  conclusions couched in factual allegations are not sufficient to state a cause of action.

4  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).   Further, in ruling on a motion to dismiss

5  under Rule 12(b)(6), the court may consider the documents attached to the complaint, if

6  its authenticity is not questioned.   In addition, when the plaintiffs fail to introduce a

7  pertinent document as part of their pleading, the defendant may introduce the exhibit as

8  part of its motion attacking the pleading." *Cooper v. Pickett* 137 F.3d 616 (9th Cir. 1997).

9  **A.  SINCE PLAINTIFF GERALD JOHNSON WAS NOT A BORROWER**

10  **ON THE SUBJECT LOAN, HE LACKS STANDING TO MAINTAIN THE**

11  **CLAIMS FOR TILA AND HOEPA VIOLATIONS AGAINST DEFENDANT.**

12      In order to establish standing, a plaintiff must show that (1) he suffered an injury

13  in fact; (2) he can trace the injury to the conduct of the defendant; and (3) the court can

14  redress the injury to him by a favorable decision.  *Skaff v. Meridien North America*

15  *Beverly Hills , LLC* 506 F.3d 832 (C.A.9.Cal., 2007) citing U.S.C.A. Const. Art. 3, §2,

16  cl.1.   Further, standing is an aspect of subject matter jurisdiction.  *Edwards v. First*

17  *American Corp.*, 517 F.Supp.2d 1199 (C.D.Cal. 2007).   If a party lacks standing, the court

18  does not have jurisdiction as to that party.  *Levina v. San Luis Coastal Unified School*

19  *Dist.*, 2007 WL 455045 (C.A.9., Cal. 2007).

20      In the instant case, the Amended Complaint alleges that Defendant violated the

21  TILA "in regard to Plaintiffs' residence" and "in regards to material disclosures and right

22  to rescind for Plaintiff, Gerald Johnson." (Amended Complaint, ¶¶ 1 & 5).

23      However, the TILA, as amended by the HOEPA (the "Acts"), applies to

24  "consumers," which is defined by the Acts as "the party to whom credit is offered or

25  extended." 15 U.S.C. 1602(h).  Further, the Acts impose certain disclosure requirements

26  to the "person who is obligated on . . . a consumer credit transaction . . ." and "to whom

27  credit is extended." 15 U.S.C. §§ 1631 & 1635(f).   In the transaction at issue, Gerald

28  Johnson is not a "consumer" under the Acts.

1    It is not disputed that Gerald Johnson did not borrow any funds from Defendant

2  Bank. However, in an attempt to get around this significant fact, Plaintiff Gerald Johnson

3  alleges that prior to the funding of the subject loan, he was a co-owner and on title to the

4  Real Property at issue. However, Gerald Johnson's ownership interest in the Real

5  Property, or lack thereof, is not relevant to the claims under the TILA and HOEPA. These

6  Acts only require that the requisite disclosures are made by the lender to the borrower on

7  the account, not every person who will reside at or claim an ownership interest in the

8  property. See 15 U.S.C. §1631, 1635(f); 12 C.F.R. §226.23(a)(1).

9    Further, in her bankruptcy schedules, of which this Court has already taken

10  Judicial Notice, Ms. Johnson lists her debt with the Bank as a liability, but admits by

11  omission that Gerald Johnson was not a co-debtor on the loan. (Request for Judicial

12  Notice, Exhibit 7). Consistent with this position, in his own bankruptcy filing, Gerald

13  Johnson did not list First Federal Bank as a creditor. (Request for Judicial Notice, Exhibit

14  4).    The Plaintiffs cannot play both sides of the fence and argue Gerald Johnson is a

15  borrower for purposes of the instant action, but not for purposes of the bankruptcy

16  proceedings. Such contrary positions are very telling as to the legal maneuvering the

17  Plaintiffs will resort to in order to keep their claims alive.

18    In an attempt to get around the fact that he was not a borrower on the loan

19  transaction at issue, Gerald Johnson alleges in the Amended Complaint that he was

20  convinced by an agent of the Defendant at the loan closing on May 5, 2005 that he needed

21  to be removed from the loan to receive it. However, the exhibits attached to the Amended

22  Complaint and to the Declaration of Carol Baxter filed concurrently herewith demonstrate

23  that this allegation is not only irrelevant, it's false.

