PAMELA L. COX (State Bar No. 191883)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
(818) 501-3800; (818) 501-2985 (Fax)
e-mail: pcox@hemar-rousso.com
Refer to File Number: 3968-20080200-PLC

Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH E. JOHNSON and GERALD D. JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>Defendant. | CASE NO. C08-00264PVT<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF THE STATEMENT OF FACTS AND EXHIBITS IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing:<br>Date : June 3, 2008<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Patricia V. Trumbell, Magistrate |

Defendant and moving party FIRST FEDERAL BANK OF CALIFORNIA (hereinafter "Defendant" or First Federal Bank") hereby respectfully submits its memorandum of points and authorities in support of its Reply to Plaintiff's Request for Judicial Notice of the Statement of Facts and Exhibits in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Plaintiff's Request for Judicial Notice" or "Opposition").

//
//

1

I.

**OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

1. Defendant objects to the Statement of Facts, Fact No. 1 on the grounds that it contains hearsay, argument and is not a matter of which the Court may take judicial notice. Defendant does not object to the document attached thereto as Exhibit "A."

2. Defendant objects to the Statement of Facts, Fact No. 2, which states that "Plaintiff's Exhibit "B" contains all 5 documents used in the foreclosure and produced by T.D. Service Company and Defendant, First Federal Bank, on the grounds that it is false and is not a matter of which the Court may take judicial notice. (See additional documents attached to the Declaration of Carol Baxter and Defendant's Request for Judicial Notice filed on April 17, 2008).

3. Defendant objects to the Statement of Facts, Fact No. 4, that "[N]either signature match the signature or method of dating the application or disclosures submitted as Defendant's Exhibit "1" to the Declaration of Carol Baxter. Plaintiffs will cooperate with any Federal, State or Local law inforcement [sic] agency to uncover or prosecute any suspected forgery and Plaintiffs welcome any investigation into the fraud actions listed in this civil suit." This objection is based upon the grounds that these matters are not proper for a Request for Judicial Notice in that they are argumentative and subject to dispute.

4. Defendant objects to the Statement of Facts, Fact No. 5, in its entirety on the grounds that it contains hearsay and is not a matter of which the Court may take judicial notice.

5. Defendant objects to the Statement of Facts, Fact No. 6, in its entirety on the grounds that it contains hearsay and is not a matter of which the Court may take judicial notice.

6. Defendant objects to the Statement of Facts, Fact No. 8, in its entirety in that it is false. See Defendant's Request for Judicial Notice, Exhibit "4."

//
//

## II.

## GERALD JOHNSON IS NOT A "CONSUMER" UNDER THE PERTINENT ACTS BECAUSE HE DID NOT HAVE AN OWNERSHIP INTEREST IN THE PROPERTY SECURING THE SUBJECT LOAN

Plaintiffs spend the majority of their "Opposition" addressing ancillary matters that were not originally alleged against the Defendant when this matter was initially filed in January of 2008. However, the one core issue alluded to in the Opposition that is pertinent to the case at bar is whether Plaintiff Gerald Johnson has standing to assert a TILA and HOEPA claim against Defendant in connection with the subject loan.

Plaintiff Gerald Johnson asks the court to take judicial notice of the definition of "consumer," which states that for purposes of rescission under 226.15 and 226.23 a "consumer" "also includes a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest."

What Plaintiff Gerald Johnson fails to address; however, is that according to the Deed of Trust executed by Deborah Johnson (through her attorney in fact, Gerald Johnson) on May 5, 2005 to secure the loan at issue, the property is listed as the property of **"Deborah Johnson, a married woman as her sole and separate property."** (See Request for Judicial Notice, Exhibit 1). **Thus, Gerald Johnson had no ownership interest in the subject property that would be subject to Defendant's security interest.**

Again, even if the court were to assume that Gerald Johnson was convinced prior to loan closing to remove himself from the note and deed of trust and quitclaim ownership of the property to his wife, and that Gerald Johnson should under some stretch of the imagination be considered a "de facto" obligor or consumer on the transaction, he was given "de facto" Notice of the Right to Cancel, since he signed all of the loan documents as Deborah Johnson's attorney in fact. Thus, even under this tenuous argument, Gerald Johnson does not have the right to rescind. *See* 15 U.S.C. §1635(h); 12

3

1  C.F.R. §226.23(a)(3).

2  Consequently, Defendant's Motion to Dismiss should be granted without leave
3  to amend.

## III.

## THE REBATE PAYMENT DOES NOT CHANGE THE MORTGAGE BROKER'S STATUS FROM AN AGENT OF THE BORROWER TO AN AGENT OF THE SELLER

In an issue which does not support the Plaintiffs' claims in this case, Plaintiffs attempt to imply that because Pacific Mortgage Consultants, Inc. ("PCM") was paid by First Federal Bank through a rebate program, it somehow became the Defendant's agent. Although this fact does not change the legal insufficiency of Plaintiffs claims, Defendant will address such issue out of an abundance of caution.

