1  PAMELA L. COX (State Bar No. 191883)
   **HEMAR, ROUSSO & HEALD, LLP**
2  15910 Ventura Boulevard, 12th Floor
   Encino, California 91436
3  (818) 501-3800; (818) 501-2985 (Fax)
   e-mail: pcox@hemar-rousso.com
4  Refer to File Number: 3968-20080200-PLC

5  Attorneys for Defendant
   FIRST FEDERAL BANK OF CALIFORNIA
6

7

8                IN THE UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  DEBORAH E. JOHNSON and              CASE NO. C08-00264PVT
    GERALD D. JOHNSON,
12                                       [Ordered Related to Case No. 08-
                                         01796PVT]
13              Plaintiffs,
                                         DEFENDANT'S CASE
14       v.                              MANAGEMENT STATEMENT

15  FIRST FEDERAL BANK OF                Patricia V. Trumbell, Magistrate
    CALIFORNIA,
16                                       Date:      June 3, 2008
                                         Time:      2:00 p.m.
17                                       Courtroom: 5

18
                Defendant.
19

20       **TO THE HONORABLE PATRICIA V. TRUMBELL, MAGISTRATE:**

21       Defendant FIRST FEDERAL BANK OF CALIFORNIA ("Defendant") submits this

22  Case Management Statement to the Court.[1]

23  1.      Jurisdiction and Service: This court has jurisdiction over this case since it

24  involves federal questions, specifically, issues under the Truth in Lending Act and Home

25  Ownership Equity Protection Act. Defendant contends that the court lacks subject matter

26  jurisdiction over Plaintiff Gerald Johnson, since he was not a party to the loan transaction

27

28       [1] The parties met and conferred regarding the matters contained in this Case
    Management Statement; however, Plaintiffs elected not to sign the attached statement, nor to
    provide requested modifications prior to the filing due date of May 27, 2008.

                                    1

1  at issue.  Only one Defendant was named, and has been served.

2  2.       Facts: Plaintiffs contend that they did not receive proper TILA and HOEPA

3  disclosures, that the loan at issue was induced by fraud, and that the property at issue was

4  wrongfully foreclosed upon.  Defendant contends that all of the requisite disclosures were

5  duly provided, that any misrepresentations involved in the loan were made by Plaintiff

6  Gerald Johnson and his mortgage broker, and that the property was properly foreclosed

7  upon after Plaintiff Deborah Johnson defaulted by failing to make the loan payments.

8  3.       Legal Issues: The principal legal issue in dispute at this time is whether Plaintiffs

9  have the right to rescind the loan.  Plaintiffs contend that the three year statute of

10  limitations in 15 U.S.C. §1635 is still viable.  Defendant asserts that the extended three

11  year statute of limitations is not applicable since the proper TILA and HOEPA disclosures

12  were made at the inception of the loan.  Further, even assuming *arguendo* that the

13  extended three year statute of limitations was applicable, the non-judicial foreclosure sale

14  extinguished the Plaintiff's right to rescind the transaction.

15  4.       Motions: Defendant filed a second Motion to Dismiss, which is scheduled for

16  hearing on June 3, 2008.  Plaintiffs filed a motion to remand the related action pending as

17  Case Number 08-01796 PVT, which Defendant opposed.  The court has not set a hearing

18  date on the motion to remand.

19  5.       Amendment of Pleadings: If Defendant's motion to dismiss the amended

20  complaint is not successful, it plans to bring a cross-complaint against one or both of the

21  Plaintiffs.  The motion to dismiss is set for hearing on June 3, 2008.  If ruled upon on or

22  about this same date, and the action remains viable, Defendant will file its answer and

23  cross-complaint by the end of June, 2008.

24  6.       Evidence Preservation: From Defendant's perspective, evidence preservation is

25  not an issue in this matter.  Further, Defendant assumes Plaintiffs will take steps to

26  preserve any pertinent documents and/or other tangible evidence.

27  7.       Disclosures: The parties have disclosed most of the relevant documents through

28  the two motions to dismiss filed by Defendant, and opposed by Plaintiff.  The parties met

1    and conferred by telephone regarding the issues in this action and agree that further meet

2    and confer efforts should be undertaken after the Motion to Dismiss Amended Complaint

3    set for June 3, 2008 is ruled upon.

