UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH E. JOHNSON AND GERALD D. JOHNSON,<br><br>                Plaintiffs,<br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>                Defendant.<br>_____ | Case No.: C 08-01796 PVT<br><br>[and related case C 08-00264 PVT]<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FIRST FEDERAL BANK'S MOTION TO DISMISS; FURTHER SCHEDULING ORDER**<br><br>**[Docket No. 24]** |

## INTRODUCTION

Following dismissal of the complaint with leave to amend, plaintiffs Deborah E. Johnson and Gerald D. Johnson timely filed their first amended complaint alleging bank and mortgage fraud, fraudulent transfer, truth in lending act violations, rescission and RICO claims. (collectively "plaintiffs"). Defendant First Federal Bank of California ("Bank") moves to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim. Additionally, defendant Bank alleges that plaintiff Gerald D. Johnson lacks standing to allege truth in lending violations and further alleges that such claims are barred by the statute of limitations. Plaintiffs oppose the motion. On June 3, 2008, the parties appeared for hearing. Having reviewed the papers and considered the arguments of plaintiffs and counsel for defendant Bank and for the

reasons set forth below, defendant Bank's motion to dismiss is granted in part and denied in part.[1]

**BACKGROUND**

Plaintiffs Deborah E. Johnson and Gerald D. Johnson are married and have resided at 2nd Avenue 2NE of Dolores Street in Carmel By the Sea. ("residence") since 1995. Plaintiffs estimate the residence has a current market value of $1.35-1.4 million.

In or around February 27, 2005, existing liens on the residence totaled $776,000 which caused plaintiff Deborah E. Johnson and her mortgage broker, J. Michael Galloway of Pacific Mortgage Consultants, Inc., to undertake efforts to obtain a loan on the residence. Mr. Galloway submitted two loan applications identifying plaintiff Deborah E. Johnson as the sole borrower and a letter verifying her employment at The Care Financial Group to defendant Bank. In the second loan application, plaintiff Deborah E. Johnson listed her monthly income as $27,500. As attorney to plaintiff Deborah E. Johnson, plaintiff Gerald D. Johnson executed the second Uniform Residential Loan Application on her behalf.[2] Based on the two loan applications and various accompanying documents, defendant Bank approved the loan and provided a notice of right to cancel to plaintiff Deborah E. Johnson alone which was valid until midnight of the third business day following the close of escrow. Escrow closed on May 5, 2005.

Prior to the close of escrow, both plaintiffs were named as borrowers on the loan papers. Because of unsecured debt totaling $109,552, plaintiff Gerald D. Johnson alleges that his name was removed from the loan papers at the close of escrow to facilitate final approval of the loan. Notwithstanding the removal of his name however, plaintiff Gerald D. Johnson alleges that his annual income of $155,000 was included on the loan papers. Indeed, plaintiffs now allege that plaintiff Deborah E. Johnson had no income from January through June 2005. Plaintiff Gerald D. Johnson also executed a quitclaim to the residence at the close of escrow to further facilitate final approval of the loan.

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

[2] Based on a power of attorney executed by Deborah E. Johnson on April 20, 2005, plaintiff Gerald D. Johnson was appointed as her attorney in fact and was authorized to act on her behalf with respect to the residence. He was not listed as a co-borrower on either of the two loan applications submitted to the bank.

Plaintiff Gerald D. Johnson executed the final loan documents on behalf of his wife at the close of escrow.  Later that same day, plaintiff Gerald D. Johnson forwarded to defendant Bank a notice of the right to cancel on behalf of his wife and in his capacity as her counsel.  Specifically, he stated that "[a]fter our complete review of the loan conditions, we are sorry to say that the loan conditions fail to meet the present financial need for my daughter's education, we will continue to review other options."  On May 8, 2008, plaintiff Gerald D. Johnson (again) on behalf of his wife rescinded the notice of right to cancel.  He stated plainly that "[w]e have decided to proceed with the closing of the loan and escrow on the previous terms."  Thereafter, defendant Bank funded the loan on the residence and subsequently remitted payment totaling $16,800 to the mortgage broker, Mr. Galloway.

