```
 1  PAMELA L. COX (State Bar No. 191883)
    HEMAR, ROUSSO & HEALD, LLP
 2  15910 Ventura Boulevard, 12th Floor
    Encino, California 91436
 3  (818) 501-3800; (818) 501-2985 (Fax)
    e-mail: pcox@hemar-rousso.com
 4  Refer to File Number: 3968-20080200-PLC

 5  Attorneys for Defendant
    FIRST FEDERAL BANK OF CALIFORNIA
 6
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH E. JOHNSON and GERALD D. JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>Defendant. | CASE NO. C08-00264PVT<br><br>[Ordered Related to Case No. 08-01796 PVT]<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROL BAXTER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF<br><br>Hearing:<br>Date : October 7, 2008<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>Patricia V. Trumbell, Magistrate |

**TO THIS HONORABLE COURT AND PLAINTIFFS, DEBORAH E. JOHNSON AND GERALD D. JOHNSON:**

**PLEASE TAKE NOTICE THAT** on October 7, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South First Street, San Jose, California 95113, Defendant FIRST FEDERAL BANK OF CALIFORNIA (hereinafter the "Bank" or "Defendant") will and hereby does move this

1  Court to dismiss the Second Amended Complaint (the "Second Amended Complaint")
2  filed as Case Number 08-00264 PVT, by Plaintiffs DEBORAH E. JOHNSON and
3  GERALD D. JOHNSON (hereinafter referred to collectively as "Plaintiffs"), with
4  prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the
5  Plaintiffs have failed to allege facts sufficient to constitute claims for fraud and RICO
6  against the Bank and the documents already filed in this action and submitted
7  concurrently herewith demonstrate that the Plaintiffs' claims are without merit. Further,
8  since the Plaintiffs cannot state a claim under the RICO statute, there is no federal
9  question involved in this matter to confer upon this court jurisdiction over this matter. 28
10  U.S.C. §1367(c)(3). Consequently, the Court may decline subject matter jurisdiction
11  over this action.
12         This Motion is based on this Notice of Motion and Motion, the Memorandum of
13  Points and Authorities, the Declaration of Carol Baxter, and Request for Judicial Notice
14  filed herewith and any further evidence, oral or documentary, which may be presented at
15  the hearing on this Motion.

17  DATED: August 25, 2008          HEMAR, ROUSSO & HEALD, LLP

19                                  By: /s/ Pamela L. Cox
                                    PAMELA L. COX
20                                  Attorneys for Defendant
                                    FIRST FEDERAL BANK OF CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.     Procedural History of the Case**

This action is just one of a series of legal filings and maneuvers engaged in by the Plaintiffs in a desperate attempt to retain a home that they can no longer afford. Unfortunately, the time, effort and expense necessitated in responding to each of these frivolous actions is spiraling ridiculously out of control.

On January 15, 2008, Plaintiffs DEBORAH JOHNSON and GERALD JOHNSON ("Plaintiffs") filed their initial complaint against Defendant FIRST FEDERAL BANK OF CALIFORNIA (hereinafter the "Bank" or "Defendant"), alleging that the Bank engaged in "predatory lending" practices in connection with their loan. The initial complaint was styled as an action under the Truth in Lending Act ("TILA") and the Home Ownership Equity Protection Act ("HOEPA").

On March 4, 2008, Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure, Rule 12b(6) was heard. The main issue upon which the Court focused was whether the Plaintiff, Deborah Johnson (the only borrower on the loan) was seeking damages, which were barred by the statute of limitations, or rescission, which potentially carried a longer statute of limitations. Accordingly, on March 10, 2008 the court granted the Motion to Dismiss, but allowed Plaintiffs leave to file an amended pleading.

On April 1, 2008, the Plaintiffs filed a First Amended Complaint (as well as a completely identical complaint in state court), which set forth the same basic facts, but added legal argument that the underlying transaction at issue was fraudulent. The main basis for this "fraud" argument was that the Bank funded the loan to Mrs. Johnson based upon income attributable to Mr. Johnson (even though Mr. Johnson, as attorney in fact for his wife was the one who represented the income figure to the Bank). The First Amended Complaint also requested that the Court set aside the Bank's non-judicial

foreclosure of the residence at issue because the Johnsons did not receive adequate notice of the foreclosure.

