1 | PAMELA L. COX (State Bar No. 191883)
**HEMAR, ROUSSO & HEALD, LLP**
2 | 15910 Ventura Boulevard, 12th Floor
Encino, California 91436
3 | (818) 501-3800; (818) 501-2985 (Fax)
e-mail: pcox@hemar-rousso.com
4 | Refer to File Number: 3968-20080200-PLC

5 | Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | DEBORAH E. JOHNSON and
GERALD D. JOHNSON,

12 | CASE NO. C08-00264PVT

[Ordered Related to Case No. 08-01796
PVT]

13 | Plaintiffs,

DECLARATION OF CAROL BAXTER
14 | v. | IN SUPPORT DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS'
15 | FIRST FEDERAL BANK OF | SECOND AMENDED COMPLAINT
CALIFORNIA,

16 | Hearing:
Date : October 7, 2008
17 | Time: 10:00 a.m.
Courtroom: 5

18

19 | Defendant. | Patricia V. Trumbell, Magistrate

20

21 | I, CAROL A. BAXTER, hereby declare as follows:

22 | 1.    I am employed by First Federal Bank of California (hereinafter,

23 | "Movant" or "Defendant") as its Senior Vice President, Loan Service Department. I am a

24 | custodian of the books, records and files of Movant, as those records pertain to loans or

25 | extensions of credit by Movant to Deborah Elizabeth Johnson (hereinafter,

26 | "Respondent"). I have personally worked on said records, and as to the facts contained

27 | herein, I know them to be true of my own personal knowledge or I have gained

28 | knowledge of them from the records of Movant which are prepared and maintained in the

1 ordinary course of its business, at or near the time of the acts or occurrences depicted or

2 represented by such records.   If called upon as a witness, I could and would competently

3 testify to the facts contained herein, as I have personal knowledge thereof.

4      2.    The records of Respondent are made in the ordinary course of Movant's

5 business by persons with a business duty to Movant to make such records.  The records

6 were made at or near the time of the occurrence of the event which they purport to

7 memorialize.

8      3.    Movant's records are kept on a computer system and organized by

9 account number, including records of all contacts made by entities or individuals involved

10 in a particular loan transaction.  Similarly, a record of all payments received by Movant

11 are processed into Movant's computer system indicating the date on which the payment

12 was received, its application to an outstanding loan, the balance remaining due and owing

13 after application of such proceeds, and whether a late charge is applicable based upon the

14 date the payment was made.

15      4.    Movant's books and records for Respondent's accounts herein were kept

16 in the manner described above.

17      5.    In connection with my review of the subject account, I have reviewed

18 and am familiar with the records related to certain real property commonly known as 2nd

19 Avenue 2NE of Dolores Street, Carmel, California  93921 (hereinafter, "Property").

20      6.    Based upon my review of the records of Respondent, I am informed and

21 believe that the Property was non-judicially foreclosed upon by the bank.  I am further

22 informed and believe that the bank used a service known as T.D. Service Company to

23 foreclose upon the Property.  I have used this service countless times in connection with

24 non-judicial foreclosures of real property, am thoroughly familiar with the process and

25 documents, and if called upon to testify as to such process and documents, I could and

26 would competently testify to the matters contained herein below.

27      7.    On May 5, 2005, Respondent made, executed and delivered to Movant a

28 promissory note (hereinafter, "Note") in the face amount of $840,000.00.   I am informed

1 | and believe that the Court has already taken judicial notice of the Note.

2 |      8.    Concurrently with the Note, and to secure payment of the principal sum

3 | and interest provided in the Note, Respondent executed and delivered to Movant, as

4 | beneficiary, a certain Deed of Trust with Assignment of Rents dated May 5, 2005

5 | (hereinafter "Deed of Trust"). The Deed of Trust was recorded on May 16, 2005 as

6 | Instrument No. 2005-048551, Official Records of Monterey County, California. I am

7 | informed and believe that the Court has already taken Judicial Notice of the Deed of

8 | Trust.

9 |      9.    The Note provided at paragraph 3(b) that the initial monthly payments

10 | were $3,168.20; however, "[t]his amount may change." The Note further provided at

11 | paragraph 8(a) that the Respondent would be subject to a late charge on any overdue

12 | monthly payment in the amount of "six percent of [the] overdue payment."

13 |      10.    The Note provided at paragraph 3(c) that failure to make a monthly

14 | payment when due would constitute a default.

15 |      11.    The Deed of Trust provided at paragraph (4) that Respondent was to

16 | keep the property fully insured at all times. The Deed of Trust further provided that if the

17 | property was not insured by Respondent, the Bank could obtain insurance for the

18 | property; however, if the Bank did so, Respondent agreed to "reimburse all sums

19 | advanced together with interest thereon at the rate of interest due according to the Note,

20 | with such reimbursement all due and payable with the next scheduled monthly payment

21 | due on the Note."

