PAMELA L. COX (State Bar No. 191883)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
(818) 501-3800; (818) 501-2985 (Fax)
e-mail: pcox@hemar-rousso.com
Refer to File Number: 3968-20080200-PLC

Attorneys for Defendant
FIRST FEDERAL BANK OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH E. JOHNSON and GERALD D. JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>Defendant. | CASE NO. C08-00264PVT<br><br>[Ordered Related to Case No. 08-01796PVT]<br><br>DEFENDANT'S REVISED CASE MANAGEMENT STATEMENT<br><br>Patricia V. Trumbell, Magistrate<br><br>Date:      September 9, 2008<br>Time:      2:00 p.m.<br>Courtroom: 5 |

**TO THE HONORABLE PATRICIA V. TRUMBELL, MAGISTRATE:**

Defendant FIRST FEDERAL BANK OF CALIFORNIA ("Defendant") submits this Case Management Statement to the Court.

1.  <u>Jurisdiction and Service</u>: The court's jurisdiction over this case is currently the subject of Defendant's Motion to Dismiss the Second Amended Complaint, set for hearing on October 7, 2008. Plaintiffs contend that this court has jurisdiction over this case since it involves federal questions, specifically, issues under the RICO Act. Defendant contends that the court lacks subject matter jurisdiction over Plaintiff Gerald Johnson, since he was not a party to the loan transaction at issue and that since the RICO

1

1 claims are fatally deficient, there is no longer any federal question involved in this
2 dispute. Only one Defendant was named, and has been served.
3 2.     Facts: Plaintiffs contend that they did not receive proper TILA and HOEPA
4 disclosures, that the loan at issue was induced by fraud, and that the property at issue was
5 wrongfully foreclosed upon. Defendant contends that all of the requisite disclosures were
6 duly provided, that any misrepresentations involved in the loan were made by Plaintiff
7 Gerald Johnson and his mortgage broker, and that the property was properly foreclosed
8 upon after Plaintiff Deborah Johnson defaulted by failing to make the loan payments.
9 Defendant further claims that there were no misrepresentations made in connection with
10 the figures provided to Plaintiff Deborah Johnson to bring the loan current in April
11 through June of 2007, and that the figures provided to the United States Bankruptcy Court
12 were true and accurate
13 3.     Legal Issues: The principal legal issue in dispute at this time is whether Plaintiffs
14 have a fraud claim against the Defendant in connection with the figures provided by
15 Deborah Johnson to bring the loan current in the Spring of 2007.
16 4.     Motions: Defendant filed a third Motion to Dismiss, which is scheduled for
17 hearing on October 7, 2008.
18 5.     Amendment of Pleadings: If Defendant's motion to dismiss the second amended
19 complaint is not successful, it plans to bring a cross-complaint against one or both of the
20 Plaintiffs. The motion to dismiss is set for hearing on October 7, 2008. If ruled upon on
21 or about this same date, and the action remains viable, Defendant will file its answer and
22 cross-complaint by the end of October, 2008.
23 6.     Evidence Preservation: From Defendant's perspective, evidence preservation is
24 not an issue in this matter. Further, Defendant assumes Plaintiffs will take steps to
25 preserve any pertinent documents and/or other tangible evidence.
26 7.     Disclosures: The parties have disclosed most of the relevant documents through
27 the three motions to dismiss filed by Defendant, and opposed by Plaintiff. The parties
28 met and conferred by telephone regarding the issues in this action and agree that further

meet and confer efforts should be undertaken after the Motion to Dismiss Second Amended Complaint set for October 7, 2008 is ruled upon.

8. <u>Discovery</u>: If Defendant's Motion to Dismiss Second Amended Complaint set for hearing on October 7, 2008 is not successful, the parties intend to propound written discovery upon each other. Written discovery is expected to be completed by the end of January, 2009. In addition, the parties intend to conduct depositions of the Plaintiffs and key witnesses in February and March, 2009. At the present time, the parties do not anticipate that any limitations or modifications of the discovery rules will be necessary. However, the parties agree that a discovery plan is difficult to formulate at this time because the case is not at issue.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: The action pending as *Gerald Johnson and Deborah Johnson v. First Federal Bank of California*, Case Number 08-01796 PVT, has been ordered related and consolidated to the case at bar.

11. <u>Relief</u>: To date, Plaintiffs have not formulated their alleged damages.

12. <u>Settlement and ADR</u>: The parties discussed ADR and agreed that because Defendant's motion to dismiss the second amended complaint is still pending, and will not be heard, ADR is premature at this point in time. The parties requested an ADR telephone conference to discuss this issue with the court.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties do and have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: At this time, the parties do not believe binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation are appropriate.

15. <u>Narrowing of Issues</u>: Not applicable at this time.

16. <u>Expedited Schedule</u>: Not applicable at this time.

17. <u>Scheduling</u>: Since the case is not yet at issue, the parties request a continuance of the Case Management Conference, at which point the parties will be better equipped to

1  discuss proposed dates for the designation of experts, discovery cutoff, dispositive
2  motions, pre-trial conference and trial.
3  18.    <u>Trial</u>: Plaintiffs demand a jury trial.
4  19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties have not filed
5  the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.
6  20.    The parties request that the Case Management Conference be continued until
7  after Defendant's Motion to Dismiss Second Amended Complaint is heard and ruled upon
8  by the Court.

10 DATED: August 29, 2008        HEMAR, ROUSSO & HEALD, LLP

12                                By: _____*Pamela L Cox*_____
                                       PAMELA L. COX
13                                     Attorneys for Defendant
                                       FIRST FEDERAL BANK OF
14                                     CALIFORNIA

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On September 2, 2008, I served the foregoing document described as **DEFENDANT'S REVISED CASE MANAGEMENT STATEMENT** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

DEBORAH E. JOHNSON
PO Box 4448
Carmel, CA 93921-4448

GERALD D. JOHNSON
PO Box 4448
Carmel, CA 93921-4448

XX   At my business address, I placed such envelope for deposit with the __Federal Express or XX U.S. Postal Office  by placing them for collection and mailing on that date following ordinary business practices.

___ I delivered such envelope(s) by hand to the offices of the addressees.

___ I caused such copies to be facsimiled to the persons set forth.

___(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX   (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 2, 2008 at Encino, California.

*Lisa Fields*
LISA FIELDS

5