1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

DEBORAH E. JOHNSON AND GERALD )
D. JOHNSON,                      )
                                 )
                Plaintiffs,      )
      v.                         )
                                 )
FIRST FEDERAL BANK OF            )
CALIFORNIA,                      )
                                 )
                Defendant.       )
_____)

Case No.: C 08-0264 PVT

[and related case C 08-01796 PVT]

**ORDER GRANTING DEFENDANT
FIRST FEDERAL BANK'S MOTION
TO DISMISS THE SECOND
AMENDED COMPLAINT**

**[Docket No. 40]**

18

19

20

21

22

23

24

25

## INTRODUCTION

Following dismissal of the first amended complaint with leave to amend only their fraud and RICO claims, plaintiffs Deborah E. Johnson and Gerald D. Johnson proceeding *pro se* timely filed their second amended complaint. (collectively "plaintiffs"). Defendant First Federal Bank of California ("Bank") moves to dismiss the second amended complaint for failure to state a claim. Following an order to show cause why plaintiffs had not filed an opposition to the motion to dismiss, plaintiffs filed their opposition on October 31, 2008.[1] Order to Show Cause dated October 2, 2008. ("OSC"). On November 18, 2008, the parties appeared for hearing. Having reviewed the

26

27

28

---

[1]      Originally, defendant Bank noticed the hearing on its motion to dismiss for October 7, 2008. Pursuant to Civ. L.R. 7-3, plaintiffs' opposition was due no later than September 16, 2008. An order to show cause why plaintiffs had not filed an opposition to the motion to dismiss was scheduled for hearing on November 18, 2008. Two weeks prior to the hearing, plaintiffs inexplicably filed their opposition. Despite plaintiffs' untimely filing of their opposition to the motion to dismiss the second amended complaint, the court has considered their opposition.

papers and considered the arguments of plaintiffs and counsel for defendant Bank and for the reasons set forth below, defendant Bank's motion to dismiss the second amended complaint is granted.[2]  Plaintiffs' claims are dismissed with prejudice.

## BACKGROUND

Plaintiffs Deborah E. Johnson and Gerald D. Johnson are married and have resided at 2nd Avenue 2NE of Dolores Street in Carmel By the Sea since 1995. ("residence").  Plaintiffs estimate the residence has a current market value of $1.35-1.4 million.

In or around February 27, 2005, existing liens on the residence totaled $776,000 which caused plaintiff Deborah E. Johnson and her mortgage broker, J. Michael Galloway of Pacific Mortgage Consultants, Inc., to undertake efforts to obtain a loan on the residence.  Mr. Galloway submitted two loan applications identifying plaintiff Deborah E. Johnson as the sole borrower and a letter verifying her employment at The Care Financial Group to defendant Bank.  In the second loan application, plaintiff Deborah E. Johnson listed her monthly income as $27,500.  As attorney to plaintiff Deborah E. Johnson, plaintiff Gerald D. Johnson executed the second Uniform Residential Loan Application on her behalf.[3]  Based on the two loan applications and various accompanying documents, defendant Bank approved the loan and provided a notice of right to cancel to plaintiff Deborah E. Johnson alone which was valid until midnight of the third business day following the close of escrow.  Escrow closed on May 5, 2005.

Prior to the close of escrow however, both plaintiffs were named as borrowers on the preliminary loan papers.  Because of unsecured debt totaling $109,552, plaintiff Gerald D. Johnson alleges that his name was removed from the loan papers at the close of escrow to facilitate final approval of the loan.  Notwithstanding removal of his name however, plaintiff Gerald D. Johnson alleges that his annual income of $155,000 was included on the loan papers.  Indeed, plaintiffs now allege that plaintiff Deborah E. Johnson had no income whatsoever from January through June 2005.

---

[2]      The holding of this court is limited to the facts and particular circumstances underlying the present motion.

[3]      Based on a power of attorney executed by Deborah E. Johnson on April 20, 2005, plaintiff Gerald D. Johnson was appointed as her attorney in fact and was authorized to act on her behalf with respect to the residence. He was not listed as a co-borrower on either of the two loan applications submitted to the bank.

1   Plaintiff Gerald D. Johnson also executed a quitclaim to the residence at the close of escrow to

2   further facilitate final approval of the loan.

3          Plaintiff Gerald D. Johnson executed the final loan documents on behalf of his wife at the

4   close of escrow.  Later that same day, plaintiff Gerald D. Johnson forwarded to defendant Bank a

5   notice of the right to cancel on behalf of his wife in his capacity as her counsel.  Specifically, he

6   stated that "[a]fter our complete review of the loan conditions, we are sorry to say that the loan

7   conditions fail to meet the present financial need for my daughter's education, we will continue to

8   review other options."  On May 8, 2008, plaintiff Gerald D. Johnson (again) on behalf of his wife

9   rescinded the notice of right to cancel.  He stated that "[w]e have decided to proceed with the closing

10  of the loan and escrow on the previous terms."  In the second amended complaint, plaintiffs allege

11  that the defendant and an agent convinced them to proceed with the loan because removal of Gerald

12  D. Johnson's name was necessary to facilitate the loan and was a "common business practice."

13  Thereafter, defendant Bank funded the loan on the residence and subsequently remitted payment

14  totaling $16,800 to the mortgage broker, Mr. Galloway.