24    Plaintiffs and *their* loan broker, PCM, filled out the application and presented

25  the information contained therein to the Defendant. Further, two months *prior* to the loan

26  closing, Deborah Johnson and PCM signed a loan application, which contained only

27  Deborah Johnson as the borrower. (Baxter Dec., ¶ 7, Exhibit 1). According to the broker

28  agreements, PCM would provide the loan application to several lenders, and not

9

1  exclusively to First Federal Bank. (Baxter Dec., ¶7, Exhibit 1). Thus, the documents

2  demonstrate that it was the Plaintiffs and their agent's intent and design to have Deborah

3  Johnson be the sole borrower on the property, not the Defendant's idea. It defies common

4  sense that the Bank would want only half of the picture in deciding whether to lend

5  almost $1,000,000.00 to a borrower.

6  Consequently, as Plaintiff Gerald Johnson did not suffer an injury traceable to

7  the alleged conduct of the Defendant, and lacks standing to assert a claim against the

8  Defendant for violations of the TILA and HOEPA, the Court should grant Defendant's

9  Motion to Dismiss the Complaint filed by Plaintiff Gerald Johnson under FRCP 12(b)(1)

10 and 12(b)(6).

11  **B. THE PLAINTIFFS' CLAIMS FOR DAMAGES UNDER HOEPA AND**

12  **TILA ARE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS**

13  In their Amended Complaint, Plaintiffs' admit that subject loan closed on May

14  5, 2005. (Amended Complaint, p. 4, ¶2)

15  An action for damages under HOEPA or TILA must be brought within one year

16  of the violation. *See* 15 U.S.C. §1640(e); 12 C.F.R. §226.23; *In re Community Bank of*

17  *Northern Virginia*, 418 F.3d 277, 305 (3d Cir. 2005); *McMaster v. The CIT*

18  *Group/Consumer Finance, Inc.*, 2006 WL 1314379, at *4 (E.D. Pa May 11, 2006).

19  Further, the violation occurs when the consumer becomes contractually obligated on the

20  credit transaction. *McMaster*, 2006 WL 131479, at *4. Thus, the one year statute of

21  limitations begins to run on the date the loan closes. *Barbera v. WMC Mortgage Corp.*,

22  2006 WL 167632 (N.D. Cal.).

23  In the instant case, the Plaintiff's loan with Defendant closed on or before May

24  5, 2005. The instant action for damages under the TILA and HOEPA was not

25  commenced until January 15, 2008, well over one year from the loan closing date.

26  Accordingly, Plaintiffs' damages claim is barred by the statute of limitations and should

27  be dismissed by the court with prejudice pursuant to FRCP 12(b)(6). See Request for