As set forth in the Declaration of Carol Baxter filed concurrently herewith, the rebate fee is the fee that the broker is paid for brokering the loan. Typically, a broker has the ability to earn a rebate of up to 3.25% of the loan face amount, paid by the lender. The broker works with the borrower in selecting the rate, and the rebate is affected by the rate. If the rate is better (i.e., lower) for a borrower, the rebate tends to be less because the lender is making less over the term of the loan. The broker needs to be competitive so they can't automatically put a borrower into a program that offers the highest rebate because then the rate would be higher, and the borrower would be inclined to take her business elsewhere.

Consequently, the broker not only shops for the best rate for the borrower, but also shops for the best lender among many. Thus, if, for instance, Countrywide had a better loan than First Federal Bank, the broker, as the borrower's agent, would select that lender for his client.

The documents attached as Exhibit "1" to the Declaration of Carol Baxter filed on April 17, 2008 are part of the loan file, were relied upon by Defendant in connection with the loan transaction and clearly indicate that PCM was the borrower's broker.  If the

4

Plaintiffs are now contending that the February 27, 2005 signatures are not genuinely those of Deborah Johnson, that is an issue more appropriately explored by Plaintiffs and PCM.

## IV.
## PLAINTIFFS HAVE NOT RAISED ANY GROUNDS UPON WHICH TO SET ASIDE THE NON-JUDICIAL FORECLOSURE

In their Opposition, Plaintiffs attach several documents pertinent to the non-judicial foreclosure action as Exhibits thereto. However, they have not raised any facts, nor submitted any argument as to why the non-judicial foreclosure sale was not proper or should be set aside. This is likely because there are no grounds.

Consequently, Defendant's Motion to Dismiss should be granted without leave to amend.

## V.
## CONCLUSION

Plaintiffs have thrown about a lot of legal terms, accusations of wrong doing and filed numerous pleadings in an attempt to keep living in a million dollar property for free. However, if the Court steps back and really examines what the Plaintiffs have alleged and have admitted to in their pleadings and during oral argument, the conclusion is simple: the Plaintiffs (or at least Plaintiff, Gerald Johnson as a real estate broker) knew exactly what they were doing when they conveyed the property to Deborah Johnson and misrepresented her income to obtain the subject loan.

The Court is respectfully requested to put an end to these games.

Based on the foregoing, Defendant FIRST FEDERAL BANK OF CALIFORNIA implores the Court to grant its Motion to Dismiss the First Amended Complaint and identical complaint in the related action, without leave to amend.

In the alternative, Defendant FIRST FEDERAL BANK OF CALIFORNIA requests that the Court consider the above motion as a Motion for Summary Judgment under FRCP 56 in light of the evidence submitted outside the four corners of the

1  Amended Complaint, and enter summary judgment in favor of Defendant.
2       Finally, Defendant requests any further relief which this Court deems
3  appropriate.
4  DATED: May 16, 2008            HEMAR, ROUSSO & HEALD, LLP
5
6                                 By: /s/ Pamela L. Cox
7                                     PAMELA L. COX
                                      Attorneys for Defendant
                                      FIRST FEDERAL BANK OF
8                                     CALIFORNIA

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

     I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

     On May 20, 2008, I served the foregoing document described as **DEFENDANT'S REPLY TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF THE STATEMENT OF FACTS AND EXHIBITS IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

DEBORAH E. JOHNSON
PO Box 4448
Carmel, CA 93921-4448

GERALD D. JOHNSON
PO Box 4448
Carmel, CA 93921-4448

XX   At my business address, I placed such envelope for deposit with the __ Federal Express or
XX   U.S. Postal Office by placing them for collection and mailing on that date following ordinary business practices.

___ I delivered such envelope(s) by hand to the offices of the addressees.

___ I caused such copies to be facsimiled to the persons set forth.

XX   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___ (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 20, 2008 at Encino, California.

*Lisa Fields*
LISA FIELDS