4    8.    Discovery: If Defendant's Motion to Dismiss Amended Complaint set for

5    hearing on June 3, 2008 is not successful, the parties intend to propound written discovery

6    upon each other.  Written discovery is expected to be completed by the end of August,

7    2008.  In addition, the parties intend to conduct depositions of the Plaintiffs and key

8    witnesses in September, 2008.  At the present time, the parties do not anticipate that any

9    limitations or modifications of the discovery rules will be necessary.  However, the parties

10   agree that a discovery plan is difficult to formulate at this time because the case is not at

11   issue.

12   9.    Class Actions: Not applicable.

13   10.   Related Cases: The action pending as *Gerald Johnson and Deborah Johnson v.*

14   *First Federal Bank of California*, Case Number 08-01796 PVT, has been ordered related

15   to the case at bar.  Plaintiffs have filed a motion to remand.  Defendant contends the

16   related case is virtually identical to the case at bar, and plans to bring a motion to stay the

17   related action if its motion to dismiss is not granted without leave to amend.

18   11.   Relief: To date, Plaintiffs have not formulated their alleged damages.

19   12.   Settlement and ADR: The parties discussed ADR and agreed that because

20   Defendant's motion to dismiss the amended complaint is still pending, and will not be

21   heard, ADR is premature at this point in time.  The parties requested an ADR telephone

22   conference to discuss this issue with the court.

23   13.   Consent to Magistrate Judge for All Purposes: The parties do and have

24   consented to have a magistrate judge conduct all further proceedings including trial and

25   entry of judgment.

26   14.   Other References: At this time, the parties do not believe binding arbitration, a

27   special master or the Judicial Panel on Multidistrict Litigation are appropriate.

28   15.   Narrowing of Issues: Not applicable at this time.

1  16.    Expedited Schedule: Not applicable at this time.

2  17.    Scheduling: Since the case is not yet at issue, the parties request a continuance of

3  the Case Management Conference, at which point the parties will be better equipped to

4  discuss proposed dates for the designation of experts, discovery cutoff, dispositive

5  motions, pre-trial conference and trial.

6  18.    Trial: Plaintiffs demand a jury trial.

7  19.    Disclosure of Non-party Interested Entities or Persons: The parties have not filed

8  the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

9  20.    The parties request that the Case Management Conference be continued until

10  after Defendant's Motion to Dismiss Amended Complaint (and related case) is heard and

11  ruled upon by the Court.

12

13

14  DATED: May 27, 2008               HEMAR, ROUSSO & HEALD, LLP

15

16                                     By:  _Pamela L Cox_____

17                                          PAMELA L. COX
                                            Attorneys for Defendant

18                                          FIRST FEDERAL BANK OF
                                            CALIFORNIA

19

20

21

22

23

24

25

26

27

28

4

1 <u>PROOF OF SERVICE</u>

2 STATE OF CALIFORNIA )
                                              )
3 COUNTY OF LOS ANGELES )

4       I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald,
5 LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

6       I am readily familiar with the business's practice for collection and processing of
correspondence for mailing with the United States Postal Service; such correspondence would be
7 deposited with the United States Postal Service the same day of deposit in the ordinary course of
business.

8
        On May 27, 2008, I served the foregoing document described as **DEFENDANT'S CASE
9 MANAGEMENT STATEMENT** on the interested parties in this action by placing a true and
correct copy thereof in a sealed envelope addressed as follows:

10

11 DEBORAH E. JOHNSON
PO Box 4448
12 Carmel, CA 93921-4448

13 GERALD D. JOHNSON
PO Box 4448
14 Carmel, CA 93921-4448

15
   XX      At my business address, I placed such envelope for deposit with the__Federal Express or
16 XX      U.S. Postal Office  by placing them for collection and mailing on that date following
ordinary business practices.
17
    ___I delivered such envelope(s) by hand to the offices of the addressees.
18
    ___I caused such copies to be facsimiled to the persons set forth.
19
   XX      (State) I declare under penalty of perjury under the laws of the State of California that the
20         foregoing is true and correct.

21 ___(Federal) I declare under penalty of perjury under the laws of the United States of
           America that I am employed in the office of a member of the bar of this court at whose
22         direction the service was made.

23
        Executed on May 27, 2008 at Encino, California.
24

25

26                                            LISA FIELDS

27

28