The loan for an amount totaling $840,000 apparently included onerous terms such as a high pre-payment penalty and high monthly payments (apparently without any payment toward the principal).  Plaintiffs believed that the interest rate for the mortgage would remain fixed at 5.7 percent for three years. Based on the actual loan and other accompanying documents, plaintiffs allege that defendant Bank engaged in predatory lending practices knowing that plaintiffs could never meet their obligations under the loan.  Beginning in or around May 23, 2007, plaintiff Deborah E. Johnson failed to remit any further monthly payments on the loan.

On July 11, 2007, defendant Bank sought to exercise its power of sale and recorded a notice of default and election to sell under deed of trust.  ("NOD").  On October 16, 2007, a notice of trustee's sale scheduled for November 8, 2007 was posted at the residence, mailed to plaintiffs and published in the local newspaper.

On November 7, 2007, plaintiff Deborah Johnson filed an individual chapter 13 bankruptcy petition.  In the various schedules accompanying her petition, the residence was identified as an asset of the estate and the loan from the bank was identified as a liability.  Gerald Johnson was not identified as a co-debtor on the loan whatsoever.  As a result of her bankruptcy filing, the trustee's sale was postponed until February 8, 2008.  On January 11, 2008, Deborah Johnson sought to convert her chapter 13 case to a chapter 7 case.  On January 16, 2008, defendant Bank filed a motion for relief from the automatic stay to allow the bank to proceed with foreclosure of the residence.

1  The bankruptcy case has since been dismissed as a result of plaintiff Deborah Johnson's failure to
2  provide proper documentation of her current monthly income.
3       On November 16, 2007, plaintiff Gerald D. Johnson filed a chapter 7 bankruptcy petition.
4  His bankruptcy case was later dismissed for failure to file any of the proper schedules.
5       On February 8, 2008, defendant Bank proceeded with the non-judicial foreclosure. The
6  trustee's deed upon sale was completed and recorded on February 12, 2008.
7       As of the petition date, the unpaid balance on the loan totals $962,311.64. A second
8  mortgage on the residence held by National City totals $176,407.64. Defendant Bank estimates that
9  encumbrances on the residence exceed its current market value of $1,050,000.
10      On January 15, 2008, plaintiffs filed a complaint alleging predatory lending violations,
11 including violations of the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.*, as amended by the
12 Home Ownership and Equity Protection Act. On March 10, 2008, defendant's motion to dismiss
13 was granted with leave to amend. On April 1, 2008, plaintiffs filed their first amended complaint.
14      On April 17, 2008, defendant Bank moved to dismiss the first amended complaint. On May
15 6, 2008, plaintiffs filed their opposition and on May 20, 2008, defendant Bank filed its reply.

16                                  **LEGAL STANDARD**

17      As set forth in the prior order of March 10, 2008, the following standards apply in a motion
18 to dismiss. A complaint may be dismissed for failure to state a claim upon which relief can be
19 granted. Fed. R. Civ. P. 12(b)(6). The dismissal may be based on either the lack of a cognizable
20 legal theory or the absence of sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica*
21 *Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990) and *Robertson v. Dean Witter Reynolds, Inc.,* 749
22 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the allegations in
23 a complaint are taken as true and construed in the light most favorable to the nonmoving party.
24 *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). "A complaint
25 should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that
26 would entitle him to relief." *Id.* Generally, a motion to dismiss for failure to state a claim is viewed
27 with disfavor and rarely granted. *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir.
28 1997).

1    However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986). *See also, McGlinchy v. Shell Chem Co.,* 845 F.2d 802, 810 (9th Cir, 1988). The complaint must aver "[f]actual allegations [] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 500 U.S. -, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, a federal court may liberally construe the "inartful pleading" of parties appearing *pro se. Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980).

**DISCUSSION**

**I.    Truth in Lending Act Claims**

   **A.    Standing**

Defendant Bank again alleges that plaintiff Gerald D. Johnson does not have standing to prosecute truth in lending violations because: (1) he was not a party to the loan; and (2) he is not considered a "consumer" as defined by the applicable statutes.

"'To satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Citizens for Better Forestry v. U.S. Dept. of Agriculture,* 341 F.3d 961, 969 (9th Cir. 2003).