On June 3, 2008, Defendant's Motion to Dismiss the First Amended Complaint was heard. On July 8, 2008, the Court issued its Order Granting in Part and Denying in Part the Bank's Motion to Dismiss the First Amended Complaint.

In its July 8, 2008, Order, the Court dismissed the Truth-in-Lending claims with prejudice, dismissed Gerald Johnson's Rescission Claim with prejudice, and allowed the Plaintiffs narrow leeway to amend their fraud and RICO claims. (See Request for Judicial Notice, Exhibit 3). Specifically, the court ruled that in the First Amended Complaint, the plaintiffs failed to allege that the amounts represented by the Bank to the plaintiffs were "false or otherwise fraudulent." *(See id)*. The court further stated that it was doubtful that even if the fraud claims were properly plead, that the facts of this case would rise to the level required to maintain a RICO cause of action. *(See id.)*

On August 7, 2008, the Plaintiffs filed their Second Amended Complaint for fraud and RICO Act violations. Aside from the addition of some exhibits, the allegations contained in the Second Amended Complaint are essentially the same as those made in the preceding two complaints and at oral argument on Defendant's two prior motions to dismiss.

**B.    The Factual Allegations of the Second Amended Complaint**

In the Second Amended Complaint, the plaintiffs again spew a lot of legal rhetoric and conclusory arguments that the Bank committed fraud in connection with the loan transaction at issue. After asserting the same allegations previously spouted that the loan application contained false income and liability information, that Gerald Johnson was removed from the loan, and that loan should be rescinded, the Plaintiffs allege the following new "facts:"

1.    After judgment was entered against the Plaintiffs in a related unlawful detainer case, the Defendant "directed another entity to charge Plaintiffs storage fees for removing their personal possessions from the property;" Second Amended Complaint ("SAC"),

4

1  Cause of Action, ¶4;

2     2.    Defendant misrepresented the amount owed to bring the loan current to the United States Bankruptcy Court to prevent a liquidation sale by the bankruptcy trustee. SAC, Cause of Action, ¶7;

3.    From April 23, 2007 to June 18, 2007, Defendant presented five (5) different payment amounts to Plaintiffs to bring the loan current, causing Plaintiffs to list the property for sale. SAC, Statement of Factual Allegations, ¶4-5.

**C.    Grounds for Dismissing Complaint**

The Plaintiffs' Second Amended Complaint is flawed as a matter of law and cannot be amended in any way to afford relief.

For the third time, the Plaintiffs have failed to allege a cause of action for fraud against the Bank. The Plaintiffs have failed to allege that the figures given to them by the Bank to cure the default were false, failed to allege that the Bank knew the figures were false when presented to the Plaintiffs, failed to allege that there was an intent to induce reliance on the part of the Plaintiffs, and failed to allege that they took any act which caused their supposed damages in justifiable reliance on the figures. *Barrier Specialty Roofing & Coatings, Inc.*, 2008 WL 1994947 (E.D. Cal.). In addition, Plaintiffs misstate the purpose of Defendant's declaration filed in the Chapter 13 bankruptcy filed by Deborah Johnson, as well as the outcome of that case. (See Request for Judicial Notice, Exhibit "4").

Further, Plaintiffs have not properly alleged a cause of action under RICO. *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S. 479, 496, 105 S.Ct. 3275, 3285.

Finally, without a properly alleged RICO claim, there is no federal question involved in this matter which would confer jurisdiction to this Court. 28 U.S.C. §1367(c)(3). Consequently, the Plaintiffs complaint should be dismissed for this reason, as well.