22 |      12.    The Deed of Trust provided at paragraph 12 that "any sums advanced by

23 | Lender under [the] Deed of Trust . . . will bear interest from the date advanced at the same

24 | rate as the debt secured by the Deed of Trust."

25 |      13.    I have reviewed the statements and notices dated April 23, 2007, May 21,

26 | 2007, May 23, 2007, May 18, 2007 and June 18, 2007, attached as Exhibit "H' to the

27 | Second Amended Complaint.

28 |      14.    The April 23, 2007 statement represents a payment due of $3,405.82 (the

3

1  monthly payment due at that time), plus a late charge of $204.34 and fees advanced plus
2  interest thereon of $320.73.

3      15.    The May 21, 2007 statement represents a payment due of $3,405.82, plus
4  a late charge of $204.34, fees advanced plus interest thereon of $434.83, and a premium
5  for forced ordered insurance of $9,058.44.  This insurance was obtained by the Bank
6  because Respondent failed to obtain homeowner's insurance for the property.  Attached
7  hereto as Exhibit "1" and incorporated herein by reference are true and correct copies of
8  the notices to Respondent regarding this forced ordered insurance.  This $9,058.44
9  amount was eventually credited to the Respondent's account, as reflected in the letter
10  dated May 14, 2007 to Respondent.  The reimbursement is further reflected on the May
11  18, 2007 statement attached as Exhibit "H" to the SAC (showing a Fee Receivable
12  Balance of $9,221.84) and the June 18, 2007 statement attached as Exhibit "H" to the
13  SAC (showing a Fee Receivable Balance of $144.20).

14      16.    The letter dated May 23, 2007 was sent to Respondent as a result of a
15  bounced check received from Respondent.  The letter is requesting two payments of
16  $3,405.82, plus two late charges of $204.34, plus the insurance premium of $9,058.44,
17  plus a return check fee of $20.00, fees advanced and interest thereon of $193.90.

18      17.    The May 18, 2007 statement was sent prior to the May 23, 2007 letter
19  regarding the May 23, 2007 bounced check by the Respondent and represents the May
20  payment due of $3,450.82, plus a late charge of $204.34, plus the $9,058.44 insurance
21  premium, plus $40.94 of fees advanced and interest thereon.

22      18.    The June 18, 2007 statement represents the April, 2007 through June
23  2007 payments due at $3,405.82 each, late charges for each payment of $204.34 and
24  $135.20 in fees advanced plus interest thereon.  The insurance premium is no longer
25  included in the amount due from Respondent.

26      19.    By the time Movant filed its Motion for Relief from Automatic Stay in
27  Respondent's bankruptcy action, Movant had also been forced to advance property taxes
28  for the Respondent, which were added to the arrearages due on the loan, and included in

4

1 | my Declaration in Support of Motion for Relief from the Automatic Stay attached to the
2 | SAC as Exhibit "I."
3 |     20.     Movant has had legal title to the subject property since February 8, 2008.
4 |     21.     After prevailing at the unlawful detainer trial against Mr. and Mrs.
5 | Johnson, the lock-out was scheduled for July 7, 2008. Upon re-keying the property, it was
6 | discovered that the Johnsons left virtually all of their personal possessions at the
7 | residence.
8 |
9 |     I declare under penalty of perjury under the laws of the United States of
10 | America that the foregoing is true and correct.
11 |     Executed on August 27, 2008, at Los Angeles California.
12 |
13 |                           CAROL A. BAXTER
14 |                              Declarant
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# EXHIBIT 1



**FIRST FEDERAL BANK** OF CALIFORNIA®

401 WILSHIRE BLVD.   SANTA MONICA, CA 90401   (310) 319-6000

February 26, 2007

DEBORAH E JOHNSON
PO BOX 4448
CARMEL, CA 93921

RE:  Hazard Insurance
First Federal Loan Number:  0049792970
Policy Number:  MP7001707
Property Address:  2ND AVE 2NE OF DOLORES STREET*
CARMEL, CA 93921

Dear Client(s):

Our previous notices sent to you regarding hazard insurance have not resulted in us receiving evidence of insurance for the property(ies) referenced above. Therefore, in accordance with the terms of your Deed of Trust, we have placed coverage that protects First Federal Bank's interest. This coverage will be canceled at the time the loan is paid off or will expire one year from its inception, whichever is earlier.

The enclosed Certificate of Insurance, in the coverage amount of $ 873,061.00, insures only the Bank's interest in the property. The premium amount of $9,058.44, which includes the insurers administrative fees of $50.00 and a Bank $25.00 fee for advancing funds has been billed to your loan and you are responsible for payment with your next due payment.

Please be advised that this is not a standard policy. The insurance obtained only provides dwelling protection against loss to the property from perils limited to fire, explosion, vandalism and riot subject to the terms, conditions and exclusions set forth in the master hazard insurance policy ("master policy"). This coverage may not satisfy all of your insurance needs. The coverage obtained by the Bank does not include Liability, Flood or Earthquake coverage. In the event of a loss, the limits provided above may not be adequate to restore your property. In the event of loss, this policy shall be subject to a deductible as defined in the Policy Declaration of the lender's master policy. If more than one dwelling is insured and is damaged by the same occurrence, the deductible shall apply separately to each dwelling.