15         The loan for an amount totaling $840,000 apparently included onerous lending terms such as

16  a high pre-payment penalty and high monthly payments (apparently without any payment toward the

17  principal).  Plaintiffs believed that the interest rate for the mortgage would remain fixed at 5.7

18  percent for three years. Based on the actual loan and other accompanying documents, plaintiffs

19  allege that defendant Bank engaged in predatory lending practices knowing that plaintiffs could

20  never meet their obligations under the loan.  Beginning in or around May 23, 2007, plaintiff

21  Deborah E. Johnson failed to remit any further monthly payments on the loan.[4]

22         On July 11, 2007, defendant Bank sought to exercise its power of sale and recorded a notice

23  of default and election to sell under deed of trust.  ("NOD").  On October 16, 2007, a notice of

24  trustee's sale scheduled for November 8, 2007 was posted at the residence, mailed to plaintiffs and

25  published in the local newspaper.

26  _____

27         [4]      In plaintiffs' opposition, they refer to irregularities related to insurance coverage on the
    residence and overcharges thereon.  First, such irregularities were not alleged in the second amended
28  complaint.  Second, based on the documentation accompanying plaintiffs' opposition, the alleged
    overcharges were removed by the bank after proof of insurance on the residence was later shown.
    Opposition to Motion to Dismiss Plaintiffs' Second Amended Complaint, Exhibit D, page 7.

On November 7, 2007, plaintiff Deborah Johnson filed an individual chapter 13 bankruptcy petition.  In the various schedules accompanying her petition, the residence was identified as an asset of her estate and the loan from the bank was identified as her liability.  Gerald Johnson was not identified as a co-debtor on the loan whatsoever.  As a result of the bankruptcy filing, the trustee's sale was postponed until February 8, 2008.  On January 11, 2008, Deborah Johnson sought to convert her chapter 13 case to a chapter 7 case.  On January 16, 2008, defendant Bank filed a motion for relief from the automatic stay to allow the bank to proceed with foreclosure of the residence.  The bankruptcy case was later dismissed for failure of Deborah Johnson to provide proper documentation of her current monthly income.

On November 16, 2007, plaintiff Gerald D. Johnson filed a chapter 7 bankruptcy petition.  His bankruptcy case was later dismissed for failure to file any of the proper schedules.

On February 8, 2008, defendant Bank proceeded with the non-judicial foreclosure.  The trustee's deed upon sale was completed and recorded on February 12, 2008.

As of the petition date, the unpaid balance on the loan totaled $962,311.64.  A second mortgage on the residence held by National City totals $176,407.64.  Defendant Bank estimates that encumbrances on the residence exceed its current market value of $1,050,000.

On January 15, 2008, plaintiffs filed a complaint alleging predatory lending violations, including violations of the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.*, as amended by the Home Ownership and Equity Protection Act.  On March 10, 2008, defendant's motion to dismiss was granted with leave to amend.  On April 1, 2008, plaintiffs filed their first amended complaint.

On April 17, 2008, defendant Bank moved to dismiss the first amended complaint.  On July 8, 2008, defendant's motion to dismiss was granted with leave to amend only the fraud and RICO claims.  In sum, the court found that plaintiff Gerald Johnson did not have standing to assert violations of the Truth in Lending Act and rescission and that plaintiff Deborah Johnson's claims related to violations of the Truth in Lending Act were time-barred.  On August 7, 2008, plaintiffs filed their second amended complaint.

On August 25, 2008, defendant Bank moved to dismiss the second amended complaint.  Plaintiffs failed to timely file an opposition to the motion and the court issued an order to show cause

why no opposition had been filed.  Approximately two weeks before the show cause hearing,

plaintiffs filed their opposition to the motion on October 31, 2008 and failed to provide any

explanation for their delayed filing.

**LEGAL STANDARD**

As previously set forth in orders dated March 10, 2008 and July 8, 2008, the following

standards apply in a motion to dismiss.  A complaint may be dismissed for failure to state a claim

upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The dismissal may be based on either

the

 lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory.

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990) and *Robertson v. Dean Witter*

*Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984).  For purposes of evaluating a motion to

dismiss, the allegations in a complaint are taken as true and construed in the light most favorable to

the nonmoving party.  *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.