28  Judicial Notice, Exhibits 1 & 7.

1    **C.  PLAINTIFFS DO NOT HAVE THE RIGHT TO RESCIND THE**
2    **INSTANT TRANSACTION**
3        **1.    Gerald Johnson is not an Obligor or Consumer under the TILA and**
4              **HOEPA and lacks the Right to Rescind**
5        In the Legal Argument and Conclusion sections of the Amended Complaint,
6    Plaintiffs assert that Gerald Johnson has the right to rescind the transaction under
7    15 U.S. C. §1635(f) and 12 C.F.R. §226.23 because prior to the loan transaction at issue,
8    he was on title to the Real Property.  He goes on to contend that since he was previously
9    on title, he had a right to receive the Notice of Right to Cancel required under the TILA
10    and HOEPA.
11        The provisions in the TILA and HOEPA regarding the right to rescission are
12    found at 15 U.S.C. §1635 and 12 C.F.R. §226.23.
13        Section 1635(a) provides that "in the case of a consumer credit transation . . . in
14    which a security interest . . . in any property which is used as the principal dwelling of **the**
15    **person to whom credit is extended**, the **obligor** shall have the right to rescind the
16    transaction until midnight of the third business day following the consummation of the
17    transaction or the delivery of the information and rescission forms required under this
18    section . . . ." [Emphasis added.]
19        Section 1635(f) provides that "[a]n **obligor's** right of rescission shall expire
20    three years after the date of consummation of the transaction or upon sale of the property,
21    whichever occurs first, notwithstanding the fact that the information and forms required
22    under this section . . . have not been delivered to the **obligor**. . . ."
23        Section 1635(h) provides that "[a]n **obligor** shall have no rescission rights
24    arising solely from the form of written notice used by the creditor to inform the **obligor** of
25    the rights of the **obligor** under this section, if the creditor provided the **obligor** with the
26    appropriate form of written notice . . . or a comparable written notice of the rights of the
27    obligor . . . ."
28        12 C.F.R. §226.23 is the companion to Section 1635, and contains similar

11

1   provisions and language; however, rather than the obligor, this section refers to the

2   "consumer," which is defined by the act as "the person to whom credit is offered or

3   extended." For purposes of the rescission rights under §226.23, the term also includes a

4   natural person if that person's ownership interest in the dwelling will be affected by the

5   security interest. 12 C.F.R. §226.2(11).

6          Gerald Johnson was not an obligor or consumer on the transaction at issue in

7   this case. He argues over and over again that he had an ownership interest in the Real

8   Property, that he was on title to the Real Property prior to the closing of the loan at issue,

9   and that he was advised by an agent (who turned out to be Ms. Johnson's broker) to

10  remove himself from the loan and application. **However, none of these assertions, some**

11  **of which may be true and some of which may not be true, change the undisputed**

12  **fact that Gerald Johnson was not an obligor, was not a person to whom credit was**

13  **extended and was not a consumer in connection with this loan secured by Real**

14  **Property.** In the Deed of Trust executed by Deborah Johnson on May 5, 2005 to secure

15  the loan at issue, the property is listed as the property of "**Deborah Johnson, a married**

16  **woman as her sole and separate property**." (See Request for Judicial Notice, Exhibit

17  1).

18         Even if the court were to assume that Gerald Johnson was convinced prior to

19  loan closing to remove himself from the note and deed of trust and quitclaim ownership

20  of the property to his wife, and that Gerald Johnson should under some stretch of the

21  imagination be considered a "de facto" obligor or consumer on the transaction, he was

22  given "de facto" Notice of the Right to Cancel. since he signed all of the loan documents

23  as Deborah Johnson's attorney in fact. Thus, even under this tenuous argument, Gerald

24  Johnson does not have the right to rescind. *See* 15 U.S.C. §1635(h); 12 C.F.R.

25  §226.23(a)(3).

26  **2.      A Valid Notice of Right to Cancel was Given to Deborah Johnson, so**

27  **the Three Year Statute of Limitations to Rescind the Transaction**

28  **Does Not Apply**

1    As set forth herein above, 12 C.F.R. §226.23(a)(3) provides that "[i]f the

2  required notice of material disclosures are not delivered, the right to rescind shall expire 3

3  years after consummation, upon transfer of the consumer's interest in the property, or

4  upon the sale of the property, whichever occurs first."

5    Further, the lender is required to deliver two copies of the notice of the right to

6  rescind to each consumer, on a separate document, which contains "clearly and

7  conspicuously" the following: "(i) [t]he retention or acquisition of a security interest in

8  the consumer's principal dwelling; (ii) [t]he consumer's right to rescind the transaction;

9  (iii) [h]ow to exercise the right to rescind, with a form for that purpose, designating the

10  address of the creditor's business; (iv) [t]he effects of rescission . . . ; (v) [t]he date the

11  rescission period ends."  12 C.F.R. §226.23(b)(1).