Defendant Bank alleges (as before) that plaintiff Gerald D. Johnson lacks standing to prosecute any violations of the Truth in Lending Act (as amended by HOEPA). First, defendant argues that plaintiff Gerald Johnson is not a consumer as defined by the acts. A consumer is a party to whom credit is offered or extended. Several factors militate against such a finding. For example, only plaintiff Deborah E. Johnson was offered and ultimately extended a loan on the residence and she alone listed the loan as a liability on her bankruptcy schedules. Her husband was not identified as a co-debtor on the loan. For his part, plaintiff Gerald D. Johnson also did not list the loan on the residence on any of his bankruptcy schedules. Additionally, both loan applications, the first of which was completed by plaintiff Deborah E. Johnson herself, and approved by her mortgage broker,

1  identified her as the sole borrower on the loan.  Thus, plaintiffs' own actions belie any assertion that
2  Gerald D. Johnson was a party to the loan on the residence.  Second, plaintiff Gerald D. Johnson's
3  assertion that he was coerced or otherwise manipulated into removing his name from the loan papers
4  is demonstrably false, or at the least, not relevant to the claims at issue here.

5        Defendant Bank did not offer or extend credit to plaintiff Gerald D. Johnson.  He is not listed
6  as a borrower on the loan.  Therefore, he was not a consumer under the definition of the acts.  Even if
7  his name was included on preliminary drafts of the loan papers, plaintiff Gerald D. Johnson was
8  removed from the loan papers before the loan was approved finally and extended only to his wife.  He
9  cannot allege any injury in fact under these claims.  Accordingly, plaintiff Gerald D. Johnson lacks
10 standing to allege violations of the Truth in Lending Act (as amended by HOEPA) and his claims are
11 dismissed with prejudice.

12     **B.**    **Statute of Limitations**

13       A motion to dismiss for failure to state a claim is proper where the facts and dates alleged in
14 the complaint indicate the claim is barred by the statute of limitations.  *Jablon v. Dean Witter & Co.,*
15 614 F.2d 677, 682 (9th Cir. 1980).  "Civil penalties under TILA and HOEPA are subject to a one-
16 year statute of limitations."  *Barbera v.  WMC Mortgage Corp., et al.,* Not Reported in F.  Supp.2d,
17 2006 WL 167632 (N.D. Cal.).  "'[T]he limitations period in Section 1640(e) runs from the date of
18 consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate
19 circumstances, suspend the limitations period until the borrower discovers or had reasonable
20 opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.'"  *Walker*
21 *v. Washinton Mutual Bank FA,* 63 Fed.  Appx.  316, 317 (9th Cir.  2003)(citing *King v.  California,*
22 784 F.2d 910, 915 (9th Cir.  1986)).

23       Here, escrow closed on May 5, 2005.  Plaintiffs brought the instant action on January 15,
24 2008, over two and one-half years later.  Plaintiffs (again) have argued that defendant Bank directed
25 the escrow company to remove his name from the loan papers despite the inclusion of his income.
26 Plaintiff Gerald D. Johnson executed the loan papers as an attorney to his wife.  Later he rescinded
27 the loan within the three day notice period.  And even later (on May 8, 2005), he voided the
28 rescission which caused defendant Bank to fund the loan.  By his own admission and his own actions,

plaintiff Gerald D. Johnson was aware of the alleged irregularities used to facilitate approval of the loan at the close of escrow. Acting as counsel to his wife, presumably plaintiff Gerald D. Johnson also caused his wife to be aware of the alleged irregularities at the close of escrow. Finally, plaintiff Gerald D. Johnson acknowledged (again on behalf of his wife) the truth in lending disclosure statement which sets forth the variable interest rate, gradually increasing payments due from July 1, 2005 to June 1, 2035 and the notice of a pre-payment penalty. Based on the facts alleged and taking them as true, plaintiffs had knowledge of purported violations of the truth in lending act as soon as escrow closed or at least, shortly thereafter. Therefore, plaintiffs have not alleged facts sufficient to warrant suspension of tolling the statute of limitations. Accordingly, the violations of the Truth in Lending Act (as amended by HOEPA) are dismissed with prejudice.