//
//

5

## II.

## LEGAL ARGUMENT

Pursuant to FRCP 12(b)(6), a motion to dismiss as presented here is proper when the challenged pleading suffers either from "a lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1990). As to the relevant burden of proof, in deciding a motion to dismiss based upon FRCP 12(b)(6), because the court must take all of the allegations of the pleading as true, a claim should not be dismissed unless it appears beyond a doubt that plaintiff cannot prove any set of facts in support of the claim entitling plaintiff to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Further, in ruling on a motion to dismiss under Rule 12(b)(6), the court may consider the documents attached to the complaint, if its authenticity is not questioned. In addition, when the plaintiffs fail to introduce a pertinent document as part of their pleading, the defendant may introduce the exhibit as part of its motion attacking the pleading." *Cooper v. Pickett* 137 F.3d 616 (9th Cir. 1997).

**A.   PLAINTIFFS' STATE LAW FRAUD CLAIM DOES NOT CONTAIN ACTIONABLE FACTUAL ALLEGATIONS AND IS NOT SUPPORTED BY THE DOCUMENTS ATTACHED TO THE COMPLAINT AND FILED IN DEBORAH JOHNSON'S BANKRUPTCY CASE**

In addition to the previously made allegations regarding the "fraudulent" nature of the representations made *by the Plaintiffs* to obtain the loan at issue from the Defendant, in their Second Amended Complaint, the Plaintiffs again attempt to allege an actionable claim for fraud against the Bank. Following the guidelines of the court set forth

in its July 8, 2008 Order, the Plaintiffs attempt to make the giant leap that the five payment amounts provided by the Bank to the Plaintiffs from April 23, 2007 to June 18, 2007, coupled with the figure contained in the Declaration of Carol Baxter filed in support of the Bank's Motion for Relief from Stay filed in Deborah Johnson's Chapter 13 bankruptcy action magically constitute an actionable claim for fraud because the documents showing these amounts are attached as Exhibits "H" and "I" to the Second Amended Complaint. However, as set forth in this Court's July 8, 2008 Order, the "Plaintiffs have not shown that the amounts represented by defendant Bank were false or otherwise fraudulent." (Request for Judicial Notice, Exhibit "3").

In order to allege a cause of action for fraud (intentional misrepresentation), a plaintiff must be able to plead (1) a misrepresentation; (2) knowledge of the falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Barrier Specialty Roofing & Coatings, Inc.*, 2008 WL 1994947 (E.D. Cal.); *Civ. C.* §1709; *Seeger v. Odell* (1941) 18 Cal.2d 409, 414; *Andrew v. Bankers & Shippers Ins. Co.* (1929) 101 Cal. App. 566, 575.

Again, of the five elements set forth herein above, Plaintiffs have only alleged one, namely a misrepresentation. Further, as before, "Plaintiffs have not shown that the amounts represented by defendant Bank were false or otherwise fraudulent. *See, e.g., Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North America, Inc.*, 2008 WL 1994947 (E.D.Cal.) ("The statement in question must be false to be fraudulent")." Court's July 8, 2008 Order; Request for Judicial Notice, Exhibit 3.

1. **The Five Payment Amounts**.

As set forth in the statements and notices attached to the SAC as Exhibit "H", five different amounts to bring the account current were given to the Plaintiffs *on five different dates*. The amounts changed and were not a single amount because the Plaintiffs bounced checks, interest continued to accrue on the account, late charges were added and the Bank was forced to purchase insurance for the residence because the Plaintiff allowed her homeowner's insurance to lapse. (See Declaration of Carol Baxter filed concurrently

7

1  herewith.)

2  Consequently, nowhere in the SAC do the Plaintiffs allege that the amounts provided by the Defendant were false or wrong. This is likely because the Plaintiffs know that the amounts were true and correct. Thus, the threshold element of a "misrepresentation" has not been properly alleged by the Plaintiffs.

Further, even assuming that the Plaintiffs could get past this primary hurdle to maintain their claim for fraud based upon the five payment amounts, the remaining elements and causal connection required for a fraud claim is woefully lacking from the SAC.

The Plaintiffs have alleged that after receiving the five payment amounts from April 23, 2007 to June 18, 2007, they listed their property for sale in July 2007. They imply that this was done because they couldn't figure out how much to pay to bring the loan current. So instead of paying anything at all, they simply let the loan go further and further into arrears. The eventual result of this decision made by the Plaintiffs was the commencement of a non-judicial foreclosure by the Bank.