This Notice of Insurance is for informational purposes only. It neither amends, extends nor alters the coverage afforded by the master policy that it describes. All terms and amounts stated herein are subject to confirmation by Proctor Financial, Inc. *This insurance represents coverage afforded to First Federal Bank of California, under a lender placed blanket policy. This coverage is neither transferable nor assignable and is not sufficient coverage for the purpose of refinance.*

If at any time during the term of this policy you obtain coverage on your own you may be entitled to a refund of any unearned premium that you have paid. Please have a copy of the policy sent to:

First Federal Bank of California
P.O. Box 2130
Santa Monica, CA 90407

Please be sure that your insurance company or agent lists First Federal Bank of California, Its Successors and/or Assigns at the above address as the first mortgagee and that your loan number appears on the policy. Should you have any questions or need assistance, please call 800-637-5540, Monday through Friday between the hours of 8:30 a.m. to 4:00 p.m. and speak with one of our representatives.

Sincerely,

Insurance Services
Loan Service Department

Bind

## LENDER PLACED INSURANCE
### EVIDENCE OF FIRE INSURANCE

MASTER POLICY NO.   MP7001707

NAMED INSURED:      First Federal Bank of Calif.

ADDRESS:            12555 West Jefferson Avenue
                    Los Angeles, CA  90066-7036

LOAN NUMBER:        0049792970

LOCATION OF
PROPERTY INSURED:   2ND AVE 2NE OF DOLORES STREET*
                    CARMEL, CA 93921

INSURED AMOUNT:     $ 873,061.00

EFFECTIVE DATE:     FROM: 12/12/2006    TO: 12/12/2007
                    OR UNTIL CANCELLED

ANNUAL PREMIUM:     $9,058.44
                    (Including applicable taxes and fees)

Your Lending Institution (hereinafter called "the Named Insured") has procured insurance under the above referenced Master Policy. This Master Policy has been issued by "Certain" Underwriters at Lloyd's of London, England (hereinafter called Underwriters) in respect of coverage and limits as required by the Named Insured (hereinafter called "Required Perils") as agreed and fully detailed within the terms and conditions of your Loan Agreement.

This document is issued to notify you that the Named Insured has included your property under the above-mentioned Master Policy for Required Perils. The insurance provided is in accordance with the terms, limitations, conditions and exclusions contained in the Master Policy and any attachments thereto, held on file at the offices of the Named Insured. The Original Master Policy may be inspected at the offices of the Named Insured, situated at the above address.

In the event of a claim or any circumstances giving rise to the possibility of a claim the Named Insured must IMMEDIATELY notify the person(s) named within the Master Policy.

**THIS DOCUMENT IS ISSUED AS EVIDENCE OF INSURANCE ONLY IT DOES NOT CONSTITUTE A LEGAL CONTRACT OF INSURANCE**

Bind



**FIRST FEDERAL BANK** OF CALIFORNIA®

401 WILSHIRE BLVD,    SANTA MONICA, CA 90401    (310) 319-6000

May 14, 2007

DEBORAH E JOHNSON
PO BOX 4448
CARMEL, CA  93921

RE:    Hazard Insurance Notice
       Loan Number:
       Policy Number:
       Property Address:

0049792970
MP7001935
2ND AVE 2NE OF DOLORES STREET*
Carmel By The Sea, CA  93921

Dear Client(s):

Thank you for responding to our request for your insurance information.  We have received the copy of your policy and have updated our records to reflect your current hazard insurance policy.  The coverage the Bank obtained has been canceled at no cost to you.

We appreciate your cooperation and want to thank you for taking the time to ensure that hazard insurance coverage is in place.  Should you have any questions or need assistance, please call 800-637-5540, Monday through Friday between the hours of 8:30 a.m. to 4:00 p.m. and speak with one of our representatives.

Sincerely,

Insurance Services
Loan Service Department

Cancel

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA    )
                               )
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, , LLP ("the business") 15910 Ventura Blvd., 12th Floor, Encino, CA 91436-2829.

      I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

      On August 27, 2008, I served the foregoing document described as **DECLARATION OF CAROL BAXTER IN SUPPORT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**DEBORAH E. JOHNSON**
**PO Box 4448**
**Carmel, CA 93921-4448**

**GERALD D. JOHNSON (Pro Se, Filing Party)**
**PO Box 4448**
**Carmel, CA 93921-4448**

      At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

__      I delivered such envelope(s) by hand to the offices of the addressees.

__      I caused such copies to be facsimiled to the persons set forth.

__      (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>XX</u>      (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on August 27, 2008, at Encino, California.

*Lisa Fields*
LISA FIELDS