1995).  "A complaint should not be dismissed unless a plaintiff could prove no set of facts in support

of his claim that would entitle him to relief."  *Id.*  Generally, a motion to dismiss for failure to state a

claim is viewed with disfavor and rarely granted.  *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246,

249 (9th Cir. 1997).

However, mere conclusions couched in factual allegations are not sufficient to state a cause

of action.  *Papasan v. Allain,* 478 U.S. 265, 286 (1986).  *See also, McGlinchy v. Shell Chem Co.,*

845 F.2d 802, 810 (9th Cir, 1988).  The complaint must aver "[f]actual allegations [] enough to raise

a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly,* 500 U.S. -, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "[L]eave [to

amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Additionally, a

federal court may liberally construe the "inartful pleading" of parties appearing *pro se.  Hughes v.*

*Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980).

**DISCUSSION**

**I.    Fraud Claims**

Under California law, the elements of fraud are (1) misrepresentation (false representation,

concealment or nondisclosure); (2) knowledge of falsity ("scienter"); (3) intent to defraud, i.e., to

1   induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Barrier Specialty Roofing &*

2   *Coatings, Inc.,* 2008 WL 1994947 (E.D. Cal.).  Under Rule 9(b), a party alleging fraud must state

3   with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).  "Malice,

4   intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

5          In the second amended complaint, plaintiffs generally allege that defendant "committed at

6   least 4 related acts of fraud with misrepresentations, misstatements and omissions in creating and

7   funding a fraudulent contract and foreclosure transfer."  Plaintiffs allege that defendant "used bank

8   funds in a scheme to defraud plaintiffs and a financial institution for money and property on two

9   counts, funding the loan at inception and in the foreclosure process and transfer [and] [d]efendant's

10  actions have occurred over a 30 month period and resulted in the taking of money, real and personal

11  property by fraud."

12         More specifically, plaintiffs allege that at the close of escrow Gerald D. Johnson sought to

13  rescind the loan "but [was] called by Defendant and agent working on behalf of the Defendant, PMC

14  Mortgage, and convinced that the removal of Gerald D. Johnson, was necessary to receive a

15  'favorable loan with his credit score' and [was] a 'common business practice.'" Plaintiffs also allege

16  that "[p]laintiffs in reasonable reliance on the Defendant's statement, cancelled the rescission."

17         In or about and between April 23, 2007 through June 18, 2007, plaintiffs further allege that

18  they made repeated efforts to confirm with the bank the outstanding balance due on the loan.

19  Defendant represented to plaintiffs that payments in the following amounts were due: (1) $3,930.89;

20  (2) $16,237.82; (3) $13,102.77; (4) $16,472.66; and (5) $14,635.94.  Plaintiffs allege that defendant

21  Bank repeatedly misrepresented to them the outstanding balance due on the loan which hampered any

22  efforts to refinance the loan and caused them to list the residence for sale in July 2007.  Additionally,

23  plaintiffs allege that defendant Bank misrepresented the outstanding balance due on the loan in

24  various filings made in the bankruptcy court.  These misrepresentations enabled the bank to later

25  foreclose on their residence.

26         Plaintiffs further allege that documents related to the foreclosure and handled by T.D. Service

27  Company were fraudulent and invalid because some of the documents  referenced Deborah Johnson

28  as the only trustor and other documents referenced both plaintiffs.  Finally, plaintiffs allege that

1    another company working with the defendant and involved in the eviction process charged additional

2    storage fees in violation of an eviction order.

3         First, the facts surrounding rescission of the loan fail to state a claim for fraud.  Even

4    assuming that an agent or the defendant called Gerald D. Johnson and informed him that removal of

5    his name was necessary to facilitate the loan, the statement has not been shown to be false.  Indeed,

6    following removal of Gerald D. Johnson's name, the loan was funded.  *See, e.g., Barrier Specialty*

7    *Roofing & Coatings, Inc. v. ICI Paints North America, Inc.,* 2008 WL 1994947 (E.D. Cal.) ("The

8    statement in question must be false to be fraudulent.").  After the final loan papers were signed at the

9    close of escrow, plaintiffs alleged in the second amended complaint that they represented to

10   defendant that they sought to rescind the loan because it would not meet their needs to finance their

11   daughter's education.  Thereafter, plaintiffs voided the rescission.  As such, based on plaintiffs' own

12   allegations, they did not rely on defendant's representations.  Therefore, the first and fourth elements

13   to establish a claim for fraud have not been met.

14        Second, plaintiffs allege that the varying amounts allegedly owed and represented to them as

15   being owed between April 23, 2007 through June 18, 2007 were fraudulent.  However, plaintiffs have

16   not alleged sufficient facts to show that the amounts represented by defendant Bank were false or

17   otherwise fraudulent, just that they varied over an approximate two month period and that late fees

18   totaled more than $50,000 (compared to more than $29,000 in principal payments due).  That the

19   alleged amounts varied over an approximate two month period and that the late fees attendant to the

20   monthly fees were exorbitant does not constitute sufficient facts to show that the amounts owed by

21   plaintiffs were misrepresented to them.  Therefore, the first element of a claim for fraud has not been

22   met here.