12    The Notice of Right to Cancel provided to Deborah Johnson (and signed by her

13  "attorney in fact," Gerald Johnson) complies with each of the requirements set forth in the

14  Acts.   (See Amended Complaint, Exhibit "G", and Baxter Dec., ¶ 8, Exhibit 3).

15    Consequently, since a valid Notice of Right to Cancel was provided to Deborah

16  Johnson, she does not have an extended, three year, right to rescind the subject

17  transaction.

18    **3.    A Proper Non-Judicial Foreclosure Sale was Conducted and Cuts**

19    **Off the Right to Rescission**

20    Under 15 U.S.C. §1635(f), if the extended right to rescission is applicable, the

21  consumer has three years from the consummation of the transaction, or upon sale of the

22  property, which ever occurs first, to exercise the right to rescind.  Further, section 1635(i)

23  provides that "after the initiation of any judicial or non-judicial foreclosure process on the

24  primary dwelling of an obligor securing an extension of credit, the obligor shall have the

25  right to rescind the transaction . . . if (B) the form of notice of rescission for the

26  transaction is not the appropriate form of written notice published and adopted by the

27  Board or a comparable written notice, and otherwise complied with all the requirements

28  of this section regarding notice."

1      As set forth herein above, Deborah Johnson was provided with the proper Notice
2  of Right to Cancel (and other disclosures) required under the TILA and HOEPA. Thus,
3  the extended rescission period does not apply to the transaction at bar.

4      However, as mentioned at the hearing on Defendant's previous motion to
5  dismiss the Complaint, the Real Property at issue was transferred to the Bank at a
6  Trustee's Sale on February 8, 2008. In an attempt to get prevent their claims from
7  becoming stale as a result of the one year statute of limitations set forth in section
8  1640(e), and assuming the extended statute of limitations period in §1635 applies, the
9  Plaintiffs are now alleging that the non-judicial foreclosure sale was improper because the
10  Plaintiffs did not get notice of the sale. Again, the documents attached as Exhibits 4 and
11  5 to the Declaration of Carol Baxter show that these allegations run contrary to the
12  evidence in the case.

13      Pursuant to California *Civil Code* §2924, a foreclosure action is commenced by
14  the recordation of a notice of default which must be mailed by registered or certified mail
15  to the trustor. *Civil Code* §2924(b). As the attached declaration of Carol Baxter
16  demonstrates, Defendant, through the trustee, properly recorded and mailed the requisite
17  notice to the Plaintiffs. Moreover, after three months have elapsed from the notice of
18  default, the trustee can proceed with recordation and service of the notice of sale. The
19  notice of sale must be:

20  (1)    Recorded 14 days before the sale *Civil Code* §2924f(b);

21  (2)    Mailed by certified or registered mail to the trustor 20 days before the sale *Civil*
22  *Code* §2924f(b);

23  (3)    Posted on the premises 20 days from the date of the sale *Civil Code* §2924f(b);
24  and

25  (4)    Published in a newspaper of general circulation once a week for three weeks
26  *Civil Code* §2924f(b).

27      As the attached declaration of Carol Baxter establishes, Defendant fully
28  complied with the requirements of *Civil Code* §2924f(b).

14

In the instant case on July 12, 2007, Defendant commenced efforts to exercise its power of sale and recorded a Notice of Default and Election to Sell Under Deed of Trust. This Notice was mailed via first class mail and via certified mail to Deborah Johnson and Gerald Johnson as her attorney in fact, at the Real Property address, and to the P.O. Box listed as the Plaintiffs' address on the pleadings filed in this case. On August 2, 2007, this Notice was also mailed via first class mail and certified/registered mail to Deborah Johnson and Gerald Johnson at 27216 Prado Del Sol, Carmel, CA 93723.