### C. Rescission Claims

Plaintiff Gerald D. Johnson alleges that in removing his name from the loan papers at the close of escrow, defendant Bank deprived him of the opportunity to later rescind the loan. He further alleges that despite the removal of his name from the loan documents, he was a party to the loan and therefore, was entitled to receive notice of rescission. As discussed above, plaintiff Gerald D. Johnson was removed from the loan papers prior to the execution of the final loan papers which named his wife as the sole borrower. He was not a consumer under the definition in the acts. Even assuming that he ought to have been provided with notice of rescission, he was aware of the right to rescind since he actually rescinded the loan on behalf of his wife and later voided the rescission several days later. Accordingly, plaintiff Gerald D. Johnson has no standing to assert he was denied notice to rescind and this claim is also dismissed with prejudice. Plaintiffs have not alleged that plaintiff Deborah E. Johnson was denied notice of rescission.

## II. Fraud Claims

Under California law, the elements of fraud are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity ("scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Barrier Specialty Roofing & Coatings, Inc.,* 2008 WL 1994947 (E.D. Cal.). Under Rule 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). "Malice,

intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

In or about and between April 23, 2007 through June 18, 2007, plaintiffs allege that they made repeated efforts to confirm with the bank the outstanding balance due on the loan. Plaintiffs allege that defendant Bank repeatedly misrepresented to them the outstanding balance due on the loan which hampered any efforts to refinance the loan and caused them to list the residence for sale in July 2007. Additionally, plaintiffs allege that defendant Bank misrepresented the outstanding balance due on the loan in various filings made in the bankruptcy court. These misrepresentations enabled the bank to later foreclose on their residence. Finally, plaintiffs allege that they did not receive notice of foreclosure and sale.

Plaintiffs have not shown that the amounts represented by defendant Bank were false or otherwise fraudulent. *See, e.g., Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North America, Inc.,* 2008 WL 1994947 (E.D. Cal.) ("The statement in question must be false to be fraudulent."). Plaintiffs also have not shown that the alleged failure by defendant Bank to serve notice of foreclosure and sale constituted fraud. Additionally, plaintiffs have not set forth the requisite scienter or intent to defraud. In other words, plaintiffs have not alleged facts with the particularity required under Rule 9(b). Accordingly, the fraud claims are dismissed with leave to amend.

**III.     RICO Claims**

Plaintiffs have also alleged a RICO claim. 18 U.S.C. § 1964(c) provides a private cause of action for RICO violations. *Virden v. Graphics One,* 623 F.Supp.1417, 1421 (C.D. Cal. 1986). To allege a RICO claim, plaintiff must establish the following: (1) defendant participated in conduct: (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Id.* at 1430 (*citing Sedima, S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. 479, 105 S.Ct. 3275 (1985)). "[A] pattern of racketeering activity 'requires at least two acts of racketeering activity.'" *Sedima, S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. at 496, fn. 14.

In the first amended complaint, plaintiffs allege that defendant Bank engaged in mail and wire fraud. Presumably these would be the predicate acts to form the pattern of racketeering activity. However, as discussed above, neither of these claims (nor any of the alleged fraud claims) have been

plead with the particularity required under Rule 9(b).  Even presuming that plaintiffs were able to properly plead their fraud claims, it is unlikely that any set of facts in this case would meet the threshhold for a RICO claim.  *See Bell Atlantic Corp. v. Twombly,* – U.S. –, 127 S. Ct. 1955, 1965, 1975 (2007).  ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").  Nevertheless, plaintiffs are proceeding *pro se* and shall be allowed an opportunity to amend their complaint in light of the liberal construction afforded to them in this circuit.  Accordingly, defendant Bank's motion to dismiss this claim is granted with leave to amend.

## CONCLUSION

For the foregoing reasons, defendant Bank's motion is granted in part and denied in part.  Except for the fraud and RICO claims, the remaining claims are dismissed with prejudice.  Plaintiffs shall file their amended complaint no later than August 8, 2008.  The case management conference scheduled for July 8, 2008 shall be continued to September 9, 2008 at 2 PM.

IT IS SO ORDERED.

Dated: *July 8, 2008*

PATRICIA V. TRUMBULL
United States Magistrate Judge