The Notice of Default recorded on July 11, 2008, and attached as Exhibit "D" to the SAC, contained yet another amount to bring the account current, and further states that the amount "will increase until your account becomes current."

However, nowhere in the SAC do the Plaintiffs allege that in reliance on any of the figures provided by the Bank, they made a payment for one of the amounts, and the payment was not proper so the foreclosure process continued. To the contrary, by alleging that they put their house of for sale, they admit that they did not make any payments on the loan since April of 2007, and let the loan go further and further into default. Consequently, it was the Plaintiff's failure to cure the default on her loan that caused the residence to be foreclosed upon, not any actions by the Defendant.

Thus, the causal connection between the Defendant's actions in giving five different payment amounts on five different dates over a two month period, and the eventual foreclosure of the Plaintiffs' residence does not support the elements of

8

1 misrepresentation, "scienter," intent to defraud, justifiable reliance and resulting damages
2 required for a fraud cause of action. For these reasons, the Court should grant
3 Defendant's Motion to Dismiss the Second Amended Complaint without leave to amend.

**2.     The Declaration of Carol Baxter filed in Deborah Johnson's Chapter 13 Bankruptcy Proceeding.**

In a "second" attempt to set forth a cause of action for fraud (and likely in a misguided attempt to bolster their RICO claim), Plaintiffs attach the Declaration of Carol Baxter in Support of Motion for Relief from the Automatic Stay as Exhibit "I" to the SAC, and allege that the figures contained in said declaration were submitted to "prevent a liquidation sale by the Chapter 13 bankruptcy trustee." Plaintiffs further attach as Exhibit "N" a letter from the Chapter 13 bankruptcy trustee to support this mistaken notion.

However, a careful review of the documents and procedural history of the bankruptcy action shows that the Plaintiffs' allegations in this regard are patently false.

First, the Declaration of Carol Baxter in Support of Motion for Relief from Automatic Stay was filed for the purpose stated in its title, to obtain relief from the stay to complete the non-judicial foreclosure of the residence which had been commenced in July, 2007. Further, the figures contained therein were simply set forth to demonstrate a default. The Court should note that the Plaintiffs do not allege in their Second Amended Complaint that the loan was not in default.

Further, the result of the hearing held on Defendant's Motion for Relief from Stay held with the bankruptcy court on February 4, 2008 was that the motion was moot since *Ms. Johnson's bankruptcy had been dismissed on January 4, 2008 due to her failure to comply with the bankruptcy court's orders.* See Request for Judicial Notice, Exhibit 4.

The Declaration of Carol Baxter attached as Exhibit "I" was not done to prevent a liquidation sale by the bankruptcy trustee, nor did it. (*See id.*). The "threshold amount" set forth in Exhibit "N" to which the Plaintiffs refer in their SAC is the total amount of secured debt "*scheduled by the debtor*" and had nothing to do with the amount in arrears.

9

*See* Exhibit "N" attached to the SAC. Further, the figures in the Declaration of Carol Baxter attached as Exhibit "I" to the SAC could not have prompted the letter from the Chapter 13 Trustee attached as Exhibit "N" to the SAC, most notably because Exhibit "N" was dated December 18, 2007, almost one month *prior* to the date the Declaration of Carol Baxter was filed on January 16, 2008. (*See* SAC, Exhibit "N" and Exhibit "I.").

Accordingly, again, there are no facts to support the allegations regarding the figures contained in Ms. Baxter's Declaration, nor is there a causal connection between those figures and the foreclosure of the Plaintiffs' residence.

Consequently, Defendant's Motion to Dismiss the Second Amended Complaint should be granted without leave to amend.

**B.  SINCE FIRST FEDERAL BANK DID NOT ENGAGE IN ACTS OF FRAUD, PLAINTIFFS CANNOT STATE A CLAIM UNDER RICO**

In their SAC, Plaintiffs again attempt to include a RICO claim purportedly because the several acts on the part of the Defendant related to the subject loan. In addition to the acts alleged in the First Amended Complaint, namely the purported TILA and HOEPA violations that have already been rejected by this court, the Plaintiffs add two new "factual allegations" to support their RICO claims.