23        Third, plaintiffs fail to allege sufficient facts related to the mortgage documents to establish a

24   claim for fraud.  At least two documents "handled" by T.D. Service Company and related to

25   foreclosure of the residence referenced the outstanding loan as "49792970/Johnson."  A third

26   document (Notice of Trustee's Sale) and a fourth document (Trustee's Deed Upon Sale) referenced

27   the loan as "49792970/Johnson/Johnson" which plaintiffs allege reflect the recording of a false

28   document in violation of California law.  Plaintiffs allege that the subsequent reference to two

1  Johnsons evidences a false mortgage application submitted on February 27, 2008.  A reference in

2  certain documents to two Johnsons (versus one Johnson) fails to state with particularity the

3  circumstances constituting fraud.  Moreover, the mortgage application was submitted by plaintiffs

4  themselves.

5         Plaintiffs further fail to allege the relationship between defendant Bank and T.D. Service

6  Company (not a named defendant in the above-captioned action).  Additionally, plaintiffs'

7  speculation that discovery will yield further evidence of fraud is insufficient.  *See Bell Atlantic Corp.*

8  *v. Twombly,* - U.S. -, 127 S.Ct. 1955, 1965, 1975 (2007).  ("[f]actual allegations must be enough to

9  raise a right of relief above the speculative level . .  on the assumption that all the allegations in the

10 complaint are true (even if doubtful in fact.").

11        Fourth, plaintiffs fail to state facts sufficient to state a claim for fraud relating to additional

12 storage fees in violation of an eviction order.  Plaintiffs provide only conclusory allegations that the

13 alleged overcharges constitute fraud.  As stated above, Rule 9(b) requires a party to plead the facts

14 with particularity.  Accordingly, all of the fraud claims set forth above are dismissed with prejudice.

15 **III.    RICO Claims**

16        Plaintiffs have also alleged a RICO claim.  18 U.S.C. § 1964(c) provides a private cause of

17 action for RICO violations.  *Virden v. Graphics One,* 623 F.Supp.1417, 1421 (C.D. Cal. 1986).  To

18 allege a RICO claim, plaintiff must establish the following: (1) defendant participated in conduct: (2)

19 of an enterprise; (3) through a pattern; (4) of racketeering activity.  *Id.* at 1430 (*citing Sedima,*

20 *S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. 479, 105 S.Ct. 3275 (1985)).  "[A] pattern of racketeering

21 activity 'requires at least two acts of racketeering activity.'" *Sedima, S.P.R.L. v. Imrex Company,*

22 *Inc.,* 473 U.S. at 496, fn. 14.

23        In the second amended complaint, plaintiffs allege that defendant Bank "utilized bank funds

24 in funding a loan to the plaintiffs that the plaintiffs did not qualify for [and that] Defendant did this

25 with the intent to take the property through foreclosure."  Plaintiffs further allege that the fraudulent

26 property transfer was completed utilizing bank funds in the foreclosure process and purchase."

27 Plaintiffs also allege that defendant made material misstatements and misrepresentations to plaintiff

28 and the court about the actual amount owed on the loan.

1    As an initial matter, plaintiffs have not alleged sufficient facts to establish a pattern of

2   racketeering activity.  Presumably, the alleged acts of fraud constitute the "pattern" of racketeering

3   activity.  However, allegations that defendant may have funded a loan for which plaintiffs were

4   unqualified, that defendant made misrepresentations about the amounts due on the loan and that the

5   defendant later foreclosed on the property do not establish the pattern required to allege a RICO

6   claim.  Leave to amend would not cure defects in the facts that are necessary to assert such a claim.

7   Accordingly, defendant Bank's motion to dismiss this claim is granted with prejudice.

8                                   **CONCLUSION**

9    For the foregoing reasons, defendant Bank's motion is granted.  Plaintiffs' fraud and RICO

10  claims are dismissed with prejudice.  Judgment shall be entered in favor of the defendant.  The case

11  management conference scheduled on December 2, 2008 is vacated.  The clerk shall close the above-

12  captioned and consolidated case numbers.

13    IT IS SO ORDERED.

14  Dated: *November 26, 2008*

15

16    _____
      PATRICIA V. TRUMBULL
17    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

1  Copies of this order were mailed to the following:

2  Deborah E. Johnson
   Gerald D. Johnson
3  PO Box 4448
   Carmel, CA 93921

4

5                                          _____EHP_____
                                           Chambers of U.S. Magistrate Judge
6                                                 Patricia V. Trumbull

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28