On October 15, 2007, a Notice of Trustee's Sale was recorded. On October 16, 2007, a Notice of Trustee's Sale was posted on the Real Property at issue and mailed to the Plaintiffs. The Trustee's Sale was initially set for November 8, 2007.

On November 7, 2008, Deborah Johnson filed for Chapter 13 bankruptcy. Accordingly, due to the bankruptcy filing by the borrower, at the location and on the date listed in the Notice of Trustee's Sale of November 8, 2007, the Trustee properly postponed the Trustee's Sale to February 8, 2008. (See Request for Judicial Notice, Exhibit 5).

The Plaintiffs may argue that although they received notice of the original scheduled sale date of November 8, 2007, they did not receive notice of the February 8, 2008 date. **However, in the event of a postponement made by public declaration by the trustee, "[n]o other notice of postponement need be given."** *California Civil Code,* section 2924g(d).

Consequently, as all of the documents and evidence point to a properly noticed and conducted non-judicial foreclosure and sale, the Plaintiffs' attempts to allege that they still have the right to rescind the foreclosure and the loan transaction at issue are without merit in fact and at law. As a result, their Amended Complaint should be dismissed by this Court without leave to amend.

**D.      PLAINTIFFS' STATE LAW FRAUD CLAIMS ARE NOT PROPERLY ALLEGED AND NOT SUPPORTED BY THE DOCUMENTS OR STATEMENTS MADE BY THE PLAINTIFFS**

1    In addition to the claims made under the TILA, HOEPA and other federal
2  statutes, Plaintiffs also attempt to allege common law fraud claims in their Amended
3  Complaint. However, these claims are similarly improperly plead and without any factual
4  basis.

5    In order to allege a cause of action for fraud (intentional misrepresentation), a
6  plaintiff must be able to plead  (1) a misrepresentation; (2) knowledge of the falsity; (3)
7  intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Civ. C.* §1709;
8  *Seeger v. Odell* (1941) 18 Cal.2d 409, 414; *Andrew v. Bankers & Shippers Ins. Co.* (1929)
9  101 Cal. App. 566, 575.

10    Of the five elements set forth herein above, Plaintiffs have only alleged one,
11  namely a misrepresentation. Plaintiffs allege that on the loan application submitted by
12  Deborah Johnson through her "attorney in fact," Gerald Johnson, to Defendant to obtain a
13  loan from Defendant, the income represented by Deborah Johnson was false and the
14  liabilities represented by Deborah Johnson were incomplete. (Amended Complaint, page
15  3, ¶1). This misrepresentation was made *by the Plaintiffs*, not by the Defendant. It was
16  made by the Plaintiffs with knowledge of the falsity, with the intent to induce reliance by
17  the bank, and which *caused the Defendant damages*. At the hearing on Defendant's first
18  motion to dismiss, Plaintiff Gerald Johnson even admitted the same on the record. (See
19  Request for Judicial Notice, Exhibit 6).

20    It is mind boggling how the Plaintiffs are somehow attempting to take
21  misrepresentations made by them on their loan application and impute this improper
22  conduct to the Defendant. It simply does not make sense that the bank would encourage a
23  borrower to misstate her income and liabilities, just so the bank can lend her close to 1
24  million dollars.

25    Ordinarily, since the Plaintiffs are in pro per in this legal proceeding, one could
26  assume they should be given the benefit of the doubt. Perhaps they are confused and
27  think that PCM, Deborah Johnson's mortgage broker, was actually the broker for the
28  bank.

1    However, Gerald Johnson is a real estate agent, and was at the time the instant
2    transaction was entered into in May of 2005.  As such, he clearly has a working
3    knowledge of the documents related to loans secured by real property, the importance of
4    stating the truth on loan applications, and the identity of the players working as agents of
5    the lender as distinguished from those working on behalf of the borrower.