First, they allege that the Defendant directed "another entity to charge the Plaintiffs storage fees for removing their personal possessions from the property." (SAC, Causes of Action, ¶4). Second, they allege that Defendant made "material misstatements" to the U.S. Federal Bankruptcy Court regarding what was owed to bring the account current to "prevent the property from a liquidation sale by the bankruptcy trustee."

However, these new "factual" allegations (some of which are demonstrably false) do not support a claim for relief under the RICO statutes.

In order to state a claim under RICO, the Plaintiffs must be able to plead and prove (1) the existence of an enterprise affecting interstate commerce; (2) that Defendant was associated with or employed by the enterprise; (3) the Defendant participated in the

1 conduct of the affairs of the enterprise; (4) that Defendant participated in a pattern of
2 racketeering which included at least two predicate acts; and (5) actual injury to the
3 business or property of Plaintiffs. *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S.
4 479, 496, 105 S.Ct. 3275, 3285; *Gervase v. Sup. Ct. (Prudential Securities, Inc.)*, (1995)
5 31 Cal. App. 4th 1218, 1230-32, 37 Cal.Rptr.2d 875, 883-884.

Further, the plaintiff must establish that the defendant participated in conduct of an enterprise through a pattern of racketeering activity. *Virden v. Graphics One, 623 F.Supp..* 1417, 1430 (C.D. Cal. 1986) (citing *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 105 S.Ct. 3275 (1985). "[A] pattern of racketeering activity requires at least two acts of racketeering activity." *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. at 496, fn.14.

In addition, to meet the elements requisite of a RICO claim, the plaintiffs must do more than simply allege a scheme and pattern of activity by the Defendant resulting in purported damages. They must demonstrate facts to support a "scheme or artifice to defraud," and not just an attempt by a creditor to collect payments on a loan that was clearly in default. *See, e.g, Okura & Co. (America), Inc. v. Careau Group*, 783 F.Supp. 482, 504 (C.D.Cal. 1991) (stating that the "fanciful allegations of a grand scheme to defraud it of its business and assets [was] nothing more than the last act of a desperate debtor unable to meet its obligations).

1. **"Directing another Entity to Charge Storage Fees."**

Plaintiffs allege that part of the "scheme" to defraud consisted of the Defendant Bank directing an entity to charge storage fees to the Plaintiffs for removing their personal property from the residence. (SAC, Causes of Action, ¶4). To support this claim, Plaintiffs attach a series of e-mails between Mr. Johnson and "Allstates" regarding the removal of the Plaintiffs' personal property from the residence.

After the Plaintiffs lost the unlawful detainer proceeding, they were required by the state court to vacate the residence. (See Declaration of Carol Baxter, ¶21). Rather than move their things, on the date of the "lockout," the Plaintiffs left all of their personal

11

1 | property at the residence. (See id., ¶21).

2 | The e-mails attached as Exhibit "G" to the SAC do not show an intent on the part of the Bank to do anything illegal, or "engage in an enterprise or scheme of racketeering activity." To the contrary, the e-mails show a good faith effort on the part of the Bank and its agent to allow the Johnsons to remove their personal items from the residence, which has been owned by the Bank since February 8, 2008.

3 | The Bank is entitled by law to charge storage fees for personal property left at the residence after eviction. *California Civil Code*, §1990(a)(1). Nevertheless, as set forth in the final e-mail (dated July 25, 2008) attached as Exhibit "G" to the SAC, as a show of good faith, the Bank offered to waive the storage fees if the Plaintiffs would pick up their things by August 3, 2008. (See SAC, Exhibit "G").

4 | Thus, the allegations regarding "directing another entity to charge storage fees to Plaintiffs" do not meet the elements of a RICO claim, and instead, simply demonstrate a desire by the Bank to get the residence ready for sale.