6    In light of the foregoing, this court is urged to put a stop to the baseless
7    allegations, endless filings and ever changing legal tactics, and dismiss the Plaintiffs'
8    Amended Complaint without leave to amend.

9    E.    **SINCE FIRST FEDERAL BANK DID NOT VIOLATE THE TILA, AND**
10    **DID NOT ENGAGE IN ACTS OF FRAUD,  PLAINTIFFS CANNOT STATE A**
11    **CLAIM UNDER RICO**

12    Plaintiffs include a superficial reference to RICO in paragraph 6 of the Amended
13    Complaint.  However, they do not allege any facts to support such a claim for relief, only
14    summary legal conclusions.

15    In order to state a claim under RICO, the Plaintiffs must be able to plead and
16    prove (1) the existence of an enterprise affecting interstate commerce; (2) that Defendant
17    was associated with or employed by the enterprise; (3) the Defendant participated in the
18    conduct of the affairs of the enterprise; (4) that Defendant participated in a pattern of
19    racketeering which included at least two predicate acts; and (5) actual injury to the
20    business or property of Plaintiffs. *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S.
21    479, 496, 105 S.Ct. 3275, 3285; *Gervase v. Sup. Ct. (Prudential Securities, Inc.)*, (1995)
22    31 Cal. App. 4th 1218, 1230-32, 37 Cal.Rptr.2d 875, 883-884.  Plaintiffs' Amended
23    Complaint does not contain any such allegations against First Federal Bank.

24    In addition, the *Walker* case holds that where a plaintiff's claims for wrongful
25    foreclosure and RICO violations are based on alleged TILA violations, and there are no
26    TILA violations, such plaintiff cannot maintain a RICO cause of action. *Walker v*
27    *Washington Mutual Bank* 2003 WL 1875536 (C.A.9 (Cal.).

28    Consequently, as there are no TILA violations, no fraud on the part of the

1    Defendant and no RICO violations in the case at bar, Defendant's Motion to Dismiss the

2    Amended Complaint should be granted.

3                                        **III.**

4                                **CONCLUSION**

5           Based on the foregoing, Defendant FIRST FEDERAL BANK OF CALIFORNIA

6    respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint

7    (including the complaint filed in the related case number 08-01796), for lack of subject

8    matter jurisdiction and failure to state a claim upon which relief can be granted, without

9    leave to amend, as the Complaint is fatally defective and cannot be corrected.

10          In the alternative, Defendant FIRST FEDERAL BANK OF CALIFORNIA

11   requests that the Court consider the above motion as a Motion for Summary Judgment

12   under FRCP 56 in light of the evidence submitted outside the four corners of the

13   Complaint, and enter summary judgment in favor of Defendant.

14          Finally, Defendant requests any further relief which this Court deems

15   appropriate.

16   DATED: April 17, 2008                HEMAR, ROUSSO & HEALD, LLP

17

18                                        By: _____
                                               PAMELA L. COX
19                                             Attorneys for Defendant
                                               FIRST FEDERAL BANK OF
20                                             CALIFORNIA

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On April 17, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND IDENTICAL COMPLAINT IN REMOVED ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROL BAXTER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**DEBORAH E. JOHNSON**
**PO Box 4448**
**Carmel, CA 93921-4448**

**GERALD D. JOHNSON (Pro Se, Filing Party)**
**PO Box 4448**
**Carmel, CA 93921-4448**

<u>XX</u>    At my business address, I placed such envelope for deposit with the__Federal Express or <u>XX</u>   U.S. Postal Office  by placing them for collection and mailing on that date following ordinary business practices.

___    I delivered such envelope(s) by hand to the offices of the addressees.

___    I caused such copies to be facsimiled to the persons set forth.

<u>XX</u>    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___    (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 17, 2008 at Encino, California.

*Lisa Fields*
LISA FIELDS