### 2.   "Purported Misrepresentations to the Bankruptcy Court."

The second "new allegation" to support the Plaintiffs' RICO claim consists of a contention that the Bank misrepresented the amount of arrearages on the loan to "prevent the property from a liquidation sale by the bankruptcy trustee." As set forth herein above, this contention is incorrect, and not supported by the documents attached to the SAC, nor the orders and proceedings in the Bankruptcy action, of which this Court can take judicial notice. (See Request for Judicial Notice, Exhibit 4).

Further, any allegations associated with the purported impropriety of the Bank's motion for relief from stay should have been addressed in Ms. Johnson's bankruptcy proceeding through an appeal, motion for reconsideration or motion to modify the bankruptcy court's order. Since they were not, they are barred by the doctrine of res judicata. *Abdallah et al. v. United Savings Bank*, 43 Cal. App. 4th 1101, 51 Cal. Rtpr. 2d 286 (citing, inter alia, *United States v. Alky Enterprises, Inc.* (1st Cir. 1992) 969 F.2d, 1309, 1314 [res judicata bars relitigation of issues which could have been raised in the

prior action.]).

Consequently, as the allegations regarding the Declaration of Carol Baxter attached as Exhibit "I" to the SAC do not support the allegations that the declaration was filed to "prevent a liquidation sale" and could have been litigated in the bankruptcy action but were not, they do not support the Plaintiffs' instant claim for RICO violations.

## III.

## SINCE THE PLAINTIFFS CANNOT STATE A CLAIM UNDER RICO, THERE IS NO FEDERAL QUESTION FOR THIS COURT TO MAINTAIN JURISDICTION OVER THIS MATTER.

As set forth in this Court's July 8, 2008 Order, to maintain a claim under RICO, the Plaintiffs were required to plead particular facts to show that the acts of the Defendant rose to a level sufficient to establish such a cause of action. *"See Bell Atlantic Corp. V. Twombly*, –U.S. –, 127 S.Ct. 1955, 1965, 1975 (2007) ("[F]actual allegations must be enough to raise a right to relief above the speculative level . . . . )." The Plaintiffs vague, accusatory allegations in the SAC do not rise to the requisite level.

Further, since the Plaintiffs' TILA and HOEPA claims have been dismissed by this Court with prejudice, the only federal question presented by the SAC is Plaintiffs' RICO claims.

Accordingly, since the SAC fails to present facts sufficient to maintain a RICO claim, and there are no other federal questions presented by such pleading, this court should decline to exercise supplemental jurisdiction over the instant dispute. 28 U.S.C. §1367(c)(3).

Consequently, the Court should dismiss the Second Amended Complaint with prejudice based upon lack of subject matter jurisdiction.

## IV.

## CONCLUSION

Based on the foregoing, Defendant FIRST FEDERAL BANK OF CALIFORNIA respectfully requests that the Court grant its Motion to Dismiss the Second Amended

Complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, without leave to amend, as the Complaint is fatally defective and cannot be corrected.

In the alternative, Defendant FIRST FEDERAL BANK OF CALIFORNIA requests that the Court consider the above motion as a Motion for Summary Judgment under FRCP 56 in light of the evidence submitted outside the four corners of the Complaint, and enter summary judgment in favor of Defendant.

Finally, Defendant requests any further relief which this Court deems appropriate.

DATED: August 25, 2008            HEMAR, ROUSSO & HEALD, LLP

By: /s/ Pamela L. Cox
PAMELA L. COX
Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     )
COUNTY OF LOS ANGELES)

      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, , LLP ("the business") 15910 Ventura Blvd., 12th Floor, Encino, CA 91436-2829.

      I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

      On August 27, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROL BAXTER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**DEBORAH E. JOHNSON**
**PO Box 4448**
**Carmel, CA 93921-4448**

**GERALD D. JOHNSON (Pro Se, Filing Party)**
**PO Box 4448**
**Carmel, CA 93921-4448**

      At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

__   I delivered such envelope(s) by hand to the offices of the addressees.

__   I caused such copies to be facsimiled to the persons set forth.

__   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX   (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 27, 2008, at Encino, California.

*Lisa Fields*
LISA FIELDS

15